USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/7/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM I. KOCH, an individual,

Plaintiff,

v.

ERIC GREENBERG, an individual, ZACHYS WINE & LIQUOR STORE, INC. a New York corporation, and ZACHYS WINE AUCTIONS, INC., a New York corporation,

Defendants.

Case No. 07 CIV 9600 (BSJ) (DCF)

# CONFIDENTIALITY AND PROTECTIVE ORDER

The parties to this action, by and through their respective counsel, hereby stipulate to and request the Court to enter the following Confidentiality and Protective Order:

1. **Purpose of this Order.** The parties wish to provide a means for limiting access to, and disclosure of, all confidential information that is produced in this action.

2. Definition of "Confidential Information" and "Confidential-Attorneys' Eyes Only Information." ~~**[DEFENDANTS' PROPOSED] Definition of "Confidential Information" and "Confidential – Attorneys' Eyes Only Information."**~~ "Confidential Information" is defined as follows: trade secrets; proprietary, non-public, and competitively sensitive business information, such as customer lists and contracts; non-public financial information (whether personal or corporate); and personal identifying information. ~~(i) confidential research and development or commercial information; (ii) competitively sensitive information; or (iii) confidential and private personal, business or financial information.~~

"Confidential – Attorneys' Eyes Only Information" is defined as follows: highly sensitive "Confidential Information," that is reasonably likely to interfere with a person's business or personal affairs if seen by persons other than attorneys.[1] Information to be designated as

[1] As used in this Confidentiality and Protective Order, the term "person" has the meaning given in Local Civil Rule 26.3(c)(6) of the United States District Court for the Southern District of New York.

Confidential Information or Confidential – Attorneys' Eyes Only Information may include, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and any other compilation from which information can be obtained.

~~2. **[PLAINTIFF'S PROPOSED] Definition of "Confidential Information" and "Confidential – Attorneys' Eyes Only Information."** "Confidential Information" is defined as follows: personal or business financial information. "Confidential – Attorneys' Eyes Only Information" is defined as follows: highly sensitive "Confidential Information," that would materially interfere with a person's business or personal affairs if seen by persons other than attorneys. Information to be designated as Confidential Information or Confidential – Attorneys' Eyes Only Information may include, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data, and any other compilation from which information can be obtained.~~

3. **Designation of Confidential Information or Confidential – Attorneys' Eyes Only Information.** Any party, and anyone who produces documents or electronic or other media or gives testimony in this lawsuit, may designate information as Confidential Information or Confidential – Attorneys' Eyes Only Information if the designating party reasonably believes that such information meets the relevant definition stated in paragraph 2, above. Any party similarly may designate as Confidential Information or Confidential – Attorneys' Eyes Only Information documents or other materials produced by non-parties pursuant to subpoena or voluntarily produced.

(a) Designation of Documents. Documents shall be designated as Confidential Information or Confidential – Attorneys' Eyes Only Information by stamping

"Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, on each page prior to production. Parties may designate documents or other materials produced by non-parties as Confidential Information or Confidential – Attorneys' Eyes Only Information by following the procedures set forth in subparagraph 3(d), below. When original documents are produced in bulk, a party may designate an entire group of documents as Confidential Information or Confidential – Attorneys' Eyes Only Information pending selection of particular documents for copying. Following such selection, the producing party shall promptly designate which, if any, of those particular documents selected contain Confidential Information or Confidential-Attorneys' Eyes Only Information.

(b) Designation of Electronic or Other Media. Any Confidential Information or Confidential – Attorneys' Eyes Only Information produced on CD-ROM, flash drive, magnetic disk or other electronic or magnetic storage device ("computer file") may be so designated by labeling each physical computer file "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, prior to production. In the event a non-producing party generates any "hard copy" or printout from any computer file, such party must appropriately mark and treat the hard copy or printout as Confidential Information or Confidential – Attorneys' Eyes Only Information.

(c) Designation of Deposition Testimony.

(i) Deposition testimony may be designated as Confidential Information or Confidential – Attorneys' Eyes Only Information by oral designation on the record, in which case the designated portions of the deposition transcript shall be separately bound and stamped with the words "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, on each page.

(ii) Where testimony is designated at a deposition, the designating party may exclude from the deposition, while such designated testimony is being given, all persons other than those to whom the Confidential Information or Confidential – Attorneys' Eyes Only Information may be disclosed under paragraph 4 of this order.

