UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM I. KOCH, an individual,

        Plaintiff,

            vs.

ERIC GREENBERG, an individual; ZACHYS
WINE & LIQUOR STORE, INC., a New York
corporation; and ZACHYS WINE AUCTIONS,
INC., a New York corporation.

        Defendants.

 

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:
:
:
:
:
:     07 Civ. 09600 (BSJ)(DCF)
:     ECF Case
:
:
:
:
:
:
:
:
:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ELIMINATION OR
MODIFICATION OF THE PROTECTIVE ORDER; APPLICATION FOR
REMOVAL OF CONFIDENTIALITY DESIGNATIONS**

IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
(949) 760-0991

-and-

MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 2

I.           BACKGROUND ........................................................................ 5

    A.    The Protective Order................................................................ 5

    B.    Designations in This Case ........................................................ 5

    C.    The AEO Designations By Greenberg Are Improper and
Unfair To Koch........................................................................ 7

    D.    Efforts to Meet and Confer ...................................................... 9

    E.    Other Confidentiality Issues .................................................... 9

    F.    Documents Filed Under Seal or Redacted....................... 10

II.          ARGUMENT............................................................................ 10

    A.    Information Obtained From Discovery and Court Filings
Are, Absent a Judicial Act, Not Confidential ................................ 10

    B.    Judicial Documents and Proceedings Are Presumptively
Public and The Record Cannot Be Sealed Without
"Specific On-The-Record Findings".................................. 12

    C.    Non-Parties Are Adequately Protected............................ 13

    D.    How The Press May Cover This Proceeding Is Irrelevant ............. 14

CONCLUSION................................................................................................ 15

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akron Beach Journal v. Metropolitan Life Insurance Co.*,
    94 Civ. 1402 (CSH), S.D.N.Y. 1995 WL 234710 (April 20, 1995) .......................... 13

*Brown & Williamson Tobacco v. Fed. Trade Comm'n,*
    710 F.2d 1165 (6th Cir. 1983) ......................................................................... 3

*Hartford Courant Co. v. Pellegrino,*
    380 F.3d 83 (2d Cir. 2004) ............................................................................ 12

*In re "Agent Orange" Product Liability Litigation,*
    821 F.2d 139 (2d Cir. 1987) .......................................................................... 11

*In re "Agent OrangeAgent Orange" Product Liability Litigation,*
    104 F.R.D. 559, 568 (E.D.N.Y. 1985)) ............................................................. 12

*In re Parmalat Sec. Litig.,*
    258 F.R.D. 236  (S.D.N.Y. 2009) ..................................................................... 11

*Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) .................. passim

*Orwasher v. A. Orwasher, Inc.,*
    09 Civ. 1081 (VM)(JCF), 2010 WL 2017254  (S.D.N.Y. May 20, 2010) ................ 11

*Salomon Smith Barney, Inc. v. HBO & Co.*, 98 Civ. 8721 (LAK), 2001 WL
    225040 (S.D.N.Y. Mar. 7, 2001) ..................................................................... 11

*Schiller v. City of New York,*
    04 Civ. 7922 (KMK) (JCF) 2007 WL 136149 (S.D.N.Y. 2007) ............................... 14

*Securities Exchange Commission v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001) .............. 14

*The Diversified Group v. Daugerdas*, 217 F.R.D. 152 (S.D.N.Y. 2003) ............................ 14

*U2 Home Entertainment, Inc. v. KyLin TV, Inc.,*
    06-CV-2770 (DLI), 2008 WL 1771913 (E.D.N.Y. Apr. 15, 2008) .......................... 11

*Unico American Corporation v. Crusader Captive Services LLC,*
    06-CV-231, 2006 WL 2355524, at *2 (N.D. Ill. 2006) ...................................... 8

*United States v. Amodeo,*
    71 F.3d 1044  (2d Cir. 1995) ..................................................................... 12, 15

Page(s)

**Statutes**

Federal Rule of Civil Procedure 26(c)(1)(G)...................................................... 3, 4, 10

Plaintiff William I. Koch ("Plaintiff" or "Koch") submits this Memorandum of Law in support of his motion for elimination, or in the alternative, modification, of the protective order, which has outlived its usefulness in this proceeding.  In addition, Koch moves to remove all of Greenberg's confidentiality designations from the documents and testimony in this proceeding.  None of what Greenberg has designated as confidential warrants protection.

