### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM I. KOCH, an individual,    ) | |
|                                 ) | |
|         Plaintiff,        ) | **Case No. 07 CIV 9600 (BSJ) (DCF)** |
|                                 ) | **ECF Case** |
|     v.                    ) | |
|                                 ) | |
| ERIC GREENBERG, an individual, ZACHYS   ) | |
| WINE & LIQUOR STORE, INC. a New York   ) | |
| corporation, and ZACHYS WINE AUCTIONS,   ) | |
| INC., a New York corporation,   ) | |
|                                 ) | |
|         Defendants.     ) | |
|                                 ) | |
|                                 ) | |

### OPPOSITION TO MOTION FOR ELIMINATION OR MODIFICATION OF PROTECTIVE ORDER AND FOR REMOVAL OF CONFIDENTIALITY DESIGNATIONS

ANTHONY P. COLES
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY  10020
anthony.coles@dlapiper.com
(212) 335-4500

ARTHUR J. SHARTSIS
SHARTSIS FRIESE LLP
One Maritime Plaza, 18th Floor
San Francisco, CA  94111
ashartsis@sflaw.com
(415) 421-6500
      (*Admitted pro hac vice*)

Attorneys for Defendant
ERIC GREENBERG

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................. 2

    A.   The Order ............................................................................................. 2

    B.   The Parties' Designations ..................................................................... 3

        1.   Greenberg's designations ........................................................... 3

        2.   Koch's designations .................................................................... 5

        3.   Zachys' designations .................................................................. 6

        4.   Third party designations ............................................................. 6

    C.   Koch's Failure To Meet And Confer .................................................... 6

    D.   Koch's And Goldstein's Violations Of The Order ............................... 7

    E.   Koch's Book .......................................................................................... 7

III.    ARGUMENT .................................................................................................. 8

    A.   Koch Has Failed To Abide By The Rules Of This Court ..................... 8

    B.   Koch Cannot Meet The Heightened Burden For Vacating A Protective
       Order ..................................................................................................... 8

    C.   The Law Supports Upholding The Current Protective Order ............. 10

    D.   Greenberg Has Not Violated The Order ............................................. 12

    E.   Greenberg's Designations Are Proper ................................................ 13

        1.   Greenberg's "Confidential" designations are proper because he is
           in the wine business .................................................................. 13

        2.   Greenberg's "AEO" designations are proper, particularly given
           Koch's violations of the Order .................................................. 15

        3.   Greenberg has not waived the right to make his designations ................. 16

    F.   Koch's Motion Assumes Facts That He Has Not Proven And Cannot
       Prove ................................................................................................... 17

    G.   Greenberg's Protection Of His Rights Is Not Improper ..................... 17

    H.   The Order Does Not Make It Harder For Koch To Litigate This Case ............. 18

    I.   Koch's Real Motivations For His Motion Are Improper ..................... 19

IV.     CONCLUSION .............................................................................................. 20

## TABLE OF AUTHORITIES

**Page**

### CASES

*Martindell v. International Tel. & Tel. Co.*,
  594 F.2d 291, 296 (2d Cir. 1979)...........................................................................8

*SEC v. TheStreet.com*,
  273 F.3d 222 (2d Cir. 2001)...................................................................................9

*In re September 11 Litigation*,
  262 F.R.D. 274 (S.D.N.Y. 2009) .................................................................8, 9, 10

*Unico American Corp. v. Crusader Captive Services, LLC*
2006 WL 2355524 (N.D. Ill. 2006) .........................................................................14

*U.S. v. Amodeo (Amodeo II)*,
  71 F.3d 1044, 1048-49 (2d Cir. 1995) ...........................................................11, 12

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 26(c) ...................................................................................................8

Fed. R. Civ. P. 37.......................................................................................................8

I.     **INTRODUCTION**

Plaintiff William Koch's Motion for Elimination or Modification of the Protective Order and for Removal of Confidentiality Designations should be denied in its entirety.

Koch requests that the Court eliminate or modify the Confidentiality and Protective Order ("Order") – to which he previously agreed over a year ago, which the Court approved, and which Koch has never before challenged – because it has supposedly "outlived its usefulness."  But Koch's proffered reasons for eliminating the Order lack merit:  the Order does not conflict with the law; Greenberg has not "flaunted" or abused the Order as Koch alleges; and the need for the Order remains stronger than ever because Koch has demonstrated that he seeks to use otherwise private information for extra-judicial and commercial purposes.

There is no authority for Koch's proposal that the Order be modified to make all documents produced in discovery publicly available by default, and to impose the onerous requirement that the party designating a document as confidential file a motion substantiating each designation with an evidentiary showing *before* making the designation.  In fact, the Second Circuit has expressly rejected such a scheme as "unthinkable" – and for good reason.  The parties to this case, and various third parties, have produced thousands of pages of documents designated as confidential.  Under Koch's proposed scheme, the parties would have to brief, and the Court would have to hear and decide, a motion on every single such document.

