UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

WILLIAM I. KOCH, an individual,

       Plaintiff,

       vs.

ERIC GREENBERG, an individual; ZACHYS
WINE & LIQUOR STORE, INC., a New York
corporation; and ZACHYS WINE AUCTIONS,
INC., a New York corporation.

       Defendants.

07 Civ. 09600 (BSJ)(DCF)
ECF Case

------------------------------------- X

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ELIMINATION OR MODIFICATION OF THE PROTECTIVE ORDER; APPLICATION FOR REMOVAL OF CONFIDENTIALITY DESIGNATIONS

IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
(949) 760-0991

-and-

MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Plaintiff*

2353860

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
|   | INTRODUCTION | 1 |
| A. | The Motion Is Ripe For Decision Now | 3 |
| B. | Koch Meets The Applicable Standard For Termination Or Modification Of The Protective Order | 4 |
| C. | Greenberg Effectively Concedes That Judicial Documents Must Be Public Under *Lugosch* | 6 |
| D. | Greenberg's Admission That He Is A Wine Businessman And Not A Wine Collector Does Not Affect The Analysis | 7 |
| E. | Greenberg Continues To Make Improper Designations Under the Protective Order | 7 |
| F. | The Royal Dispute And The Insurance Claim Are Not Confidential | 7 |
| G. | Koch Should Be Permitted To See AEO Information | 9 |
| H. | Koch's Interest In Litigating In Public Is Not Improper | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re September 11 Litigation,*
    262 F.R.D. 274 (S.D.N.Y. 2009) ........................................................................... 4, 5

*Lugosch v. Pyramid Company of Onondaga,*
    435 F.3d 110 (2d Cir. 2006) .................................................................................. 2, 6

*Martindell v. International Tel. & Tel. Co.,*
    594 F.2d 291 (2d Cir. 1979) .................................................................................. 4, 5

*Public Citizen v. Liggett Group, Inc.,*
    858 F.2d 775 (1st Cir. 1988) ...................................................................................... 4

*Schiller v. City of New York,* 04 Civ. 7922 (KMK)(JCF),
    2007 WL 136149 (S.D.N.Y. Jan. 19, 2007) ............................................................... 5

INTRODUCTION

In defendant Eric Greenberg's "Opposition to Motion for Elimination or Modification of Protective Order and For Removal of Confidentiality Designations" ("Opposition" or "Opp.") he admits that he is not a wine collector but rather in the business of trading wine. That is not what the public has been told. For example, in the October 2005 Zachys catalog for the auction that is central to this case, Greenberg is described as "a collector in pursuit of quality." Declaration of Bradley Leimkuhler ("Leimkuhler Decl."), Exh. A (excerpt from Zachys catalog for October 28 and 29, 2005). Now Greenberg admits he is not a collector but "in the business of buying and selling wines" through a company he formed called Innovation Wines, LLC. Eric Greenberg Decl., ¶ 2. According to press reports, over the last five years Greenberg has sold $50 million in wine at auction. Because of his wine trading activity, Greenberg argues that the operations of his business are effectively trade secrets and proprietary and should be kept from public view and, therefore, he has made "thousands of designations" under the Protective Order. Opp. at 13. Greenberg's explanation that he buys wine for the purpose of reselling it does not change the rules as to whether the documents and testimony in this case about the sale of counterfeit wine in 2004 and 2005 and Greenberg's prior purchase and knowledge of that wine should be kept confidential by this Court. They should not be. What wine Greenberg sold in 2004 and 2005 and what he knew about that wine when he sold it does not fit the definition of confidential information in the Protective Order, which should be terminated as to Greenberg, or, in the alternative, the information designated by Greenberg as confidential should be undesignated. Greenberg's concern that public disclosure of such information will potentially hurt his reputation today does not make the information confidential business information under the Protective Order.

