UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM I. KOCH, an individual,

        Plaintiff,

             vs.

ERIC GREENBERG, an individual; ZACHYS
WINE & LIQUOR STORE, INC., a New York
corporation; and ZACHYS WINE AUCTIONS,
INC., a New York corporation.

        Defendants.

              07 Civ. 09600 (BSJ)(DCF)
              ECF Case

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO ORDER DATED MAY 24, 2011
RE: DEFENDANT'S DESIGNATION OF DOCUMENTS UNDER THE
PROTECTIVE ORDER**

IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
(949) 760-0991

-and-

MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Plaintiff*

2443357

TABLE OF CONTENTS

Page

I.   BACKGROUND ..................................................................................1

II.  IMPROPERLY DESIGNATED DOCUMENTS .......................................4

   A.   Documents related to ███████████Greenberg's cellar ...............4

   B.   Documents Related to ████████████████
     and Koch's Cellar...........................................................................4

   C.   Documents Related to Greenberg's ███████████
     ███████████ Counterfeit Wine .......................................5

   D.   Documents Related to Greenberg's ███████████
     Claim..............................................................................................5

   E.   Documents related to Greenberg's ██████████..............................6

   F.   Documents related to Greenberg's wine consignment to Zachys. ................7

   G.   Documents related to Greenberg's communications with Rudy
     Kurniawan.......................................................................................7

   H.   Documents related to the deposition testimony of Stephen Selover ............8

   I.   Invoices for wine at issue in this litigation. .................................8

   J.   Other Documents Reflecting Greenberg's Awareness That Wines
     in His Cellar Were Counterfeit ....................................................9

III. IMPROPERLY DESIGNATED DEPOSITION TESTIMONY ..................9

   A.   Lori Atherton ................................................................................9

   B.   Richard Brierley.............................................................................10

   C.   Jaime Cortes..................................................................................10

   D.   Jim Elroy.......................................................................................11

   E.   Brad Goldstein ..............................................................................11

   F.   Eric Greenberg..............................................................................11

   G.   Thierry Lovato ..............................................................................12

   H.   Jamie Ritchie ................................................................................12

<u>Page</u>

     I.      Jeff Sokolin ...................................................................................... 13

     J.      Serena Sutcliffe.................................................................................. 13

     K.     Jeff Zacharia .................................................................................... 13

CONCLUSION............................................................................................................... 14

TABLE OF AUTHORITIES

Page

**Cases**

*Akron Beach Journal v. Metropolitan Life Insurance Co.,*
        1995 WL 234710 (April 20, 1995) ............................................................................ 3

*In re Parmalat Sec. Litig.,*
        258 F.R.D. 236  (S.D.N.Y. 2009) .............................................................................. 3

*Orwasher v. A. Orwasher, Inc.,*
        09 Civ. 1081 (VM)(JCF), 2010 WL 2017254  (S.D.N.Y. May 20, 2010) ................. 2

*Salomon Smith Barney, Inc. v. HBO & Co.,* 98 Civ. 8721 (LAK), 2001 WL
        225040 (S.D.N.Y. Mar. 7, 2001) .............................................................................. 3

*U2 Home Entertainment, Inc. v. KyLin TV, Inc.,*
        06-CV-2770 (DLI), 2008 WL 1771913 (E.D.N.Y. Apr. 15, 2008) ............................ 2

**Rules**

FRCP 26 ..................................................................................................................... 2, 3

As directed by the Court's Order of May 24, 2011, Plaintiff William I. Koch ("Plaintiff" or "Koch") submits this memorandum with attached appendix and exhibits in support of his motion for modification of the protective order and applications for removal of Defendant Eric Greenberg's ("Defendant" or "Greenberg") improper confidentiality designations.

## I.    BACKGROUND

On August 7, 2009, the Court entered a Confidentiality and Protective Order (the "Protective Order"). The Protective Order provides that a party may designate documents and testimony as "Confidential Information" or as "Confidential – Attorney Eyes Only Information." "Confidential Information" is defined as "trade secrets; proprietary, non-public, and competitively sensitive business information, such as customer lists and contracts; non-public financial information (whether personal of corporate); and personal identifying information." Protective Order at ¶ 2. "Confidential – Attorney Eyes Only Information" is defined as "highly sensitive 'Confidential Information' that is reasonably likely to interfere with a person's business or personal affairs if seen by persons other than attorneys." *Id.*

Defendant, seeking to shield certain damning evidence from public view, has abused the Protective Order. He has designated a broad swath of documents and testimony that do not satisfy the definitions set forth above. For that reason, in November 2010, Plaintiff moved to eliminate the Protective Order. In the alternative, Plaintiff moved to modify the Protective Order, and applied to de-designate documents and testimony that Defendant improperly designated under the Protective Order. On May 24, 2011, the Court denied the motion to vacate the Protective Order. As to the alternative relief Plaintiff sought— modification of the Protective Order and de-designation of documents—the Court concluded

that it would benefit from "additional, more specific, submissions." To that end, the Court directed Plaintiff to serve and submit a "representative sample" of the documents and deposition testimony that Greenberg has improperly designated "Confidential Information" or "Confidential-Attorneys' Eyes Only Information." Plaintiff provides such a representative sample herein.