(iii) Any party may mark Confidential Information or Confidential – Attorneys' Eyes Only Information as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 4 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original material.

(d) Subsequent Designation. Documents and computer files may be designated as Confidential Information or Confidential – Attorneys' Eyes Only Information after they have been produced without having been so designated, and deposition testimony may be designated as Confidential Information or Confidential – Attorneys' Eyes Only Information after the testimony has been given, without having been so designated, as follows:

(i) The designating party must provide written notice of the new designation to all parties (and the person who produced the documents or other materials if not a party) within twenty (20) days of production of the documents or delivery of the deposition transcript. Persons to whom the designating party has disclosed such documents, computer files or testimony must be advised in writing of the new designation by the designating party. Upon receipt of such written notice, the notified person shall be obligated to promptly notify all other persons to whom such notified person has disclosed such information of the new designation;

(ii) The new designation applies retroactively as of the date and time of the original production;

(iii) All parties and all non-parties producing documents or other materials in connection with this lawsuit shall maintain the confidentiality of all documents and other materials produced under the standard for Confidential – Attorneys' Eyes Only Information established in this Protective Order for at least twenty (20) days after production, by the conclusion of which time any notice of designation pursuant to subparagraph 3(d)(i) will have to have been provided by the designating party;

(iv) The designating party shall provide all persons whom it notifies of the new designation with another copy of the documents, computer files, or deposition testimony that bears the new designation within twenty (20) days of the date of the written notice of the new designation described in paragraph 3(d)(i); and

(v) The party making the new designation, all counsel of record and counsel for any non-party shall make all reasonable efforts to retrieve all copies of the undesignated documents, computer files or testimony from the persons to whom such undesignated copies have been disclosed. If the recipient of such undesignated copies is a party to this Protective Order or a signatory of the Acknowledgement Form described below and attached as Exhibit A, then that recipient shall have an affirmative duty to return to the designating party all such undesignated copies which that party received from the producing party or otherwise.

4. **Persons to Whom Confidential Information and Confidential – Attorneys' Eyes Only Information May Be Disclosed.**

(a) "Confidential" Documents. Except as specifically ordered by the Court or otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to: (i) the parties to this lawsuit, including current or former employees of a party

to whom it is necessary that the material be shown for the purposes of prosecuting or defending this lawsuit; (ii) the parties' outside litigation counsel in this action; (iii) the support staff and legal assistants for those attorneys; (iv) experts and consultants retained by those attorneys for the purposes of this lawsuit; (v) the Court and Court personnel; and (vi) court reporters or stenographers whose services are used in connection with this action and the personnel of such court reporters or stenographers. Such experts or consultants described in 4(a)(iv), immediately above, may have access to Confidential Information only after agreeing in writing to be bound by this Protective Order by signing a copy of the Expert Acknowledgement Form attached hereto as Exhibit A.

(b) "Confidential – Attorneys' Eyes Only" Documents. Except as otherwise provided by this Protective Order, information designated as "Confidential – Attorneys' Eyes Only" shall be disclosed only to: (i) the parties' outside litigation counsel of record in this action; (ii) the support staff and legal assistants for those attorneys; (iii) experts and consultants retained by those attorneys for the purposes of this lawsuit and who are not current employees of the parties; (iv) the Court and Court personnel; and (v) court reporters or stenographers whose services are used in connection with this action and the personnel of such court reporters or stenographers. Such experts or consultants described in 4(b)(iii), immediately above, may have access to Confidential – Attorneys' Eyes Only Information only after first agreeing in writing to be bound by this Protective Order by signing a copy of the Expert Acknowledgement Form attached hereto as Exhibit A.

(c) Disclosure Pursuant to Consent. Confidential Information and Confidential – Attorneys' Eyes Only Information may also be disclosed to anyone so authorized by prior written consent of the designating party.

(d) Disclosure of Transcripts to the Deponent. Deposition transcripts containing Confidential Information or Confidential – Attorneys' Eyes Only Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless she or he agrees to be bound by this Protective Order by signing a copy of the Witness Acknowledgement Form attached hereto as Exhibit B.

(e) Disclosure Pursuant to Court Order. In the event any of the parties is required by court order to produce Confidential Information or Confidential – Attorneys' Eyes Only Information to any person or entity not subject to this Protective Order, the party so required shall give notice of such court order to all other parties to this litigation at least twenty (20) calendar days before making such production, so that the other parties may have an opportunity to object or intervene. No party shall produce Confidential Information or Confidential – Attorneys' Eyes Only Information in response to any subpoena or any other discovery request unless compelled to do so by a court of competent jurisdiction. Any party receiving such a request shall immediately notify the other parties of such request.