## PRELIMINARY STATEMENT

On August 7, 2009, the Court entered a Confidentiality and Protective Order (the "Protective Order").  Declaration of Bruce Wessel ("Wessel Decl."), Exh. A.  The Protective Order has been so overused by defendant Eric Greenberg that Koch requests the Protective Order be eliminated or modified so that all party discovery can be used publicly, unless the party asking for confidentiality makes a specific and affirmative showing that documents or testimony contains actual trade secrets or comparable confidential information to the satisfaction of this Court.  The default rule should be that information is not confidential. The burden must be on the party requesting confidentiality to demonstrate to this Court that confidentiality is necessary and permitted under applicable law.  Greenberg can not make that showing for any of the information that he has designated under the Protective Order. For example, Greenberg's lists of counterfeit wine, and his communications with third parties about his counterfeit wine, may have been concealed by Greenberg to suit his goal of reselling the wine, but these documents – and the testimony about them – should not be concealed from public view by this Court.  Indeed, given the nature of this case – Greenberg failed to divulge that he was selling counterfeit wine – Greenberg's position that his lists of counterfeit wines should be kept from public view by Court order is, in effect, a request that the Court assist him in his improper sales efforts.

Separately, and in the alternative, pursuant to Paragraph 5 of the Protective Order, Koch challenges the confidentiality designations placed on documents and testimony by Greenberg. They should be removed.

With substantial discovery now completed, it is clear that there is no party-related evidence in this case deserving of a federal court order barring public disclosure of information. This case is about counterfeit wine and public auctions. This case does not involve trade secrets or comparable information deserving of protection under Federal Rule of Civil Procedure 26(c)(1)(G), which permits a court, only where "good cause" is shown, to keep confidential "trade secret or other confidential research, development, or commercial information."

While litigants like Greenberg may wish to litigate in federal court under a cloak of secrecy, our system of justice does not permit that. "[T]he natural desire of parties to shield prejudicial information contained in judicial records from . . . the public . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed common sense tells us that the greater the motivation a [party] has to shield its operations, the greater the public's need to know." *Brown & Williamson Tobacco v. Fed. Trade Comm'n*, 710 F.2d 1165, 1180 (6th Cir. 1983).

Notably during the course of this proceeding, defendant Eric Greenberg has flaunted any notion that testimony should be confidential. He sits in on most depositions and recently emailed third parties about witness testimony in real time. When Brad Goldstein testified recently about conversations with Frank Komorowski, Greenberg sent Komorowski the following message during the deposition:

> Frank: I am in a deposition with Brad Goldstein. He attributes to you statements that Sotheby's rejected 1/3 of my cellar directly to you. This is not true and evidence in this case is on record supporting it. I cannot imagine

> someone of your impeccable reputation making those statements.  Did you
> tell this to Mr. Goldstein?  Many thanks, Eric.

Wessel Decl., Exh. B (Greenberg email dated 11/09/2010).  Greenberg was apparently

sending many messages to third parties during the Goldstein deposition, reporting on

Goldstein's testimony on topics – including testimony about the number of bottles of

counterfeit wine in Greenberg's cellar.  Komorowski, himself a victim of those selling

counterfeit wine, came forward to tell us what Greenberg was doing.

Further, Greenberg has attempted to influence testimony of third party witnesses

before, during, and after depositions.  He threatens to sue witnesses and, in one instance, has

done so.  Wessel Decl., ¶ 2 (referencing deponents Edgerton, Cortes, and Downey).

Greenberg has used discovery in this case for other litigation matters or potential litigation

matters.

The existing Protective Order is no longer warranted under the "good cause"

requirement of Federal Rule of Civil Procedure 26(c).  Additionally, the concomitant

requirement that parties file "judicial documents" under seal is inconsistent with the

presumptions under common law and the First Amendment that courts must be open to the

public, with rare and narrow exceptions.  *See, e.g., Lugosch v. Pyramid Company of*

*Onondaga*, 435 F.3d 110 (2d Cir. 2006) (criticizing district court for sealing the record on

pending motions).  Judicial documents that are currently under seal must be made public.