In addition to seeking to eliminate the Order, Koch also moves the Court to overturn all of Greenberg's designations made to date.  But Greenberg's designations are proper under the Order.  Many of Greenberg's documents are subject to a written confidentiality agreement with a third party.  Moreover, Greenberg is in the wine business, and his documents contain non-public, commercially sensitive information such as inventory lists, prices he paid and his sources and customers.  Koch does not inform the Court that Koch has designated as confidential documents

containing similar information as to his own wine.  Further, Koch has not met and conferred as to most of the designations he now challenges as required by the Order, and he has failed to raise his objections in an informal conference with the Court as required by Local Rule 37.2.  His motion should be denied because it is procedurally barred.

Koch's real motivations in bringing his motion are improper.  First, Koch is trying retroactively to sanitize his and his agent Brad Goldstein's intentional and ongoing violations of the Order and to enable them to send documents obtained in discovery directly to the press and the FBI.  Second, Koch is trying to use his motion as a collateral attack on Greenberg's Motion to Enforce the Protective Order and for Sanctions – *i.e.,* he is attempting to equate Greenberg's corroboration of a statement alleged by Koch's agent to have been made by a third party with Koch's and Goldstein's wholesale disregard of the Order.  Finally, Koch revealed for the first time in a document produced on November 24, 2010, that Goldstein is writing a book to glorify Koch's crusade to "clean up the wine industry."  Koch seeks to use documents from this litigation to write his book, and the Order stands in his way.

## II.   STATEMENT OF FACTS

### A.   The Order

On or about August 7, 2009, Koch, Greenberg and Zachys agreed to most of the provisions reflected in the Order, including the provision requiring the parties to meet and confer regarding disputed designations and setting forth the procedure for challenging designations if those meet and confer efforts fail:

> Should any counsel for a party object to the designation of any information as Confidential Information or Confidential – Attorneys' Eyes Only Information, such counsel shall notify all other counsel of the objection.  If notice of such an objection is received at any time, ***counsel for the parties shall promptly confer in an attempt to resolve the matter . . . .***  If the matter remains unresolved, ***objecting counsel may then apply to the Court for a determination of whether the designation should be removed***.  If no such application is made, the material shall remain as designated.  Any information which has been produced and designated

as Confidential Information or Confidential – Attorneys' Eyes Only Information,
but which is subject to a dispute as to its proper designation, shall be treated as so
designated pending resolution of the dispute.

Declaration of Amy L. Hespenheide ("Hespenheide Decl."), Exh. A ¶ 5 (emphasis added).

The only provision in the Order on which the parties could not agree was the clause

defining "Confidential Information" and "Confidential – Attorneys' Eyes Only Information."

Koch and Greenberg each submitted proposed definitions to the Court.  *Id.* at 1-2.  The Court

inserted its own definition for "Confidential Information":

[T]rade secrets; proprietary, non-public and competitively sensitive information,
such as customer lists and contracts; non-public financial information (whether
personal or corporate); and personal identifying information.

*Id.* ¶ 2.  The Court also adopted Greenberg's proposed definition for "Confidential - Attorneys'

Eyes Only Information":   "[H]ighly sensitive 'Confidential Information,' that is reasonably

likely to interfere with a person's business or personal affairs if seen by persons other than

attorneys."  *Id.*

**B.    The Parties' Designations**

**1.    Greenberg's designations**

Pursuant to the provisions of the Order, Greenberg has designated many of the documents

he has produced in this action as Confidential, because they contain non-public information that

is valuable to his wine business – including vendor information, customer information, inventory

information, pricing information and information about negotiating strategies, marketing

strategies and auction strategies – as well as other commercially and competitively sensitive

information.  Greenberg has also designated as Confidential documents containing information

about his companies' finances, his personal finances or other personal information.  Declaration

of Eric Greenberg ("Greenberg Decl.") ¶¶ 2-5.

For example, Greenberg has designated as Confidential all documents concerning his dispute and settlement with Royal Wine Merchants ("Royal"), including documents submitted to Fireman's Fund Insurance Company as part of a confidential insurance claim by Greenberg regarding the bottles of wine at issue in the Royal dispute ("Fireman's Fund documents"). Greenberg Decl. ¶ 7.  In addition to containing lists of Greenberg's wine, the prices he paid for them and other very personal information (such as the value of Greenberg's home), the Fireman's Fund documents, and all other documents relating to the Royal dispute, are also confidential under the express terms of Greenberg's settlement agreement with Royal, which requires the parties to keep such information confidential.  *Id.*  Jeff Sokolin (Royal's owner) testified at deposition that he expected Greenberg to keep confidential the entire dispute. Hespenheide Decl., Exh. B (Sokolin Depo.) at 177:21-180:22.  Greenberg's designations are therefore also consistent with his contractual obligation.