2353860

- 1 -

Turning to specifics points addressed (or ignored) in the Opposition:

*Lugosch* – The most important argument made by plaintiff Koch ("Koch") in his "Motion for Elimination or Modification of the Protective Order; Application for Removal of Confidentiality Obligations" (the "Motion and Application") is that under *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the judicial documents filed in this proceeding should be unsealed. One of the main headings in Koch's Motion and Application is: "Judicial Documents and Proceedings Are Presumptively Public and The Record Cannot Be Sealed Without Specific On-The-Record Findings." Motion and Application at 12. Greenberg's 20-page Opposition to Koch's 15-page Motion and Application completely ignores *Lugosch* – even though Koch cited *Lugosch* more than five times. Motion and Application at 4, 11, 12, 13, and 15. Because of this silence, the Court should conclude that Greenberg does not dispute that *Lugosch* applies and that the judicial documents here should be unsealed.

Koch's Designations – Koch, of course, expects a level-playing field in this proceeding. If the Protective Order is terminated for Greenberg, it would be terminated for Koch as well.[1]

Third-Party Designations – Greenberg argues: "Although Koch claims that eliminating the order will not affect these third parties, he does not explain how this could possibly be the case." Opp. at 6. Let us explain – the Protective Order would remain in effect for third-parties.

The Burden on the Court – Greenberg argues that if Koch's motion is granted, "the Court would have to hear and decide a motion on every single . . . document." Opp. at 1.

---

[1] Greenberg's argument that Koch said that he would not produce certain documents (Opp. at 5 and Hespenheide Decl., ¶ 5) has nothing to do with this motion. Koch has simply stated that limitations on discovery should be evenly applied to all parties.

2353860

- 2 -

The argument is nonsense because that burden is placed on the Court either way. Under the current regime, the Court would be burdened with motion practice concerning every single document and line of testimony labeled confidential by Greenberg when such designations are challenged by Koch. At the time the Protective Order was entered, it was not anticipated by Koch that a party would make thousands of designations. Putting the burden on the party designating the information confidential to support that position is entirely fair.

Koch's Respect for This Court's Orders – Greenberg argues: "[Brad] Goldstein testified at his deposition that Koch and Goldstein have an ongoing policy of providing documents subject to the Order to law enforcement regardless of the terms of the Order if they feel it appropriate to do so." Opp. at 7. This does not accurately summarize Goldstein's testimony and there is no evidence that documents other than the Fireman's Fund documents were given to the FBI (which then deleted them). More importantly, plaintiff Koch testified: "There's no such policy that we may violate court orders. There's absolutely no policy of that nature." Leimkuhler Decl., Exh. B (Koch deposition excerpt). Greenberg is being less than forthright with this Court by citing Goldstein's testimony and not mentioning Koch's.

We now turn to Greenberg's substantive arguments.

A.  The Motion Is Ripe For Decision Now

Greenberg contends that Koch failed to meet and confer regarding each confidentiality designation. Koch did meet and confer with Greenberg on many designations, but Greenberg generally refused to remove them. *See* Pollock Decl. ¶ 5 & Exhs. A, B, C, & F. At this point, meeting and conferring as to every single document and line of deposition testimony that Greenberg has designated confidential is not feasible. Greenberg has designated thousands of pages of documents produced in this litigation as confidential, along with hundreds of pages of deposition testimony. *See e.g.* Motion and

Application at Appendix A; *see also* Hespenheide Decl., Exh. J; Leimkuhler Decl., Exh. C. It is this abuse of the Protective Order that Koch seeks to stop by his Motion and Application.

Greenberg further contends that Local Rule 37.2 bars this motion because there has been no preliminary "informal conference with the court." However, the Protective Order specifically provides that after counsel has notified other counsel of an objection to designations and have met and conferred, "objecting counsel may then apply to the Court for a determination of whether the designation should be removed." Wessel Decl. Ex. A at ¶ 5; *see also* ¶ 12. The Protective Order by its terms permits this motion.

B.  Koch Meets The Applicable Standard For Termination Or Modification Of The Protective Order

Greenberg argues that the Protective Order, because it is in place, is somehow sacrosanct. That is not correct. Where a protective order is issued to facilitate discovery, there is no bar on the Court adjusting or removing that order later in the case. "To begin with, the protective order modified by the district court was a blanket protective order, . . . . Although such blanket protective orders may be useful in expediting the flow of pretrial discovery materials, they are by nature over inclusive and are, therefore, peculiarly subject to later modification." *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988).