As the Court recognized when it directed Koch to provide a "representative sample," Greenberg's designations are voluminous. To include all, most, or even a substantial portion of the documents and testimony that Greenberg has improperly designated would be unfeasible and unproductive. The samples that Koch submits are therefore illustrative and non-exclusive. Koch submits them without prejudice to his future right and ability to challenge any other improper designation, whenever made.

Koch further submits, at the Court's direction, a document-by-document explanation why the designation of each sample is improper. The explanations are provided in Appendix A. Koch provides these explanations in spite of the fact that he cannot know the purported basis for Defendant's improper designations. The burden to justify confidential designations rests on the designating party. Federal Rule of Civil Procedure 26(c)(1)(G) permits a court to keep confidential "trade secret or other confidential research, development, or commercial information," but only where "good cause" is shown. Furthermore, Rule 26 requires that a party seeking to impose limits on use of evidence has the burden of explaining why such limitations are appropriate. *Cf. Orwasher v. A. Orwasher, Inc.*, 09 Civ. 1081 (VM)(JCF), 2010 WL 2017254, at *3 (S.D.N.Y. May 20, 2010) (burden properly placed on designating party to show there is good cause for documents to be marked confidential or highly confidential); *U2 Home Entertainment, Inc. v. KyLin TV, Inc.*, 06-CV-2770 (DLI), 2008 WL 1771913, at *2 (E.D.N.Y. Apr. 15, 2008)

(same); *See also Akron Beach Journal v. Metropolitan Life Insurance Co.*, 94 Civ. 1402 (CSH), 1995 WL 234710, at *12 (S.D.N.Y. April 20, 1995) ("the good cause requirement [of Rule 26] acts as a guardian of the public's right of access to discovery documents by requiring parties to make a threshold showing before documents will be withheld from public view").

This case is about counterfeit wine and public auctions. This case does not involve trade secrets or comparable information deserving of protection under Federal Rule of Civil Procedure 26. "[T]he fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Salomon Smith Barney, Inc. v. HBO & Co.*, 98 Civ. 8721 (LAK), 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001) ("Implicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public."). "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.* Greenberg has neither justified nor attempted to justify the confidential designation he placed on each of the representative samples below.

## II.   IMPROPERLY DESIGNATED DOCUMENTS

Greenberg improperly designated as "Confidential Information" or "Confidential – Attorney Eyes Only Information" the following categories of documents.

### A.    Documents related to ███████████ Greenberg's cellar

Greenberg has improperly designated as "Confidential Information" voluminous documents related to ███████████ Greenberg's cellar. Such documents include

without limitation GRE000335-399; 758; 760-815; 869; and 2340-41.  To provide the Court

a representative sample of the improperly designated documents of this nature, Plaintiff

attaches GRE 0377-88; 391; and 869 as Exhibits 1, 2, and 3, respectively.  None of these

three representative samples satisfies the Protective Order's definition of "Confidential

Information," for the reasons set forth in Appendix A.  ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

**B.    Documents Related to** ████████████████████
**Koch's Cellar**

Greenberg has improperly designated as "Confidential Information" voluminous

documents related to ████████████████Greenberg's cellar.  Such documents

include without limitation various documents at EDGE 00269-650; 2518-33; 2535; 2540-45;

2830-45; 2847; and 2852-57.  These documents show that ██████████████████

████████████████████████.  To provide the Court a representative

sample of the improperly designated documents of this nature, Plaintiff attaches

EDGE000313 as Exhibit 4.  This representative sample fails to satisfy the Protective Order's

definition of "Confidential Information," for the reasons set forth in Appendix A.