(f) Exceptions. The limitations on disclosure contained in this Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents, or who actually received copies prior to the commencement of this lawsuit.

5. **Objections to Designation.**

Should any counsel for a party object to the designation of any information as Confidential Information or Confidential – Attorneys' Eyes Only Information, such counsel shall notify all other counsel of the objection. If notice of such an objection is received at any time, counsel for the parties shall promptly confer in an attempt to resolve the matter. If the matter

remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed. If no such application is made, the material shall remain as designated. Any information which has been produced and designated as Confidential Information or Confidential – Attorneys' Eyes Only Information, but which is subject to a dispute as to its proper designation, shall be treated as so designated pending resolution of the dispute.

6. **Limited Use and Disclosure of Confidential Information and Confidential – Attorneys' Eyes Only Information.** No person to whom Confidential Information or Confidential – Attorneys' Eyes Only Information is disclosed shall use that information for any purpose other than the prosecution or defense of this lawsuit. Information that is designated as Confidential Information or Confidential – Attorneys' Eyes Only Information may not be disclosed except as provided by this Protective Order. However, nothing in this Protective Order is intended to prevent or restrict any party or nonparty from using or disclosing its own Confidential Information in any manner or for any purpose. Neither shall this Order restrict the use or disclosure by a party or nonparty of (i) materials obtained in good faith and independently of discovery in this action from another source who is not obligated to maintain such documents in confidence; (ii) information already known to a party or non-party, independently of discovery in this action; or (iii) information already in the public domain.

7. **Court Procedures.**

(a) For applications and motions to the Court, all documents or other materials containing Confidential Information or Confidential – Attorneys' Eyes Only Information which are submitted to the Court shall be filed with the Court in sealed envelopes or

other appropriate sealed containers which shall indicate the nature of the contents of the sealed envelope or other container and shall bear a statement substantially in the following form:

(i) "Confidential" Documents. Documents and other materials stamped "Confidential" shall be labeled: "CONFIDENTIAL – This envelope contains information that is subject to a Protective Order issued by the Court and is not to be opened or the contents revealed except by order of the Court. *Koch v. Greenberg, et al.*, United States District Court Case No. 07 Civ. 9600 (BSJ) (DCF)."

(ii) "Confidential – Attorneys' Eyes Only" Documents. Documents and other materials stamped "Confidential – Attorneys' Eyes Only" shall be labeled: "CONFIDENTIAL – ATTORNEYS' EYES ONLY – This envelope contains information that is subject to a Protective Order issued by the Court and is not to be opened or the contents revealed except by order of the Court. *Koch v. Greenberg, et al.*, United States District Court Case No. 07 Civ. 9600 (BSJ) (DCF)."

(b) Envelopes so marked shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Materials filed under seal shall be returned by the Court to the submitting party upon dismissal or final judgment in this action.

(c) Any Court hearing which refers to or describes Confidential – Attorneys' Eyes Only Information shall in the Court's discretion be *in camera*.

8. **Copies, Extracts, Summaries, and Memoranda.** This Protective Order shall apply to copies, extracts and summaries of documents, computer files or deposition testimony designated as Confidential Information or Confidential – Attorneys' Eyes Only Information, and shall apply to portions of pleadings filed with the Court that relate to any such copies, extracts, summaries, documents, computer files or deposition testimony.

9. **Unauthorized or Inadvertent Disclosure.** Should information designated as Confidential Information or Confidential – Attorneys' Eyes Only Information be disclosed, through inadvertence or otherwise, to any person or party not authorized to receive it by the terms of this Protective Order, the party responsible for such disclosure shall immediately use its best efforts to protect such information by the following:

(a) Requesting that the person(s) to whom such information has been disclosed immediately return it to the disclosing party and agree to be bound to this Protective Order by signing an Acknowledgement Form substantially similar to that attached hereto as Exhibit B;

(b) Promptly informing the party designating such information as "Confidential" or "Confidential – Attorneys' Eyes Only" and the parties to this lawsuit of the unauthorized or inadvertent disclosure and the identity of the person(s) to whom the disclosure was made.