## I.  BACKGROUND

### A.  The Protective Order

The Protective Order contains two levels of confidential information:  "Confidential" and "Confidential-Attorneys Eyes Only" ("AEO")  *Id.* ¶¶ 4(a)-(b).  Confidential Information was defined by this Court and limited to:

> trade secrets; proprietary, non-public, and competitively sensitive business information, such as customer lists and contracts; non-public financial information (whether personal or corporate); and personal identifying information.

*Id.* ¶ 2. AEO was defined as "highly sensitive 'Confidential Information,' that is reasonably likely to interfere with a person's business or personal affairs if seen by persons other than attorneys."  *Id.*

From this Court's handwritten interlineations on the Protective Order, it is apparent that this Court understands that courts should only seal the litigation record in the rarest of circumstances to protect information such as trade secrets and confidential customer lists. What wine Greenberg has or had in his cellar and where he bought it from is not the type of information that deserves protection.  Nor does his list of the counterfeit and questionable bottles deserve protection under the Protective Order.

### B.  Designations in This Case

On a number of occasions, for tactical reasons, Greenberg has designated documents or testimony as "confidential" or AEO.  For example, on November 2, 2010 Greenberg's counsel Anthony Coles produced 252 pages of non-privileged documents from his files and Greenberg designated all 252 pages as "confidential" or AEO.  Wessel Decl., Exh. C (Hespenheide Letter dated November 2, 2010:  "The documents have been Bates-numbered C 0001 through C 0252 and have been designated 'CONFIDENTIAL' or 'CONFIDENTIAL – ATTORNEY'S EYES ONLY'.")  The 19 pages of AEO documents out of the 252

produced consist of lists of wine created in 2002 and 2003. None of the 252 pages are deserving of any protection under the Protective Order and all are relevant to these proceedings. Greenberg is simply trying to make prosecution of the case difficult for Koch and to limit public disclosure in court filings of evidence that supports Koch's claims against Greenberg. On their face, the so-called AEO wine lists do not contain anything that is the least bit confidential. Making Greenberg's position on these documents even more inappropriate is Greenberg's status as an international wine celebrity whose wine auctions are written about in the wine press and glossy catalogues that, of course, consist of lists of Greenberg's wine – the very information that Greenberg now claims is somehow confidential. How could the wine lists that are relevant to this case from 2002 and 2003 be properly designated AEO when Greenberg is basking in press coverage and publicity about the sales of wine from his cellar today? Greenberg is likely the largest seller of wine in the world today and has sold tens of millions of dollars of wine over the last five years. Wessel Decl., Exh. D. What wine he bought a long time ago, and its questionable authenticity, is hardly confidential. Examples of the contents of specific documents that Greenberg has designated as "Confidential" under the Protective Order are set out in paragraph 3 of the Wessel Declaration, this paragraph necessarily filed under seal because of Greenberg's improper designations.

This latest designation by Greenberg of documents as "confidential" and AEO is part of a pattern where Greenberg seeks to conceal and limit public disclosure of information of evidence that is harmful to his case. Greenberg designated 62 pages of the Fireman's Fund documents produced as AEO. Wessel Decl., Exh. E (Hespendheide Letter dated April 29, 2010 designating FF00001 – FF000072 as "CONFIDENTIAL ATTORNEYS' EYES

ONLY").[1]  Greenberg also designated portions of the Cortes Deposition as AEO.  Wessel

Decl., Exh. F (Hespendheide Letter dated September 13, 2010).  This has been a pattern in

many depositions, including depositions of third parties.  Greenberg contends that many

witnesses involved in this proceeding owe him a duty of confidentiality and, therefore, much

of the testimony should be sealed by this Court.   That result is not legally proper.

## C.   The AEO Designations By Greenberg Are Improper and Unfair To Koch

The Attorneys Eyes Only/AEO designation, because it limits disclosure to attorneys

only, unfairly denies Koch the right to see all the evidence in his own case.  Greenberg has

used the AEO designation in this proceeding to deny Koch access to evidence that

Greenberg and third parties have produced.  Given the nature of this case and the evidence,

and given the fact that Koch and Greenberg do not compete, Greenberg's AEO designations

are improper and part of a strategic decision on Greenberg's part to keep information from

Koch.