After Greenberg learned that Koch and his agent Brad Goldstein had intentionally provided the confidential Fireman's Fund documents to the press and to the FBI in violation of the terms of the Order, Greenberg designated the Fireman's Fund documents as Confidential – Attorneys' Eyes Only ("AEO").  Greenberg Decl. ¶ 7.  Given Koch's and Goldstein's conduct, Greenberg feared, and continues to fear, that Koch will provide such documents to the press and, in turn, Greenberg's competitors.  *Id.*

Greenberg has also designated as AEO certain deposition testimony of his former house manager, Jaime Cortes, for the same reason:  it contains highly personal information (such as testimony regarding Greenberg's wife) and Cortes' unsupported claims of illegal conduct by Greenberg that are unrelated to this case.  Given Koch's prior violations of the Order, there is certainly the reasonable likelihood that this highly personal information and/or allegations of illegal conduct by Greenberg will be sent to the press or otherwise publicized.  *Id.* ¶ 8.  Such

disclosure would cause severe damage to Greenberg, including possibly irreparably harming his reputation.  *Id.* ¶¶ 7-8.  The Fireman's Fund documents and the Cortes deposition excerpts are the only materials Greenberg has designated as AEO in this action.  Hespenheide Decl. ¶ 4.

### 2.   Koch's designations

Despite claiming that "[w]hat wines Greenberg has or had in his cellar . . . is not the type of information that deserves protection" (Mot. at 5), ***Koch himself has taken the position that he will not disclose any of the wines he owns or any information about them***, except those wines he has placed at issue in this case.  Hespenheide Decl. ¶ 5.  As for those wines, Koch has, like Greenberg, designated as Confidential documents identifying them or disclosing information about them.  *Id.*  Koch designated an inventory of some of his wine as Confidential under the Order as recently as November 2, 2010.  *Id.* ¶ 6.

Koch's expert on wine authentication, William Edgerton, has designated as AEO documents that he claims contain sensitive business information.  Hespenheide Decl. ¶¶ 7-8 and Exh. C.  Koch never explains why his own and Edgerton's designations are proper, while Greenberg's designations on the same subjects are supposedly improper.

Moreover, Koch previously designated Edgerton's entire deposition transcript and all exhibits there as Confidential.  Hespenheide Decl. ¶ 9 and Exh. D (Edgerton Depo.) at 379:22-25.  Greenberg met and conferred with Koch's counsel and requested that the designations be removed.  *Id.* ¶ 10.  Koch's counsel initially refused, so Greenberg submitted a letter brief to the Court on April 21, 2010, requesting that the Court remove the designations (with the exception of two deposition exhibits).  *Id.*, Exh. E.  In response to this letter brief, Koch withdrew the designation.  *Id.* ¶ 10.  This is the only time either party has formally challenged any designations.  Accordingly, although Koch argues at length that the Order is unworkable, he has never brought a single challenge under the procedure required by the Order.

### 3.     Zachys' designations

Zachys has designated as Confidential 3,766 of the 4,309 pages it has produced. Hespenheide Decl. ¶ 11.

### 4.     Third party designations

Contrary to Koch's claim that third parties "may have" relied on the Order in "rare instances" (Mot. at 13), most, if not all, of the third parties deposed in the case have signed the Order, and have designated documents as Confidential based on the Order.  Hespenheide Decl. ¶ 12.  In total, third parties have designated as either Confidential or AEO 1,461 out of the 2,700 pages produced.  *Id*.  Although Koch claims that eliminating the order will not affect these third party designations, he does not explain how this could possibly be the case, or how third parties will be able to produce confidential documents going forward if there is no Order.  As far as Greenberg is aware, Koch did not give notice of his motion to any of the third parties who have testified or who have produced documents in this action under the belief that their testimony and documents would be protected by the Order.

### C.     <u>Koch's Failure To Meet And Confer</u>

Koch seeks to overturn the Order and all of Greenberg's designations, but has not met and conferred as required by the Order.   Although Koch objected to some of Greenberg's designations between May and mid-July 2010, the vast majority of the designations to which Koch objects were made after that.  Hespenheide Decl. ¶¶ 13-15.  Koch's counsel never raised objections to document designations made by Greenberg after July 20, 2010, and Koch's counsel did not so much as mention Koch's instant motion before filing it.  *Id.*  Moreover, although Local Rule 37.2 requires a party to schedule an informal conference with the Court before bringing a discovery motion, Koch did not pursue such an informal conference prior to filing his motion here.