The Protective Order, even if certain aspects were stipulated to by the parties, is still a court order and courts have full authority to terminate or modify their own orders if the circumstances warrant. Greenberg cites *Martindell v. International Tel. & Tel. Co.*, 594 F.2d 291, 296 (2d Cir. 1979) and *In re September 11 Litigation*, 262 F.R.D. 274 (S.D.N.Y. 2009) for the argument that there is a "heightened burden" for parties who seek to modify protective orders because other parties may have relied on the order in producing

2353860                           - 4 -

documents. Greenberg argues that Koch must show that the order was improvidently granted or that there is some extraordinary circumstance or compelling need to change the order. Opp. at 8.

First, Koch can meet that test. Koch has demonstrated that Greenberg's mass designations under the Protective Order largely include information that is not close to being a trade secret or "proprietary, non-public, and competitively sensitive business information." Wessel Decl., Exh. A (Protective Order). If a party abuses its discretionary rights under the Protective Order by misusing it, that presents the circumstance where a court can and should terminate or modify the order.

Second, as a matter of law, the burden that Greenberg seeks to impose on Koch is not applicable here, as explained in *Schiller v. City of New York*, 04 Civ. 7922 (KMK)(JCF), 2007 WL 136149 (S.D.N.Y. Jan. 19, 2007). *See* Motion and Application at 14. Greenberg ignores this case. *Schiller* explains that where a party under a protective order has a unilateral right to designate information as confidential without a showing of good cause, the *Martindell* heightened standard is not applicable.

Finally, *In re September 11 Litigation* does not support Greenberg's argument that he reasonably relied on the Protective Order in making his production and permitting depositions to go forward. *In re September 11 Litigation* explains: "An examination of Second Circuit case law reveals the following factors are relevant when determining whether a party has reasonably relied on the protective order (1) the scope of the protective order; (2) the language of the protective order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." *In re September 11 Litigation*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (citation omitted). Here, the Protective Order by its terms explained that designations could be challenged, and this Court

2353860

- 5 -

made no findings of "good cause" as to any specific information when it entered the Order. Further, it was not reasonable for Greenberg to assume that a party could abuse the Protective Order and over-designate documents and then claim reliance on the Order itself.

When asked at his deposition to explain why information had been designated as confidential under the Protective Order, Greenberg refused to answer. Leimkuhler Decl., Exh. D (Greenberg deposition excerpt). This is evidence of Greenberg's misuse of the Protective Order. He could not or would not justify his designations under the Order.

C. Greenberg Effectively Concedes That Judicial Documents Must Be Public Under *Lugosch*

Koch's Motion and Application explain that at this stage of the proceedings, the "requirement that parties file 'judicial documents' under seal is inconsistent with the presumptions under common law and the First Amendment that courts must be open to the public, with rare and narrow exceptions." Motion and Application at 4 and 12-13 (citing *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006)). Greenberg in his Opposition makes no effort to explain to the Court why the judicial documents that are currently under seal in this case deserve such treatment. Therefore, Koch's motion should be granted as to the documents currently under seal, and that should happen immediately. As explained by the Second Circuit in *Lugosch*, if a Court is going to keep judicial documents under seal, it must make findings promptly or make the documents public: "We take this opportunity to emphasize that the district court must make its findings quickly. Our public access cases and those in other circuits emphasize the importance of immediate access where a right to access is found." *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006).

D.  Greenberg's Admission That He Is A Wine Businessman And Not A Wine Collector Does Not Affect The Analysis

Greenberg argues that because he is the business of "buying and selling wine," then "which wines Greenberg owns or does not own, how much he paid for them, where he purchased them, to whom he sold them, prices of sale, and his marketing and negotiating strategies" are all "non-public competitively sensitive information." Opp. at 14. Discovery in this case has been focused on the counterfeit wine that Koch bought from Greenberg at auction in 2004 and 2005 and on events that took place before those auctions. None of this implicates Greenberg's current wine trading business. The wine sold to Koch in 2004 and 2005 is not a secret – it is information Koch has disclosed and has a right to disclose. Greenberg should not be permitted to keep secret from where he got that wine and the information that he had at that time as to whether it was counterfeit or genuine.