**C.    Documents Related to** ████████████████████
████████ **Counterfeit Wine**

Greenberg has improperly designated as "Confidential Information," and

"Confidential - Attorney Eyes Only Information" voluminous documents related to ███

████████████████████████counterfeit wine.  Such documents include

without limitation C 0001-252; 253-54 (designated Confidential – AEO); GRE 0400-411;

and 716-733.  To provide the Court a representative sample of the improperly designated

documents of this nature, Plaintiff attaches C 0011-19; C0052; and C 0060-75 as Exhibits 6,

7, and 8, respectively.  None of these three representative samples satisfies the Protective

Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

**D.**   **Documents Related to** ███████████████████████

Greenberg has improperly designated as "Confidential Information" and

"Confidential -Attorney Eyes Only Information" voluminous documents related to █

████████████████████████████████████.  ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████

Nevertheless, Greenberg designated numerous documents related to the claim,

including without limitation FF000423 (designated Confidential), and FF000006-041, 046-

71, 347, 353-376, 382-400, and 405-420 (designated Confidential - AEO).  Meanwhile,

Greenberg has agreed that certain other documents related to ████████████████ are

not confidential.

Shortly after ████████████ produced additional documents in February of this year,

Greenberg designated as "Confidential - Attorneys Eyes Only" FF000331 and 334-36,

particularly damaging pages of an ████████████████████ in which Greenberg

had no proper confidential interest.  The designation served only to shield embarrassing

facts from public view.  Not until nearly a month later, in March of this year, did Greenberg

relent, and remove the designations from these particular pages.  Greenberg repeated a

similar procedure with respect to FF001-5, 42-45, & 72.  To provide the Court a

representative sample of the documents related to his ████████████ that Greenberg

2443357                                              - 5 -

concedes are not confidential, Plaintiff attaches FF000334-36 as Exhibit 9.  Most of

Greenberg's improper designations of documents related to █████████████████████

█████████ remain outstanding.

To provide the Court with a representative sample of the improperly designated

documents of this nature, Plaintiff attaches FF000006-10; 017-31; 353-61 as Exhibits 10, 11,

and 12, respectively.  None of these three representative samples satisfies the Protective

Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

**E.      Documents related to Greenberg's ██████████████████████**

Greenberg has improperly designated as "Confidential Information" and

"Confidential –Attorney Eyes Only Information" documents related to ████████████████████

████████████   In addition to the ███████████████████  ████████████Greenberg

████████████████████████.  ████████████████████, Greenberg has no basis on which

to argue that any documents related to █████████████████████████████████████████

█████contain trade secrets or other sensitive business information.  Nevertheless, he

designated numerous documents, including without limitation CHARTIS001; 015-18; 031

(designated Confidential), and CHARTIS002-14; 019-30; and 032-34 (designated

Confidential – AEO).  To provide the Court a representative sample of the improperly

designated documents of this nature, Plaintiff attaches CHARTIS014 and CHARTIS019-30

as Exhibits 13 and 14, respectively.  Neither of these two representative samples satisfies the

Protective Order's definition of "Confidential Information," let alone its definition of

"Confidential – Attorney Eyes Only Information," for the reasons set forth in Appendix A.

**F.      Documents related to Greenberg's wine consignment to Zachys.**

Greenberg has improperly designated as "Confidential Information" voluminous

documents related to his consignment of wine to Zachys.  Such documents include without

limitation GRE000271-399; 870-881; 896-1133; 1278-1913; 1917-2110; 2395-2480; 2491;

2499-2502; 2614; 3000-4526; 4530-4540; 4543-4545; 4548-4554; 4641-4669; 4752-4754;

4959-4965; and 5045-5127.  To provide the Court a representative sample of the improperly

designated documents of this nature, Plaintiff attaches GRE 1968-70; 1971-72; and 2058-

2110 as Exhibits 15, 16, and 17, respectively.  None of these three representative samples

satisfies the Protective Order's definition of "Confidential Information," for the reasons set

forth in Appendix A.

### G.    Documents related to Greenberg's communications with Rudy Kurniawan

Greenberg has improperly designated as "Confidential Information" documents

related to Greenberg's communications with Rudy Kurniawan.  Such documents include

without limitation GRE002378-79; 4527-29; 4541-42; 4546-47; 4560; and 5213-14.  To

provide the Court a representative sample of the improperly designated documents of this

nature that Greenberg improperly designated, Plaintiff attaches GRE 2378-79 and 4542 as

Exhibits 18 and 19, respectively.  None of the three representative samples satisfies the

Protective Order's definition of "Confidential Information," for the reasons set forth in

Appendix A.

### H.    Documents related to the deposition testimony of Stephen Selover

Greenberg has improperly designated as "Confidential – Attorney Eyes Only

Information" documents related to the deposition testimony of Stephen Selover.  Selover is a

general contractor formerly employed by Greenberg who may have been a witness to

Greenberg's knowing sale of counterfeit wine.  Less than a week prior to Selover's

deposition in connection with this litigation, ███████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████.  Greenberg has since produced documents relevant to ████████, which he

designated "Confidential – Attorney Eyes Only Information."  There is no basis for such

designation.  To provide the Court a representative sample of the improperly designated

documents of this nature, Plaintiff attaches GRE006916 as Exhibit 20.  The representative

sample fails to satisfy the Protective Order's definition of "Confidential Information," let

alone "Confidential – Attorney Eyes Only Information," for the reasons set forth in

Appendix A.