10. **Return of Confidential Information.** At the conclusion of this lawsuit, including but not limited to any settlement, final adjudication of any appeals or petitions for review or rehearing, all materials designated as Confidential Information or Confidential – Attorneys' Eyes Only Information and all copies thereof that are not in the custody of the Court shall be returned to counsel for the designating party within sixty (60) days of the conclusion of all proceedings. All documents incorporating, referring to or otherwise reflecting the substance of Confidential Information or Confidential – Attorneys' Eyes Only Information and all summaries and extracts of Confidential Information or Confidential – Attorneys' Eyes Only Information shall be destroyed within sixty (60) days of the conclusion of all proceedings – provided, however, that correspondence and court filings and attorney work product and

attorney-client communications derived from Confidential Information or Confidential Attorneys' Eyes Only Information may be retained by counsel subject to the terms of this Protective Order. Counsel for the respective parties shall confirm in writing that they have complied with the requirements of this paragraph.

      11.    **No Waiver.**  This Protective Order is entered into solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. The production of materials designated as Confidential Information or Confidential –Attorneys' Eyes Only Information pursuant to this Protective Order shall in no way constitute: (a) a waiver of any right to object to the production or use of the same information on other grounds; (b) a general or limited waiver of the attorney-client, attorney work product or other privilege or legal protection; or (c) a waiver of any right to object to the production or use of other documents in this litigation or in any other litigation. By agreeing to the terms of this Protective Order, a party shall not be deemed to have waived any objection to the production or admissibility of any document. The placing of any confidentiality designation on the face of a document shall have no bearing on the question of the authenticity or admissibility of that document at trial. In the event that any privileged materials are inadvertently produced, such production shall not be deemed a waiver of the attorney-client privilege, work-product doctrine or other privilege or immunity. Upon notification of such inadvertent disclosure, the receiving party shall immediately make every effort to prevent further disclosure of the materials, collect and return any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged nature of the materials.

12. **Modification.** This Protective Order is entirely without prejudice to the right of anyone to apply to the Court for an order permitting the disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information other than as set forth herein, or to apply for an order modifying or limiting any designation pursuant to this Protective Order in any respect.

13. **Survival of Obligations.** The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court. This Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

14. **Counterparts.** This Protective Order may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one document.

Dated: ______________________

IRELL & MANELLA LLP

By: ______________________
Bruce A. Wessel
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
(949) 760-0991
bwessel@irell.com

Attorneys for Plaintiff
William I. Koch

Dated: ______________________

DLA PIPER LLP (US)

By: ______________________
Anthony P. Coles
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
(212) 335-4500
anthony.coles@dlapiper.com

Attorneys for Defendant
Eric Greenberg

Dated: ____________________

DICKSTEIN SHAPIRO LLP

By: ____________________
Deborah A. Skakel
1633 Broadway
New York, New York 10019
(212) 277-6500
skakeld@dicksteinshapiro.com

Attorneys for Defendants
Zachys Wine & Liquor, Inc. and
Zachys Wine Auctions, Inc.

IT IS SO ORDERED.

DATED: 8/7/09

____________________
UNITED STATES MAGISTRATE JUDGE

Debra Freeman
United States Magistrate Judge
Southern District of New York

**EXHIBIT A**

**EXPERT ACKNOWLEDGEMENT FORM**

***Koch v. Greenberg, et al.*,**
**Southern District of New York, Case No. 07 CIV 9600 (BSJ) (DCF)**

I, ______________________, have been retained as an independent expert or consultant in the above-referenced litigation. I certify that I have read the foregoing Protective Order. I agree to be bound by all the terms of the foregoing Protective Order, and I hereby submit to the Court's jurisdiction for purposes of enforcing its terms.

DATED: ______________________

______________________________
[SIGNATURE]

______________________________
[PRINTED NAME]

**EXHIBIT B**

**WITNESS ACKNOWLEDGEMENT FORM**

***Koch v. Greenberg, et al.*,**
**Southern District of New York, Case No. 07 CIV 9600 (BSJ) (DCF)**

I, ______________________, have been asked to give deposition testimony or other testimony in the above-referenced litigation. I certify that I have read the foregoing Protective Order. I agree to be bound by all the terms of the foregoing Protective Order, and I hereby submit to the Court's jurisdiction for purposes of enforcing its terms.

DATED: ____________________

______________________________
[SIGNATURE]

______________________________
[PRINTED NAME]

6006\032\1599046.1