Under the Protective Order to be labeled AEO, information must meet the

"Confidential" definition – *e.g.* trade secrets, competitively sensitive business information –

and, in addition, be the type of information "reasonably likely to interfere with a person's

business or personal affairs if seen by persons other than attorneys."  Wessel Decl., Exh. A

at 2.  Greenberg cannot credibly argue that permitting Koch to see Greenberg's list of

counterfeit wines will interfere with Greenberg's "business or personal affairs."  Indeed,

Greenberg cannot credibly argue that public disclosure of the information will interfere with

his business or personal affairs either.  Notably he already shared these very lists with third

---

[1] In a May 28, 2010 e-mail, counsel for Greenberg agreed to remove the AEO
designation from the following ten Fireman's Fund documents:   FF000001-000005,
FF000042-000045, and FF000072, leaving 62 pages AEO.  The de-designated pages
included the subpoena and the certificate of authenticity.

parties who are in an adversarial position to him – opposing counsel in a dispute and an insurance company considering a claim of loss.

The thrust of this motion is to eliminate the Protective Order altogether as to party produced documents. In the alternative, Koch requests modification of the order and de-designation of documents and testimony that currently have restricted access under the order. In connection with such a review, the Greenberg AEO-designated documents and testimony are the most important for de-designation. AEO documents make litigation a lawyers-only process making the client/party second-class citizens who are not permitted to know what is going on in their own cases. The misuse of the designation here is particularly egregious as Greenberg is given full access to Koch's information when Koch is not given full access to Greenberg's information. This gives Greenberg an unfair tactical advantage in the litigation and denies Koch the right and the ability to assist his lawyers fully in the prosecution of this action and interferes with his ability to instruct his counsel on the direction of the litigation. It also interferes with his ability to inspect his own wine for counterfeit or questionable bottles.

In *Unico American Corporation v. Crusader Captive Services LLC*, 06-CV-231, 2006 WL 2355524, at *2 (N.D. Ill. 2006) the court rejected a two-tier protective order with a "Highly Confidential" AEO provision explaining: "It has been this Court's experience that two-tiered protective orders can be confusing and frequently invite nonproductive satellite litigation . . . the Court is not convinced that the information is so sensitive that defense counsel should be prohibited from sharing it with their clients." That is the case in this litigation as well.

Where third parties have applied an AEO designation to documents that neither Koch nor Greenberg has ever seen, they stand in a different position as addressed below.

Koch himself has not designated any documents AEO. William Edgerton, an expert who has done work for both Greenberg and Koch, did designate certain documents he considers trade secrets as AEO.

### D.   Efforts to Meet and Confer

When a court enters a Protective Order, there should be some level of good faith by parties who invoke its protections. When a party designates a document or testimony as "confidential" or AEO, he should be mindful of the actual definitions in the Protective Order and have a basis for representing that the information fits within those definitions. Equally important, when another party challenges the designation, the designating party should not maintain that documents or testimony is covered by the Protective Order when there is no reasonable basis for maintaining that position. During the course of this litigation, Koch has repeatedly met and conferred with Greenberg's counsel, asking Greenberg to drop confidentiality designations. Greenberg, with rare exceptions, has refused. Declaration of Adam Pollock, ¶ ¶ 2-10. Greenberg has put blanket confidentiality designations on the depositions of third parties such as Ritchie and Sutcliffe of Sotheby's and Brierley of Christie's. Attached as Appendix A to this memorandum is a listing of confidentiality designations by Greenberg. Koch challenges them all pursuant to Paragraph 5 of the Protective Order. Greenberg even designated as confidential a document produced by Koch in this proceeding.

### E.   Other Confidentiality Issues

Part of Greenberg's justification for designating information as confidential is that Greenberg frequently contends that persons knowledgeable about his wine cellar are bound by confidentiality agreements. The most extreme example of this is Greenberg's contention that William Edgerton, who inspected both Greenberg's cellar and Koch's to look for

counterfeit wine, violated a duty that Edgerton owed Greenberg when Edgerton told Koch that wine in Koch's cellar came from Greenberg's cellar.  Greenberg has sued Edgerton, claiming breach of contract, breach of confidential relationship, misappropriation of confidential information, and breach of fiduciary duty.  Wessel Decl., Exh. F (Greenberg's September 9, 2010 lawsuit against Edgerton).  Greenberg seeks to scare and silence those who have evidence of what happened here by his aggressive threats of violations of confidentiality obligations, sometimes using evidence he has gathered in this case.