**D.    Koch's And Goldstein's Violations Of The Order**

As set forth in detail in Greenberg's pending Motion to Enforce the Protective Order and for Sanctions, Koch and Goldstein have intentionally violated the order, and have an ongoing policy of doing so.  Koch admitted in his opposition to Greenberg's motion (on file with the Court) that he improperly sent AEO documents to Goldstein, who then immediately sent the documents to the press and the FBI.  Moreover, even though this Court ordered Koch to identify all disclosures by Goldstein of confidential documents or their contents, Koch and Goldstein concealed an email from Goldstein to the FBI in which Goldstein discussed the contents of the AEO documents and made false statements about Greenberg.  *Id.*, Exh. F (Goldstein Depo.) at 24:21-26:17.  (*See also* Letter from A. Shartsis to The Hon. Debra Freeman dated November 12, 2010).  Finally, Goldstein testified at his deposition that Koch and Goldstein have an ongoing policy of providing documents subject to the Order to law enforcement regardless of the terms of the Order if they feel it is appropriate to do so.  Hespenheide Decl., Exh. F (Goldstein Depo.) at 7:4-22 and 10:11-11:8.

**E.    Koch's Book**

Despite exhaustive briefing over Goldstein's role in this litigation and the propriety of sending him Confidential and AEO documents, Koch has concealed until recently the fact that Goldstein is writing a book about Koch and his so-called "crusade" against counterfeit wine.  Greenberg learned about this book for the first time when Koch produced documents mentioning the book on November 24, 2010.  Hespenheide Decl. ¶ 17.  Koch waited until two weeks after Goldstein's deposition to produce these documents, thus preventing Greenberg from questioning Goldstein about the book.  A document produced by Koch reveals that Goldstein has already written 180 pages.  *Id.*, Exh. G (Transcript of *Vanity Fair* interview of Goldstein).  Thereafter, Koch's counsel confirmed that the book includes discussion of Greenberg.  *Id.*, Exh. H (Email

correspondence between Wessel and Cialone).  Greenberg has demanded that Koch produce the book draft, but he has refused to do so.  *Id.*  If Koch will not change his position, Greenberg will file a motion to compel on this issue.

## III.  ARGUMENT

### A.  Koch's Motion Should Be Denied For His Failure To Abide By The Procedural Rules Of This Court.

Local Rule 37.2 provides:

> ***No motion*** under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure ***shall be heard*** unless counsel for the moving party has first requested an informal conference with the court and such request has either been denied or the discovery dispute has not been resolved as a result of such a conference.

L.R. 37.2 (emphasis added).  Obviously, Koch's motion asking the Court to eliminate the Protective Order in this case and to remove the confidentiality designations on thousands of documents produced in discovery falls within the scope of Federal Rules of Civil Procedure 26(c) (addressing protective orders) and 37 (addressing production of documents).  Koch's motion should be denied on this basis alone.

### B.  Koch Cannot Meet The Heightened Burden For Vacating A Protective Order.

If the Court decides to allow Koch's motion to proceed despite his procedural failures, Koch bears a heavy burden with respect to his attempt to vacate the Order.  Under controlling law, a party seeking to vacate a protective order entered pursuant to Federal Rule of Civil Procedure 26(c) must make "a showing of improvidence in the grant of [the order] or some extraordinary circumstance or compelling need."  *Martindell v. International Tel. & Tel. Co.*, 594 F.2d 291, 296 (2d Cir. 1979).  *See also In re September 11 Litigation*, 262 F.R.D. 274 (S.D.N.Y. 2009) (same).  In *Martindell*, the appellate court upheld the district court's denial of a motion by the government (who was not party to the case) to vacate a previously-entered

protective order so that it could use discovery from the civil case as part of a pending criminal investigation.   The court reasoned that in the absence of the showing set forth above, an individual who produces documents or gives testimony believing they will be protected by a protective order in place at the time should be entitled to rely on the its continued enforceability. The court explained:

> [T]he vital function of a protective order issued under Rule 26(c) . . . is to 'secure the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant.  This objective represents the cornerstone of our administration of civil justice.  Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences.

*Id.* at 295 (internal citations omitted).

Koch cannot meet this heightened burden.  He stipulated to entry of the Order more than one year ago, so he cannot possibly now claim that there was "improvidence in the grant" of the Order.   Moreover, as set forth below, Koch has failed to demonstrate any "extraordinary circumstance" or "compelling need" for overturning the Order.  To the contrary, none of Koch's purported reasons for vacating the Order has any merit, and the facts show that his true motivations are improper.

The Second Circuit has held that "[i]t is . . . presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied."  *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) (allowing access to transcripts of depositions taken before protective order was entered).  Koch cites several cases that reference the proposition that it is unreasonable for parties to rely on an umbrella or blanket protective order.  This is not an absolute rule, however.  Rather, a court must determine whether the party seeking to uphold the protective order reasonably relied given the particular facts and

circumstances of the case. *See generally In re September 11 Litigation*, supra (applying *Martindell* standard and denying motion to set aside confidentiality designations made under protective order submitted jointly by parties).