E.  Greenberg Continues To Make Improper Designations Under the Protective Order

Greenberg recently designated hundreds of questions and answers under the Protective Order. These designations are summarized in Exhibit E to the Leimkuhler Declaration. This gives a flavor of the willingness of Greenberg to misuse the Protective Order and designate testimony as confidential when it is innocuous. Leimkuhler Decl., Exh. E. Because Koch does not want to file this brief under seal, we refer the Court to the chart of allegedly confidential testimony, which is necessarily filed under seal. The topics that Greenberg considers confidential are the best evidence of his misuse of the Protective Order.

F.  The Royal Dispute And The Insurance Claim Are Not Confidential

One of the remarkable things about Greenberg's claimed interest in keeping matters relating to the Royal dispute confidential is that before this lawsuit, he was willing to talk to anyone and everyone about the dispute. Indeed, in a conversation with Koch, Greenberg explained the Royal matter. Leimkuhler Decl., Exhs. B, D, & F. (testimony of Koch and

Greenberg about their discussion of Royal). Moreover, Jeff Sokolin of Royal testified about Greenberg's loquaciousness about the matter:

> Q: Did Mr. Greenberg tell anyone other than his lawyers, to your knowledge, that Royal had sold him counterfeit wine?
>
> A: Yes, he had.
>
> Q: Okay. Who had he said that to?
>
> A: Many people.
>
> Q: Can you tell us who?
>
> A: Anybody who would listen to him.

Leimkuhler Decl., Exh. G (Sokolin deposition excerpt).

Greenberg contends that he is contractually prohibited from discussing the matter further and this Court should respect that contract. Opp. at 1 ("Many of Greenberg's documents are subject to a written confidentiality agreement with a third party [presumably Royal].") Greenberg does not give the Court the claimed "written confidentiality agreement." Koch provides it to the Court now. Leimkuhler Decl., Exh. H (Royal settlement agreement). The contract is not nearly as sweeping as Greenberg contends. It does not prohibit disclosure of what happened and does not mandate confidentiality of all matters related to Greenberg, Royal, and the counterfeit wine. More importantly, the contract between Royal and Greenberg is not binding on this Court. If the resolution of the Royal dispute is relevant to this case – and it is – this Court can permit a discussion in open court of that dispute even if Greenberg and Royal would prefer otherwise.

As to the communication with Fireman's Fund Insurance, Greenberg admitted at his deposition that when he filed his claim with Fireman's Fund, the company had the right to investigate. Leimkuhler Decl., Exh. D (Greenberg deposition excerpt). Such an

investigation by its nature involves discussions with third parties. Greenberg thus permitted and encouraged Fireman's Fund to discuss his claim with whomever the company chose. There was no expectation of confidentiality, and there is nothing inherent in an insurance claim for a loss that makes it confidential.

G.   Koch Should Be Permitted To See AEO Information

In the Motion and Application, Koch explained that it is unfair that he is not allowed to know about and review attorneys' eyes only or AEO information. Motion and Application at 7-9. Litigation should never be for "attorneys only." Litigation should be for clients, and they should be permitted to call the shots and make strategy decisions. Allowing one party (here Greenberg) to keep information from another party (here Koch) is grossly unfair. Greenberg argues that he should be permitted to designate information AEO because "Koch, like Greenberg, collects rare and fine wine, which by definition is in very limited supply. Accordingly, they are in direct competition in this narrow sphere of business." Opp. at 15. Even if this were true, the only documents that Greenberg claims are AEO are his Fireman's Fund insurance claim and the back and forth between lawyers relating to the Royal Wine dispute. These historical documents have nothing to do with today's market and today's prices for wine. Greenberg's argument about the AEO documents makes no sense.