### I.   Invoices for wine at issue in this litigation.

Greenberg has improperly designated as "Confidential Information" invoices for

bottles of wine at issue in this litigation.  Such documents include without limitation GRE

0716-33; 1914-16; 5215-23; 5224-40; 5241-50; 5251-66; 5267-73; 5274-76-5277-81; 5282-

85; and GRE 10235.  To provide the Court a representative sample of the improperly

designated documents of this nature, Plaintiff attaches GRE 0721 and 0724-25 as Exhibits

21 and 22, respectively.  Neither of these two representative samples satisfies the Protective

Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

### J.   Other Documents Reflecting Greenberg's Awareness That Wines in His Cellar Were Counterfeit

Greenberg has improperly designated as "Confidential Information" numerous other

documents reflecting his awareness that particular wines in his cellar were counterfeit prior

to selling the wines to Plaintiff.  Such documents include without limitation: GRE000741;

2113; 2483-86; 2115; 2127-28; 2132; 2138; 2319; 2349-52; 2324; 2344-48; 2360-62; 2373-

75; 2498; 4560; and 5209-11.  To provide the Court a representative sample of the

improperly designated documents of this nature, Plaintiff attaches GRE002128, 2319, 2344-48 as Exhibits 23, 24, and 25, respectively. None of the four representative samples satisfies the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

III.   **IMPROPERLY DESIGNATED DEPOSITION TESTIMONY**

Koch has identified the following deposition excerpts that Greenberg improperly designated as "Confidential."

A.   **Lori Atherton**

Greenberg designated the following portions of Lori Atherton's deposition testimony "Confidential Information": 20:11-23:8; 24:22-28:9; 30:21-31:19; 50:11-24; 51:24-53:7; 55:19-57:19; 58:9-60:2; 60:20-61:24; 62:20-67:8; 68:5-69:2; 70:14-72:1; 75:24-78:23; and 81:1-83:7. To provide the Court a representative sample of Atherton testimony that Greenberg improperly designated "Confidential Information," Plaintiff attaches pages 75 through 78 of Atherton's deposition as Exhibit 26. The representative sample fails to satisfy the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

B.   **Richard Brierley**

Greenberg designated the following portions of Richard Brierley's deposition testimony "Confidential Information": 19:19-22:23; 27:11-30:13; 43:7-46:18; 50:5-22; 54:19-56:23; 58:16-61:10; 62:8-64:25; 69:1-83:18; 84:7-109:15; 112:23-130:1; 136:2-137:22; 140:7-143:14; 145:3-148:10; 151:22-156:22; 157:14-161:23; 162:20-168:12; 173:19-176:8; and 178:1-180:2. To provide the Court a representative sample of Brierley testimony that Greenberg improperly designated "Confidential Information," Plaintiff attaches pages 140 through 143 of Brierley's deposition as Exhibit 27. The representative

sample fails to satisfy the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

### C.      Jaime Cortes

Greenberg designated the following portions of Jaime Cortes's deposition testimony "Confidential – Attorney Eyes Only Information": 100:15-103:7, 104:4-105:3, 110:2-6, 174:23-176:19, and 185:9-13.  He designated the following portions of Jaime Cortes's deposition testimony "Confidential Information":  13:7-13, 14:14-15:19, 20:25-23:2, 29:13-30:6, 37:13-18, 39:1-13, 40:20-41:1, 43:25-44:2, 45:1-4, 55:21-61:11, 63:5-9, 65:13-18, 67:20-74:16, 75:18-76:7, 119:10-20, and 148:4-42.  To provide the Court a representative sample of Cortes testimony that Greenberg improperly designated "Confidential Information," Plaintiff attaches pages 67 to 74 of Cortes's deposition as Exhibit 28.  The representative sample fails to satisfy the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

### D.      Jim Elroy

Greenberg designated the following portions of Jim Elroy's deposition testimony "Confidential Information": 107:17-24; 113:9-115:12; 144:3-8; and 145:5-22.  To provide the Court a representative sample of Elroy testimony that Greenberg improperly designated "Confidential Information," Plaintiff attaches page 145 of Elroy's deposition as Exhibit 29. The representative sample fails to satisfy the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

### E.      Brad Goldstein

Greenberg designated the following portions of Brad Goldstein's deposition testimony "Confidential – Attorney Eyes Only Information": 27:15-41:12.  Greenberg designated the following portions of Brad Goldstein's deposition testimony "Confidential

Information": 24:21-24; 26:15-27:14; 46:11-21; 52:2-63:16; 72:20-74:15; 103:21-107:8;

116:3-11; 121:2-5; 132:12-15; 162:3-23; 178:4-7; 189:15-191:12; 223:6-11; 229:9-11;

263:10-265:24; 273:6-274:19; 298:17-23; 326:5-329:20; and 341:11-16.   To provide the

Court a representative sample of Goldstein testimony that Greenberg improperly designated

"Confidential Information," Plaintiff attaches pages 161 and 162 of Goldstein's deposition as

Exhibit 30.   The representative sample fails to satisfy the Protective Order's definition of

"Confidential Information," for the reasons set forth in Appendix A.