### F.     Documents Filed Under Seal or Redacted

This brief is the fourth time that Koch's counsel will file declarations, pleadings, or briefs under seal or with redactions because of Greenberg's designations under the Protective Order.  The other three times were in connection with Plaintiff's Amended Complaint and the motion to amend and "Plaintiff's Opposition to Defendant Greenberg's Motion to Enforce the Protective Order and for Sanctions" and associated declarations and evidence.  As these proceedings continue, there will be further need to file documents under seal, which is inconsistent with the law addressed below.  All filings under seal in this case, or redacted documents, should be made public.

## II.   ARGUMENT

### A.     Information Obtained From Discovery and Court Filings Are, Absent a Judicial Act, Not Confidential

In the absence of an affirmative act by a court, information learned in discovery is not confidential and documents filed in Court are public.  Under Federal Rule of Civil Procedure 26(c)(1)(G), a court may, but only "for good cause," enter a protective order to limit, among other things, the disclosure of "a trade secret or other confidential research, development, or commercial information."  While umbrella protective orders are sometimes used "to facilitate discovery in complex cases" such orders do not change the burden

imposed on the party asserting confidentiality to justify why a court should limit disclosure because "[t]o reverse the burden in this situation would be to impose a significant and perhaps overpowering impairment on the public right of access." *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).  In other words, even if there is an umbrella protective order, Rule 26 requires that the party seeking to impose limits on use of evidence has the burden of explaining why such limitations are appropriate. *Cf. Orwasher v. A. Orwasher, Inc.*, 09 Civ. 1081 (VM)(JCF), 2010 WL 2017254, at *3 (S.D.N.Y. May 20, 2010) (burden properly placed on designating party to show there is good cause for documents to be marked confidential or highly confidential); *U2 Home Entertainment, Inc. v. KyLin TV, Inc.*, 06-CV-2770 (DLI), 2008 WL 1771913, at *2 (E.D.N.Y. Apr. 15, 2008) (same).

"[T]he fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Salomon Smith Barney, Inc. v. HBO & Co.*, 98 Civ. 8721 (LAK), 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001) ("Implicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public."). "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.*

The Second Circuit addressed the issue of the public's right of access to discovery in *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139 (2d Cir. 1987), reviewing and affirming a decision of then Magistrate Judge Scheindlin that applicable rules "require

that discovery is presumptively open to public scrutiny unless a valid protective order directs

otherwise." *Id.* at 145 (quoting *In re "Agent Orange" Product Liability Litigation*, 104

F.R.D. 559, 568 (E.D.N.Y. 1985)).  The Second Circuit held "the district court was well

within its discretion to lift the protective orders at issue, subject to a showing, on an

individualized basis, of good cause for continued protection."  821 F.2d at 148.  Judge

Scheindlin's approach is appropriate to apply in this proceeding.  The default rule should be

that matters are public, unless a party seeking confidentiality can show "good cause."

> **B.** **Judicial Documents and Proceedings Are Presumptively Public and The**
> **Record Cannot Be Sealed Without "Specific On-The-Record Findings"**

An important set of legal precedents applies to "judicial documents."  There is a

common law presumption that the public and the press have a right of access to judicial

proceedings.  "The presumption of access is based on the need for federal courts . . . to have

a measure of accountability and for the public to have confidence in the administration of

justice." *United States v. Amodeo*, 71 F.3d 1044,1048 (2d Cir. 1995).  The public and the

press also have a "qualified First Amendment right to attend judicial proceedings and to

access certain judicial documents." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d

Cir. 2004).

In *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the

Second Circuit ruled that a district court was in error when it delayed ruling on a motion by

media defendants to have access to a pending summary judgment motion in a business

dispute holding that both "the common law presumption of access" and the "qualified First

Amendment right of access" applied to the requested documents. *Id.* at 124.  The Court

explained:  "Our precedents indicate that documents submitted to a court for its

consideration in a summary judgment motion are – as a matter of law – judicial documents

to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121.