In this case, the Order is not temporary or limited. Rather, it expressly provides that the obligations created by the Order will survive the termination of this action and that the Court shall retain jurisdiction, even after termination of the action, to enforce the Order. Hespenheide Decl., Exh. A ¶ 13. In fact, the Court invited the parties to submit a proposed confidentiality order after Greenberg raised concerns about privacy, embarrassment and harassment in several motions to quash subpoenas Koch issued to third parties. Greenberg had already objected to production of any documents prior to entry of an appropriate protective order by the Court in his responses to Koch's written discovery. *Cf.* Greenberg Decl. ¶ 9 (Greenberg relied on Order in producing documents). This case, therefore, most closely resembles the *Sept. 11 Litigation* case. It was reasonable for Greenberg and third parties to rely on the Order.

**C.     The Law Supports Upholding The Current Protective Order.**

Despite having previously agreed to the Order while represented by two law firms, Koch now makes the untimely assertion that the Order is contrary to the law. But the cases Koch cites, all of which were published before Koch agreed to the Order, speak only to the burden of ***persuasion***. The Order leaves the burden of persuasion exactly where those cases say it should be, on the party or third party who designates a document as Confidential.[1] The Order merely requires that the party who challenges confidentiality file the opening and reply memoranda, a procedural provision that does not change the burden of persuasion. Accordingly, the Order is completely consistent with the law.

---

[1]      In fact, Greenberg has previously noted to this Court that, in the one challenge to a confidentiality designation that has actually been made, Koch as the designating party had the burden of persuasion, even though Greenberg as the challenging party had the burden of filing the motion. Hespenheide Decl., Exh. E.

Koch also misrepresents the cases he relies upon by asserting that they require the party claiming confidentiality to file a motion and make an affirmative showing before making a designation.  No case has ever required this, and for good reason.  In this case, as in many cases where confidentiality orders are issued, the core issues as to which most discovery relates concern the sensitive business and personal information that the parties want and are entitled to keep confidential.  This case is about the fine wine business.  Greenberg is in that business.  Greenberg Decl. ¶ 2 and Exh. A.  Accordingly, he has thousands of documents containing non-public commercial information that have been produced or may be produced in this litigation.  *Id.*  Under Koch's proposed scheme, Greenberg would have to bring a motion, and the Court would have to adjudicate that motion, with respect tot every such document produced.  This would be entirely unworkable.

The very authority on which Koch purports to rely rejects his proposed system.  Koch cites *U.S. v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048-49 (2d Cir. 1995) in support of his request to make all documents produced in discovery publicly available, but the *Amodeo* court expressly rejected such a scheme:

> ***Unlimited access to every item turned up in the course of litigation would be unthinkable.***  Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information. . . .

> . . . Moreover, a court can strike a pleading as scurrilous under Federal Rule of Civil Procedure 12(f) whereas it is powerless to discredit every statement or document turned up in the course of litigation.

> \*      \*      \*

> Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [in favor of public access] is low and amounts to little more than a prediction of public access absent a countervailing reason.  ***Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach***, and stand on a different footing than . . . a motion filed by a party seeking action by the court . . . .

*Id.* at 1048-50 (internal citations omitted) (emphasis added).  *Amodeo II* states only the well-established principle (which Greenberg does not dispute) that a party seeking to file "judicial documents" under seal bears the burden of establishing that the documents are confidential; indeed, the *Amodeo II* court expressly limited the presumption of public access to documents filed with the court in support of a request for court action.  *Id.*  The other cases that Koch cites fail to support his position for the same reasons.

### D.    Greenberg Has Not Violated The Order.

Koch argues that the Order should be eliminated because Greenberg has violated it by sending a single email to Frank Komorowski, a third party:

> Frank:  I am in a deposition with Brad Goldstein.  He attributes to you statements that Sotheby's rejected 1/3 of my cellar directly to you.  This is not true and evidence in this case is on record supporting it.  I cannot imagine someone of your impeccable reputation making those statements.   Do you tell this to Mr. Goldstein?  Many thanks, Eric.

Mot. at 3-4.  By this email Greenberg was simply confirming whether Komorowski made the statement attributed to him by Goldstein – hardly a disclosure of confidential information. Greenberg had no other way to determine whether Komorowski made the statement.

The Order in this case specifically provides that disclosure of information to the "author" of the information is ***not*** prohibited by, and thus is not a violation of, the Order:

> (f)    Exceptions.  The limitations on disclosure contained in this Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were authors or addressees of those documents, or who actually received copies prior to the commencement of this lawsuit.