Greenberg admits that he is playing tactical games with the AEO designation of Fireman's Fund documents. Here is what he says in his declaration: "<u>After</u> I learned that Koch and Goldstein had disclosed the confidential Fireman's Fund documents to the press and the FBI, I designated those documents Attorneys' Eyes Only under the Protective Order because I was, and still am, afraid that Koch or his agents will further publicly disclose these documents . . . . " Greenberg Decl., ¶ 7 (emphasis added). Greenberg was motivated to

2353860

- 9 -

designate the documents AEO because they had been made public and because he did not want them disseminated further. It was not because he reasonably believed that they deserved this designation under the Protective Order. When asked at his deposition to defend the designation under the Protective Order, he refused to answer the question. Leimkuher Decl., Exh. D (Greenberg deposition excerpt). While it is clear that Greenberg now wants to limit disclosure of information about the Royal dispute and the Fireman's Fund insurance claim, that desire does not justify the AEO designation.

H.      Koch's Interest In Litigating In Public Is Not Improper

The First Amendment permits public inquiry about pending Court cases. Greenberg thinks it is persuasive to argue that because the wine press is interested in this case, this Court should seal the record at Greenberg's request so that this litigation does not interfere with Greenberg's $50 million wine trading business. Greenberg has it backwards. The public's interest and the press's interest in a proceeding do not compel secrecy, they compel openness. Greenberg states in the Opposition: "Koch argues, with no support whatsoever, that Greenberg's documents are not confidential because they relate to Greenberg's sale of counterfeit wine." Opp. at 17. The support for the statement is in the very documents and testimony that Greenberg wants to shield from public view. Such information is not a "trade secret." It is not "proprietary." It should not be kept secret by a court order. The Motion and Application should be granted.

Dated: December 17, 2010                    IRELL & MANELLA LLP

                                            By:   /s/ Bruce A. Wessel
                                                  Bruce A. Wessel (*pro hac vice*)
                                                  840 Newport Center Drive, Suite 400
                                                  Newport Beach, California 92660-6324
                                                  (949) 760-0991
                                                  bwessel@irell.com

-and-

Edward M. Spiro
Morvillo, Abramowitz, Grand, Iason,
Anello & Bohrer, P.C.
565 Fifth Avenue
New York, New York 10017
espiro@maglaw.com

*Attorneys for Plaintiff*
*WILLIAM I. KOCH*

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On December 17, 2010, I served the foregoing documents described as:
**(1) PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ELIMINATION OR MODIFICATION OF THE PROTECTIVE ORDER; APPLICATION FOR REMOVAL OF CONFIDENTIALITY DESIGNATIONS**
**(2) DECLARATION OF BRADLEY LEIMKUHLER IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ELIMINATION OR MODIFICATION OF THE PROTECTIVE ORDER; APPLICATION FOR REMOVAL OF CONFIDENTIALITY DESIGNATIONS**
on each interested party, as stated on the service list below.

| | |
|---|---|
| Arthur J. Shartsis<br>Frank Cialone<br>Amy L. Hespenheide<br>SHARTSIS FRIESE LLP<br>One Maritime Plaza, 18th Floor<br>San Francisco, CA 94111<br>Email: ashartsis@sflaw.com<br>         fcialone@sflaw.com<br>         ahespenheide@sflaw.com | Deborah A. Skakel<br>Savannah Stevenson<br>DICKSTEIN SHAPIRO LLP<br>1633 Broadway<br>New York, NY 10019<br>Email: skakeld@dicksteinshapiro.com<br>         stevensons@dicksteinshapiro.com |

Anthony Paul Coles
Melinda Waterhouse
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Email: anthony.coles@dlapiper.com
         melinda.waterhouse@dlapiper.com

[X]   **(BY MAIL)** I placed a true copy of the foregoing document(s) in a sealed envelope addressed to each interested party, as stated on the attached service list. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

[ ]   **(BY ELECTRONIC MAIL)** I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as stated on the attached service list, and no error was reported.

Executed on December 17, 2010, at Newport Beach, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Bonnie Blythe (bblythe@irell.com) | /s/ Bonnie Blythe |
|---|---|
| (Type or print name) | (Signature) |

2355500.1 01