     **F.**     <u>**Eric Greenberg**</u>

     Greenberg designated the following portions of his own deposition testimony

"Confidential – Attorney Eyes Only": 20:8-25:17; 38:18-57:4; 63:18-64:17; 67:4-22; 189:7-

199:15; 219:7-244:22; 247:7-250:21; 251:24-260:11; 266:10-296:4; and 361:17-364:7.   He

designated the following portions of his own deposition testimony "Confidential

Information": 25:18-38:17; 75:23-89:2; 90:12-91:16; 92:21-96:5; 96:25-97:23; 101:19-

102:6; 107:16-108:6; 110:5-112:16; 118:3-140:20; 143:11-166:15; 168:16-180:3; 206:9-

209:6; 210:20-219:6; 245:20-247:6; 260:12-263:25; 301:4-9; 335:14-338:21; 343:13-

361:16; and 364:8-371:18.   To provide the Court a representative sample of Greenberg

testimony that Greenberg improperly designated "Confidential – Attorney Eyes Only

Information," Plaintiff attaches pages 20 through 25 of Greenberg's deposition as Exhibit 31.

The representative samples fail to satisfy the Protective Order's definition of "Confidential

Information," for the reasons set forth in Appendix A.

     **G.**     <u>**Thierry Lovato**</u>

     Greenberg designated the following portions of Thierry Lovato's deposition

testimony "Confidential – Attorney Eyes Only": 96:1-98:18; and 267:1-268:25.   Greenberg

designated the following portions of Lovato's deposition "Confidential Information": 35:22-

38:5; 43:17-44:4; 51:7-13; 82:21-95:25; 101:11-150:15; 154: 20-158:1; 160:5-166:11;

168:14-22; 169:15-191:15; 194:16-196:17; 198:8-203:8; 207:17-211:7; 212:9-230:4;

235:16-240:5; 241:5-20; 244:1-246:8; 248:21-249:8; 252:23-260:1; 262:21-264:1; 266:4-19;

269:1-289:10; and 291:23-293:11.  To provide the Court a representative sample of Lovato

testimony that Greenberg improperly designated "Confidential Information," Plaintiff

attaches pages 82 through 95 of Lovato's deposition as Exhibit 32.  The representative

samples fail to satisfy the Protective Order's definition of "Confidential Information," for the

reasons set forth in Appendix A.

###### H.     Jamie Ritchie

Greenberg designated the following portions of Jamie Ritchie's deposition testimony

"Confidential Information": 7:15-22:9; 27:19-42:23; 59:7-63:24; 65:15-83:17; 87:21-94:9;

96:10-126:11; 134:12-148:18; 156:8-162:23; 174:25-179:3; 180:2-183:6; 185:14-201:6;

203:7-25; and 208:6-230:11.  To provide the Court a representative sample of Ritchie

testimony that Greenberg improperly designated "Confidential Information," Plaintiff

attaches page 203 of Ritchie's deposition as Exhibit 33.  The representative sample fails to

satisfy the Protective Order's definition of "Confidential Information," for the reasons set

forth in Appendix A.

###### I.     Jeff Sokolin

Greenberg designated the following portions of Jeff Sokolin's deposition testimony

"Confidential – Attorney Eyes Only": 9:13-37:7; 38:2-40:12; 40:17-41:13; 41:22-43:25;

44:19-93:16; 95:25-104:16; 106:8-113:10; 113:21-167:24; 168:20-173:22; 174:21-181:15;

and 182:11-209:24.  To provide the Court a representative sample of Sokolin testimony that