The Second Circuit in *Lugosch* chastised the district court for how it had handled the request for unsealing the record stating "the district court erred not only in failing to make the specific, on-the-record findings required in order to justify its denial [of the request to unseal the record] but also in failing to act expeditiously." *Id.* at 126. The district court was directed to unseal the record completely unless the "presumption of access [was] overcome by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.*

The rules established in *Lugosch* apply in all cases, even where the press does not incur the expense of intervening and filing motions to unseal the record. *Lugosch* governs what must happen here. Documents filed in this Court should not, unless there is a specific court finding, be filed under seal or redacted. *See also Akron Beach Journal v. Metropolitan Life Insurance Co.*, 94 Civ. 1402 (CSH), 1995 WL 234710, at *12 (S.D.N.Y. April 20, 1995) ("the good cause requirement [of Rule 26] acts as a guardian of the public's right of access to discovery documents by requiring parties to make a threshold showing before documents will be withheld from public view").

### C.   <u>Non-Parties Are Adequately Protected</u>

Non-parties have produced documents in this case. In rare instances, non-parties may have relied on the existing Protective Order. By this motion, Koch does not ask for a change to the designation by non-parties, although there is authority for a court to change Protective Order designations even if made by a non-party, where, as here, the Protective Order provides that it is "entirely without prejudice to the right of anyone to apply to the Court…to apply for an order modifying or limiting any designation pursuant to this

Protective Order in any respect." Wessel Decl., Exh. A at ¶ 12. The non-parties understood a change in designations was possible. *See, e.g., The Diversified Group v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) (protective order specifically provided for procedure to remove confidentiality designation). Moreover, the Protective Order allows for unilateral designation of material as confidential and does not require a showing of good cause before a document is deemed confidential. "Reliance upon the protection of such an order when producing discovery materials or witnesses for deposition is unreasonable." *Schiller v. City of New York*, 04 Civ. 7922 (KMK)(JCF), 2007 WL 136149, at *5 (S.D.N.Y. 2007). "[W]here a litigant or deponent could not reasonably have relied on the continuation of a protective order a court may properly permit modification of the order." *Securities Exchange Commission v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001). "In such a case, whether to lift or modify a protective order is a decision committed to the sound discretion of the trial court." *Id.* (citations and internal quotations omitted).

Of course, where a party and a non-party have the same document, the non-party's rights are not interfered with if the Court determines the party's copy of the document should be non-confidential.

### D.   How The Press May Cover This Proceeding Is Irrelevant

A free press is central to the proper functioning of our country and our courts. Greenberg has a different view. He thinks that by relentlessly attacking Koch in this proceeding as seeking press attention, he can bias this Court against Koch and convince this Court to support Greenberg's efforts to keep central parts of this litigation under seal. As a matter of law, press interest in this proceeding is irrelevant to the decisions this Court must make as to whether information should be kept confidential.

The Second Circuit in *Lugosch* rejected an argument similar to Greenberg's that press interest justified sealing the record.  The *Lugosch* court wrote: "what the Newspapers seek to do with the documents has no effect on our consideration." *Lugosch*, 435 F.2d 110, 123 (2006).  That has always been the law:  "It is true that journalists may seek access to judicial documents for reasons unrelated to monitoring of Article III functions.  Nevertheless, assessing the motives of journalists risks self-serving judicial decisions tipping in favor of secrecy.  Where access is for the purpose of news, moreover, those interested in monitoring the court may well learn of, and use, the information whatever the motivation of the reporting journalist." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Substantial Second Circuit authority recognizes the right of the press to cover judicial proceedings.

## CONCLUSION

At the outset of a case, before the nature of the discovery is clear, umbrella protective orders may sometimes be appropriate.  But in this proceeding, at this time, the Protective Order is no longer warranted.  First, it has been abused by Greenberg.  Second, the issues in this case, and the discovery, do not fit within any of the categories that the law recognizes as deserving protection.  Third, as motion practice continues, the law does not permit parties to unilaterally seal the records as to judicial documents.  Rather, a court must make specific findings and none are appropriate here.