Hespenheide Decl., Exh. A ¶ 4(f).  Although the Order speaks in terms of "documents," it must, logically speaking, apply to deposition testimony about an alleged statement by a third party, as well.  If, for example, Goldstein had testified at his deposition that a document allegedly containing a statement about Greenberg was authored by Komorowski, Greenberg would

unquestionably be entitled to show the document to Komorowski and ask him whether he in fact authored it.  The same reasoning and rationale must necessarily apply to an oral statement.

Despite arguing that Greenberg has repeatedly violated the Order, the single communication with Komorowski about Komorowski is the only claimed violation Koch alleges. Other than that single permitted disclosure, Koch's only other "evidence" that Greenberg has violated the Order is that Greenberg has attended most depositions and has used his Blackberry during such depositions.  This, of course, is not prohibited by the Order and is irrelevant.

**E.   Greenberg's Designations Are Proper.**

Koch argues at length that Greenberg's designations are inappropriate, but he does not cite any authority or make any evidentiary showing on this point.  Moreover, Koch did not meet and confer as to the vast majority of Greenberg's designations as required by the Order, and has not previously filed a challenge with the Court of any of Greenberg's confidentiality designations, even those filed under seal in support of previous motions.  Accordingly, Koch should not now be allowed to burden Greenberg with justifying thousands of designations when Koch has not identified what he contends is wrong with them.  Although Koch's failure to meet and confer and failure to comply with Local Rule 37.2 provide ample justification for denying Koch's motion, it is also the case the Greenberg's designations are entirely proper under the Order and under the law, as set forth below.

**1.   Greenberg's "Confidential" designations are proper because he is in the wine business.**

The Order defines "Confidential Information" as "trade secrets; proprietary, non-public, and competitively sensitive information, such as customer lists and contacts; non-public financial information (whether personal or corporate); and personal identifying information." Hespenheide Decl., Exh. A ¶ 2.  The documents and deposition testimony that Greenberg has designated as Confidential all fall squarely within this definition.

Greenberg is in the business of buying and selling wine, especially fine and rare wine. He owns a private company, Innovation Wines LLC, through which he transacts this business. Greenberg Decl. ¶ 2 and Exh. A.  Accordingly, which wines Greenberg owns or does not own, how much he paid for them, where he purchased them, to whom he sold them, prices of sale, and his marketing and negotiating strategies are all "non-public and competitively sensitive information" with value to Greenberg's – or his competitors' – wine business. *Id.*  Koch has also designated such information as Confidential as recently as several weeks ago, but does not mention, much less explain, this contradiction in his motion.

In his motion, Koch recognizes that customer lists are deserving of protection and should be kept confidential (Mot. at 5), but he concludes – without authority, factual basis or even an explanation – that none of the documents produced by Greenberg qualify as a customer list.  In fact, if the documents that Greenberg has produced in this case and designated as Confidential were de-designated, a substantial portion of Greenberg's customer and source lists for his wine business would be disclosed to the public, including to his competitors.  Greenberg Decl. ¶¶ 3-4.

Koch claims that Greenberg has "overused" and "abused" the Order based on the fact that Greenberg has designated as Confidential a large number of the documents he has produced in this litigation.  This, however, is simply a function of the subject matter of this case in conjunction with the nature of Greenberg's business.  Put simply, the case is about Greenberg's wine business, so most of the documents are related to Greenberg's (privately-owned) wine business and, therefore, are confidential.  Koch also argues that Greenberg has improperly designated the entire depositions of several witnesses as Confidential, but Greenberg's counsel informed Koch's counsel at the time that these were temporary designations, and has made more narrow designations since then.  Hespenheide Decl., Exhs. I-J (Hespenheide letter and Munzinger email correspondence to Pollock).

### 2.    Greenberg's "AEO" designations are proper, particularly given Koch's violations of the Order.

The only documents that Greenberg has designated as AEO under the Order are documents relating to Greenberg's insurance claim to Fireman's Fund regarding the Royal dispute.  Hespenheide Decl. ¶ 4.  These designations are proper under the Order and under the circumstances here.  As set forth above, the Fireman's Fund documents contain non-public information regarding Greenberg's business of selling wine, including lists of his wine, their sources and value, as well as Greenberg's identifying information and personal financial information.  Accordingly, these documents satisfy the first requirement under the Order that documents designated AEO must meet the standard for "Confidential" information.

The Fireman's Fund documents also meet the second requirement for documents to be designated AEO – that is, they contain information "that is reasonably likely to interfere with a person's business or personal affairs if seen by persons other than attorneys."  Koch argues that the documents designated AEO by Greenberg do not meet this standard because Koch is not Greenberg's competitor, but this argument fails for several reasons.  First, it is not true.  Koch, like Greenberg, collects rare and fine wine, which by definition is in very limited supply.  Accordingly, they are in direct competition in this narrow sphere of business.