Greenberg improperly designated "Confidential Information," Plaintiff attaches pages 53

through 54 and 170 through 173 of Sokolin's deposition as Exhibit 34.  The representative

sample fails to satisfy the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

**J.     Serena Sutcliffe**

Greenberg designated the following portions of Serena Sutcliffe's deposition testimony confidential: 11:22-13:5; 13:9-16:1; 16:10-18; 16:24-17:15; 22:9-27:15; 29:12-37:21; 42:22-45:8; 52:11-20; 55:7-19; 55:25-56:7; 57:25-60:7; 66:1-69:20; 71:23-72:14; 75:17-82:23; 85:5-8; 86:1-100:22; 103:25-105:18; 124:24-125:14; 140:15-25; 146:9-152:4; 158:21-159:13; 170:23-171:16; 174:21-178:15; and 187:19-188:4.  To provide the Court a representative sample of Sutcliffe's testimony that Greenberg improperly designated "Confidential Information," Plaintiff attaches pages 66 through 69 of Sutcliffe's deposition as Exhibit 35.  The representative sample fails to satisfy the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

**K.     Jeff Zacharia**

Greenberg designated the following portions of Jeff Zacharia's deposition testimony confidential: 15:20-24:22; 55:17-58:18; 64:13-68:8; 110:19-115:12; 124:7-15; 153:7-154:22; 185:14-196:23; 208:6-12; 218:15-221:11; 257:16-258:23; 270:21-74:14; 280:5-282:13; 294:19-301:22; 311:10-312:11; and 317:6-12.  To provide the Court a representative sample of Zacharia's testimony that Greenberg improperly designated "Confidential Information," Plaintiff attaches pages 218 through 221 of Zacharia's deposition as Exhibit 36.  The representative sample fails to satisfy the Protective Order's definition of "Confidential Information," for the reasons set forth in Appendix A.

## CONCLUSION

For the foregoing reasons, Koch's Motion to Modify the Protective Order and his

application for removal of confidentiality designations should be granted.

Dated: New York, New York
      June 3, 2011

         IRELL & MANELLA LLP

         By: _Bruce A. Wessel /ALP_

         Bruce A. Wessel (*pro hac vice*)
         840 Newport Center Drive, Suite 400
         Newport Beach, California 92660-6324
         (949) 760-0991
         bwessel@irell.com

         -and-

         Edward M. Spiro
         Morvillo, Abramowitz, Grand, Iason,
         Anello & Bohrer, P.C.
         565 Fifth Avenue
         New York, New York 10017
         espiro@maglaw.com

         *Attorneys for Plaintiff*
         *WILLIAM I. KOCH*

2443357

<u>Appendix A</u>

## <u>PLAINTIFF'S MEMORANDUM IN RESPONSE TO ORDER DATED MAY 24, 2011 RE: DEFENDANT'S DESIGNATION OF DOCUMENTS UNDER THE PROTECTIVE ORDER</u>

| Exhibit | Sample Document | Reason Designation is Improper |
|---------|-----------------|--------------------------------|
| 1 | GRE 0377-388 | GRE 0377-388 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████████ GRE 0377-388 contains no sensitive financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 2 | GRE 0391 | GRE 0391 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████████ GRE 0391 contains no sensitive financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing disclosure would result in an injury sufficiently serious to warrant protection." |
| 3 | GRE 0869 | GRE 0869 contains no trade secret or proprietary, non-public, and competitively sensitive business information. Greenberg cannot maintain competitively sensitive business information in the fact ████████████████████████████████████ |

| | | |
|---|---|---|
| | | ██████████████████████████<br>The email in GRE 0869 is not specific to such a contract, contains no terms of any such contract, and it is far too general to betray any competitively sensitive business information. GRE 0869 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 4 | EDGE000313 | EDGE000313 contains no trade secret or proprietary, non-public, and competitively sensitive business information in which Greenberg could have an interest. ████████████ ████████████████████████████ contains no sensitive financial information and no personal identifying information. ████████████████████████ could be easily redacted without designating ████████████ confidential. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 5 | | This exhibit intentionally omitted. |
| 6 | C 0011-19 | C 0011-19 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ To the extent ████████████ C 0011-19 was once protected by attorney-client privilege or the work product doctrine, such protection has been waived. ██████████████████████████ C 0011-19 contains no sensitive financial information and no personal identifying |

| | | |
|---|---|---|
| | | information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 7 | C 0052 | C 0052 contains no trade secret or proprietary, non-public, and competitively sensitive business information. <br><br> Greenberg has no privilege or work-product interest in the email, ███ ███████ C 0052 contains no sensitive financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 8 | C 0060-75 | C0060-75 contains no trade secret or proprietary, non-public, and competitively sensitive business information.  Greenberg cannot maintain competitively sensitive business information in ███ <br><br> C0060-75 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 9 | FF000334-36 | As Greenberg recognizes, FF000334-36 contains no trade secret or proprietary, non-public, and competitively sensitive business information.  Greenberg cannot maintain competitively sensitive business information in the fact he believed wines in his collection to be counterfeit.  Such wines have no proper commercial value.  Furthermore, Greenberg did |