Greenberg will have the opportunity to oppose this motion.  In that opposition he will be incapable of defending the designations he has placed on documents and testimony, all of which should be removed by this Court, either by eliminating or modifying the Protective Order or by removing all confidentiality designations asserted by Greenberg.

Dated: New York, New York   IRELL & MANELLA LLP
    November 23, 2010

By:  /s/  Bruce A. Wessel     
   Bruce A. Wessel (*pro hac vice*)
   840 Newport Center Drive, Suite 400
   Newport Beach, California 92660-6324
   (949) 760-0991
   bwessel@irell.com

   -and-

   Edward M. Spiro
   Morvillo, Abramowitz, Grand, Iason,
   Anello & Bohrer, P.C.
   565 Fifth Avenue
   New York, New York 10017
   espiro@maglaw.com

   *Attorneys for Plaintiff*
   *WILLIAM I. KOCH*

## Appendix A

## Documents and Testimony Marked Confidential By Greenberg

| Producing Party/Deponent | Greenberg Designation |
|---|---|
| Eric Greenberg | GRE00271-748, 756-881, 896-1132, 1135-2619, 3000-3326 as Confidential |
| Fireman's Fund Insurance Company | FF000006-41, 46-71 as Confidential – Attorneys' Eyes Only |
| William Koch | KOCHGZ 001726-1727 as Confidential |
| Anthony Coles | C00001-0254 as Confidential or Confidential – Attorneys' Eyes Only |
| Wilfred Jaeger | JAEGER 000018-19, 21-28, 48-147, 150-160, 165, 169-201, 208, 219-220, 234, 237-243, 537, 580, 582-589, 732-744, 755-756, 770-771, 774-791, 794, 804-809, 816-830, and 859 as Confidential |
| Jaime Cortes | 13:7-13, 14:14-15:19, 20:25-23:2, 29:13-30:6, 37:13-18, 39:1-13, 40:20-41:1, 43:25-44:2, 45:1-4, 55:21-61:11, 63:5-9, 65:13-18, 67:20-74:16, 75:18-76:7, 119:10-20 148:4-42 & Ex. 3 as Confidential<br><br>100:15-103:7, 104:4-105:3, 110:2-6, 174:23-176:19, & 185:9-13 as Confidential – Attorneys' Eyes Only |
| William Edgerton | Exs. 3-10 as Confidential |
| Richard Brierley | Entire Transcript as Confidential |
| Thierry Lovato | Entire Transcript as Confidential |
| Jamie Ritchie | Entire Transcript as Confidential |
| Serena Sutcliffe | Entire Transcript as Confidential |

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On November 23, 2010, I served the foregoing documents described as:
**(1)  PLAINTIFF'S NOTICE OF MOTION FOR ELIMINATION OR MODIFICATION OF THE PROTECTIVE ORDER; APPLICATION FOR REMOVAL OF CONFIDENTIALITY DESIGNATIONS**
**(2)  MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ELIMINATION OR MODIFICATION OF THE PROTECTIVE ORDER; APPLICATION FOR REMOVAL OF CONFIDENTIALITY DESIGNATIONS**
**(3)  DECLARATION OF ADAM L. POLLOCK**
**(4)  DECLARATION OF BRUCE A. WESSEL**
on each interested party, as stated on the service list below.

Arthur J. Shartsis
Frank Cialone
Amy L. Hespenheide
SHARTSIS FRIESE LLP
One Maritime Plaza, 18th Floor
San Francisco, CA  94111
Email:  ashartsis@sflaw.com
             fcialone@sflaw.com
             ahespenheide@sflaw.com

Deborah A. Skakel
Savannah Stevenson
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY  10019
Email:  skakeld@dicksteinshapiro.com
             stevensons@dicksteinshapiro.com

Anthony Paul Coles
Melinda Waterhouse
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Email:  anthony.coles@dlapiper.com
             melinda.waterhouse@dlapiper.com

[X]      **(BY MAIL)** I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party, as stated on the attached service list. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

[X]      **(BY ELECTRONIC MAIL)** I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as stated on the attached service list, and no error was reported.

Executed on November 23, 2010, at Newport Beach, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

|  |  |
|---|---|
| Bonnie Blythe (bblythe@irell.com) | /s/  Bonnie Blythe |
| (Type or print name) | (Signature) |