Second, even if Koch were not Greenberg's competitor, the Order does not limit AEO designations to situations where the parties compete with each other.  Rather, the Order sets forth a standard that takes into account the circumstances at hand and gives the Court discretion in determining whether these circumstances indicate a reasonable risk of interference with a party's business or personal life.  Here, Koch's and his agent Brad Goldstein's ***intentional and ongoing*** violations of the Order for the purposes of waging a war in the press against Greenberg, destroying his reputation and spurring a criminal investigation establish that if Koch or any of his agents other than his counsel obtain sensitive documents, they are "reasonably likely to interfere

with [Greenberg's] business or personal affairs."  Koch's use of this information for personal glorification and commercial purposes by means of the book Goldstein is writing is further justification for Greenberg's AEO designations.  (The same is true for Greenberg's limited AEO designations of his personal information in the Cortes deposition transcript.)

Koch cites *Unico American Corp. v. Crusader Captive Services, LLC*, 2006 WL 2355524, at *2 (N.D. Ill. 2006), for the proposition that two-tier protective orders that allow for AEO designations are improper.  *Unico*, however, was decided on its unique facts and does not broadly condemn two-tier protective orders.  (Such orders are routinely entered by courts.)  The instant case is distinguishable from Unico in that there was no evidence in that case that the parties would intentionally send confidential documents to the press and the FBI in violation of the protective order if disclosure were not limited to counsel.  Here, Koch and Goldstein have demonstrated the need for an AEO tier in the Order.

### 3.    Greenberg has not waived the right to make his designations.

Koch argues that Greenberg has waived the right to designate his entire wine inventory as Confidential because Greenberg has published limited lists of some of his wines in connection with auctions.  Mot. at 6.  Aside from referring to auction information, Koch does not attach or reference a single list of wine that Greenberg has made public.  Moreover, Koch's argument is based on the plainly erroneous proposition that Greenberg publishes his ***entire*** wine inventory when he chooses to auction particular bottles.  Greenberg does, of course, publish the identity of some of his wines when he chooses to auction them – often through publication of an auction catalog.[2]  By doing so, however, Greenberg does not waive his right to keep his overall inventory confidential.

---

[2]       Greenberg has not designated as Confidential any auction catalogs he has produced in this case. Hespenheide Decl. ¶ 22.

Koch also argues that Greenberg waived his right to designate the Fireman's Fund documents as Confidential by providing them to his insurer as a part of an insurance claim and by sending them to opposing counsel in connection with potential litigation.  This argument is ridiculous on its face.  Under Koch's theory, any time someone provided his or her social security number on a loan application, that individual would waive the right in later litigation to designate as confidential documents disclosing his or her social security number.  Furthermore, in this case, the past disclosures referenced by Koch were themselves confidential:  Greenberg's insurer owes him a legal duty to keep his claim confidential, and the documents in question were provided to Royal's counsel only as a part of confidential settlement communications. Greenberg Decl. ¶ 7.

## F.   Koch's Motion Assumes Facts That He Has Not Proven And Cannot Prove.

Koch argues, with no support whatsoever, that Greenberg's documents are not confidential because they relate to Greenberg's sale of counterfeit wine, and even goes so far as to suggest that the Court, by allowing Greenberg to designate documents Confidential as part of the discovery process, is aiding Greenberg in fraudulently selling counterfeit wine.  This argument, of course, assumes that Greenberg is guilty until proven innocent, or that it has already been established that Greenberg knowingly sold counterfeit wine.  In fact, neither assumption is true.  Our legal system assumes that a party is innocent until proven otherwise, and, despite six lawsuits by Koch and millions of dollars in attorneys' fees, no court has determined that any of the wines Koch claims are counterfeit are in fact fake – much less that Greenberg intentionally sold Koch fake wine.

G.     **Greenberg's Protection Of His Rights Is Not Improper.**

Koch accuses Greenberg of trying to silence adverse witnesses, including Koch's expert Edgerton, Greenberg's former house manager Cortes and wine blogger Maureen Downey. First, this is factually incorrect. Greenberg has deposed Edgerton for one day and is seeking to depose him for another day regarding the twenty-five new bottles added by Koch's recent Amended Complaint. Greenberg intends to call Edgerton at trial, and has indicated his importance as a witness in pre-trial filings. Because Edgerton's work and testimony are so flawed, Koch is trying to drop Edgerton as his expert and to prevent him from testifying further. Accordingly, it is Koch, not Greenberg, who is trying to silence Edgerton. Moreover, Greenberg has withdrawn his lawsuit against Edgerton so that Koch cannot use that lawsuit as a pretext for avoiding the reality of Edgerton's testimony and trying to keep the jury from hearing Edgerton's deposition testimony in this matter.[3]

Similarly, Greenberg has never attempted to influence Cortes' testimony. Greenberg informed Cortes through counsel that Greenberg considered Cortes' written non-disclosure agreement to be in full effect and that Greenberg would enforce his rights. This was legal and proper. Moreover, Greenberg did not seek to prevent Cortes' deposition, and, in fact, argued to the court in Texas that Cortes should appear for deposition. Hespenheide Decl., Exh. K (Opp. to Cortes Motion for Protective Order).