| | | not maintain secrecy in such information.  To the extent the ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ does not constitute a trade secret or competitively sensitive business information.  FF000334-36 contains no sensitive financial information and no personal identifying information, ████████████████████████████████████████████████  As he recognizes, Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
|---|---|---|
| 10 | FF000006-10 | FF000006-10 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  FF000006-10 contains no sensitive financial information. ████████████████████████████████████████████████████████████████  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in |

| | | an injury sufficiently serious to warrant protection." |
|---|---|---|
| 11 | FF000017-31 | FF000017-31 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ at FF000017-31 was once protected by attorney-client privilege or the work product doctrine, such protection has been waived. ████████████ FF000017-31 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 12 | FF000353-361 | FF000353-361 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ at FF000353-361 was once protected by attorney-client privilege or the work product doctrine, such protection has been waived. ████████████ FF000353-361 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a |

| | | particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
|---|---|---|
| 13 | CHARTIS014 | CHARTIS014 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ██████████████████████ Greenberg has no privilege or work product interest in CHARTIS014, ██████ ██████. CHARTIS014 contains no sensitive financial information or personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 14 | CHARTIS017-30 | CHARTIS017-30 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ██████████████████████ at CHARTIS017-30 was once protected by |

| | | |
|---|---|---|
| | | attorney-client privilege or the work product doctrine, such protection has been waived. ███████ ████████████████████ CHARTIS017-30 contains no sensitive financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 15 | GRE 1968-70 | GRE 1968-70 contains no trade secret or proprietary, non-public, and competitively sensitive business information.  The email at GRE 1968-70 cannot be competitively sensitive business information, even if and to the extent Greenberg is in the business of buying and selling wine. ████████████ ███████████████████████████████████ This information is not specific to any such contract, contains no terms of any contract, and it is far too general to betray any competitively sensitive business information.  GRE 1968-70 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 16 | GRE 1971-72 | GRE 1971-72 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ██ ██████████████████████████████████████ This information is not specific to any such contract, contains no terms of any contract, and it is far too general to betray any competitively sensitive business information.  GRE 1971-72 contains no sensitive financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 17 | GRE2058-2110 | GRE2058-2110 contains no trade secret or proprietary, non-public, and competitively sensitive business information. GRE2058-2110 reflects the public results of Zachys' auction, |

| | | information in which Greenberg maintains no proprietary or competitively sensitive business interest. ███████████ ██████████████████████ the information in GRE2058-2110 is not specific to any such contract, contains no terms of any such contract, and it is far too general to betray any competitively sensitive business information.  GRE2058-2110 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
|---|---|---|
| 18 | GRE 2378-79 | GRE 2378-79 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ██ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ███████████████ GRE 2378-79 contains no sensitive financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 19 | GRE 4542 | GRE 4542 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████ GRE 4542 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 20 | GRE 6916 | GRE 6916 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ |

| | | |
|---|---|---|
| | | ██████████ GRE 6916 contains no sensitive financial information. ████████████ ████████ could be easily redacted without designating the entire email at GRE006916 "Confidential – Attorney Eyes Only Information."  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 21 | GRE 0721 | GRE 0721 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ████ Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 22 | GRE 0724-25 | GRE 0724-5 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████ ██████████████████████████████████████████████████████████████████████████████ GRE 0724-25 contains no sensitive financial information and no personal identifying information. ███████████████████████████████████ |

| | | |
|---|---|---|
| | | ████████████████████████ Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 23 | GRE 2128 | GRE 2128 contains no trade secret or proprietary, non-public, and competitively sensitive business information.  The email at GRE 2128 cannot be competitively sensitive business information, even if and to the extent Greenberg is in the business of buying and selling wine. ████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ GRE 2128 contains no customer list and contains no details, terms, or negotiation of any contract.  GRE 2128 contains no sensitive financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 24 | GRE 2319 | GRE 2319 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ GRE 2319 contains no sensitive financial information. ███████████████████████████████████████ ██████████████████████████████ could easily be redacted without designating the entire document confidential.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |

| 25 | GRE 2344-48 | GRE 2344-48 contains no trade secret or proprietary, non-public, and competitively sensitive business information. ████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Furthermore, Greenberg did not maintain secrecy in such information.  GRE 2344-48 contains no sensitive financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| :-: | :-: | :--- |
| 26 | Pages 75 through 78 of Atherton Deposition | Atherton testified ██████████████████████ ████████████████████ cannot satisfy the Protective Order's definition of "Confidential Information." █████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ many years.  Atherton's testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 27 | Pages 140 through 143 of Brierley deposition | Brierley testified ███████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ |

| | | |
|---|---|---|
| | | Brierley's testimony regarding this visit cannot satisfy the Protective Order's definition of "Confidential Information." ...many years. Brierley's testimony contains no financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 28 | Pages 67 to 74 of Cortes deposition | Cortes testified ... Cortes's testimony cannot satisfy the Protective Order's definition of "Confidential Information." ... The testimony does not reflect a customer list nor does it reflect the nature of any contract between Greenberg and anyone else. |

| | | |
|---|---|---|
| | | ▮▮▮▮▮ Cortes's testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 29 | Page 145 of Elroy deposition | Elroy testified ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ Elroy's testimony cannot satisfy the Protective Order's definition of "Confidential Information."  Elroy's testimony cannot constitute a trade secret, nor can it constitute proprietary, non-public, or competitively sensitive business information.  The testimony does not reflect a customer list nor does it reflect the nature of any contract between Greenberg and anyone else.  The testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 30 | Pages 161 and 162 of Goldstein deposition | Goldstein ▮▮▮▮▮▮▮ ▮▮▮▮▮ Goldstein's testimony cannot satisfy the Protective Order's definition of "Confidential Information." ▮▮▮▮▮▮▮▮▮▮ The testimony does not reflect a customer list nor does it reflect the nature of any contract between Greenberg and anyone else. ▮▮▮▮▮▮▮ The testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 31 | Pages 20 through 25 of Greenberg deposition | Greenberg testified ▮▮▮▮▮▮▮ ▮▮▮▮▮ Greenberg's testimony cannot constitute a trade secret, nor can it constitute proprietary, non- |

| | | public, or competitively sensitive business information.  The testimony does not reflect a customer list nor does it reflect sensitive contract information between Greenberg and anyone else.  The testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
|---|---|---|
| 32 | Pages 82 through 95 of Lovato deposition | Lovato, Greenberg's cellar-master, ███████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████ Lovato's testimony cannot satisfy the Protective Order's definition of "Confidential Information."  The testimony cannot constitute a trade secret, nor can it constitute proprietary, non-public, or competitively sensitive business information.  ████████████████ ████████.  The testimony does not reflect a customer list nor does it reflect sensitive contract information between Greenberg and anyone else.  The testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 33 | Page 203 of Ritchie deposition | Ritchie testified ████████████████████████ ████████████████████████████████████████ ████████████████████████ Ritchie's testimony cannot satisfy the Protective Order's definition of "Confidential Information."  The testimony cannot constitute a trade secret, nor can it constitute proprietary, non-public, or competitively sensitive business information.  The testimony does not reflect a customer list nor does it reflect sensitive contract information between Greenberg and anyone else.  The testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 34 | Pages 53 through 54 and | At pages 53 and 54 of his deposition transcript, Sokolin, of Royal Wine Merchants, ████████████████████ |

| | | |
|---|---|---|
| | Pages 170 through 173 of Sokolin deposition | ████████████████████████<br>████████████████████ Sokolin testimony cannot satisfy the Protective Order's definition of "Confidential Information." The testimony cannot constitute a trade secret, nor can it constitute proprietary, non-public, or competitively sensitive business information. ████████████████████████ The testimony does not reflect a customer list nor does it reflect sensitive contract information between Greenberg and anyone else. The testimony contains no financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection."<br><br>At pages 170 through 173 of his deposition transcript, Sokolin ████████████████████████ Sokolin testimony cannot satisfy the Protective Order's definition of "Confidential Information." ████████████████████████████████████████ The testimony does not reflect a customer list nor does it reflect sensitive contract information between Greenberg and anyone else. The testimony contains no financial information and no personal identifying information. Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 35 | Pages 66 through 69 of Sutcliffe deposition | Sutcliffe testified ████████████████████████████████████████<br><br>Sutcliffe's testimony cannot satisfy the Protective Order's definition of "Confidential Information." The testimony cannot constitute a trade secret, nor can it constitute proprietary, non-public, or competitively sensitive business information. ████████████████████████████████████████████████████████ The testimony contains no financial information and no personal identifying information. Greenberg cannot satisfy his burden |

| | | |
|---|---|---|
| | | to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |
| 36 | Pages 218 through 221 of Zacharia deposition | Zacharia testified ████████████████████ ███████████████████████████ ███████████████████████████ ██████████████ Zacharia's testimony cannot satisfy the Protective Order's definition of "Confidential Information." The testimony cannot constitute a trade secret, nor can it constitute proprietary, non-public, or competitively sensitive business information. ████████████████ ████████ The testimony does not reflect a customer list nor does it reflect sensitive contract information between Greenberg and anyone else. █████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████ The testimony contains no financial information and no personal identifying information.  Greenberg cannot satisfy his burden to make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." |