As for Downey, ***after*** her deposition, Greenberg's counsel requested a retraction of demonstrably defamatory statements published by Downey on an internet blog to the effect that Greenberg intentionally sold fake wine. Hespenheide Decl., Exh. L (Cialone letter to Wessel).

---

[3]     Greenberg's lawsuit against Edgerton was justified. Greenberg hired Edgerton as a litigation consultant to advise him in Greenberg's dispute with Royal, so communications with Edgerton were attorney-client privileged and work product, which Edgerton has known at all times. Edgerton knowingly provided confidential information and privileged communications to Koch in breach of his obligations to Greenberg. However, Greenberg has determined that being able to present to the jury in this case Edgerton's testimony — which is directly related to the validity of Koch's claims — outweighs the harm to Greenberg from Edgerton's wrongful conduct.

Again, such a request is completely legal and proper, and has absolutely nothing to do with Downey's deposition, which was not designated as Confidential by anyone.

### H.     The Order Does Not Make It Harder For Koch To Litigate This Case.

Koch argues that the Order has unfairly made it more difficult for him to litigate this case because he must file under seal documents designated by Greenberg as Confidential. Koch does not explain, however, how filing a motion or opposition under seal has prejudiced him, nor has he challenged any of the documents Greenberg previously filed under seal until now. In fact, filing under seal has no effect on the litigation. Koch can still rely on any document and does not have to sacrifice making any argument. All he has to do is redact the materials designated Confidential, which takes negligible effort. Such effort would have to be taken even if the Order were modified to shift the burden of filing a motion to seal documents filed with the Court to the designating party, because such an order would still, necessarily, require the parties to treat the designated materials as Confidential until proven otherwise.[4]

### I.     Koch's Real Motivations For His Motion Are Improper.

Koch has brought the instant motion for three reasons that have nothing to do with the lawsuit. First, Koch seeks to escape the consequences of his formal, ongoing policy of disclosing documents designated as Confidential to law enforcement, regardless of this Court's Order, if he believes it is appropriate to do so.

Second, Koch is trying to use his instant Motion as a sur-reply in opposition to Greenberg's pending Motion to Enforce the Protective Order and for Sanctions, in which Greenberg seeks relief for Koch's and Goldstein's wrongful conduct in sending AEO documents to the press and to the FBI and concealing Goldstein's email correspondence to the FBI. Koch

---

[4]     Even if there is any additional cost involved with filing under seal – which Koch understandably does not argue – Koch has already demonstrated that he is willing to spend millions of dollars to litigate a matter in which he has been offered a full refund on three different occasions, dating back to the beginning of the case.

seeks somehow to excuse those violations and practices by arguing that Greenberg has also violated the Order.  But Greenberg's single disclosure to Komorowski regarding a statement attributed to Komorowski was permitted under the Order, and does not excuse the numerous, intentional and continuing violations of the Order by Koch and Goldstein.

Finally, Koch wants the Order stricken so that he can use discovery from this case to glorify himself and make money through the book Goldstein is writing for him.  With the Order out of the way, Koch will be able to use any material he wishes for his book without explaining himself to the Court or giving Greenberg a chance to protect himself.  This may explain why Koch is continuing to litigate this case when he has been offered a full refund.  Without this lawsuit, Koch would never have access to Greenberg's confidential business and personal information for his book.  Moreover, if the Court lifts the Order, Koch will try to use this as a defense if he later publishes false and misleading information about Greenberg in his book.  The Court should not allow Koch manipulate the judicial system and use it for self-promotion and to make a profit.

## IV.   <u>CONCLUSION</u>

For these reasons, Koch's motion should be denied in its entirety, and the Order should remain in place as written.  If Koch seeks to challenge specific documents designated under the Order, then he should follow the procedure set out in the Order – he should first identify the specific documents challenged to Greenberg's counsel, then meet and confer with Greenberg, and then, if the parties cannot reach agreement, request a conference with the Court as required under Local Rule 37.2.

Dated:  December 10, 2010                    Respectfully submitted,


                                             By:_____/s/ Arthur J. Shartsis_____
                                                   ARTHUR J. SHARTSIS
                                                   SHARTSIS FRIESE LLP
                                                   One Maritime Plaza, 18th Floor
                                                   San Francisco, CA  94111
                                                   ashartsis@sflaw.com
                                                   (415) 421-6500

                                                   ANTHONY P. COLES
                                                   DLA PIPER LLP (US)
                                                   1251 Avenue of the Americas
                                                   New York, NY  10020-1104
                                                   anthony.coles@dlapiper.com
                                                   (212) 335-4500


6006\032\1688265.7