UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| WILLIAM I. KOCH, an individual, | : |
| | : |
| Plaintiff, | : |
| | : 07 Civ. 09600 (BSJ)(DCF) |
| vs. | : ECF Case |
| | : |
| ERIC GREENBERG, an individual; ZACHYS | : |
| WINE & LIQUOR STORE, INC., a New York | : |
| corporation; and ZACHYS WINE AUCTIONS, | : |
| INC., a New York corporation. | : |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFF WILLIAM I. KOCH'S OBJECTIONS TO ORDER OF MAGISTRATE JUDGE DENYING MOTION FOR ELIMINATION OF THE PROTECTIVE ORDER IN ITS ENTIRETY

IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California  92660-6324
(949) 760-0991

-and-

MORVILLO, ABRAMOWITZ, GRAND,
  IASON, ANELLO & BOHRER, P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Plaintiff*

2444066

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................2

I.      BACKGROUND .................................................................................................5

        A.      The Protective Order..................................................................................5

        B.      Designations in This Case .........................................................................6

        C.      The AEO Designations By Greenberg Are Improper and Unfair To
                Koch..........................................................................................................7

        D.      Other Confidentiality Issues .....................................................................8

        E.      Documents Filed Under Seal or Redacted .................................................9

II.     ARGUMENT......................................................................................................9

        A.      Legal Standard ..........................................................................................9

        B.      Information Obtained From Discovery and Court Filings Are,
                Absent a Judicial Act, Not Confidential ..................................................10

        C.      Judicial Documents and Proceedings Are Presumptively Public
                and The Record Cannot Be Sealed Without "Specific On-The-
                Record Findings" .....................................................................................12

        D.      Non-Parties Are Adequately Protected.....................................................13

        E.      How The Press May Cover This Proceeding Is Irrelevant .........................14

CONCLUSION.........................................................................................................15

<u>TABLE OF AUTHORITIES</u>

Page(s)

**<u>Cases</u>**

*Akron Beach Journal v. Metropolitan Life Insurance Co.*,
    1995 WL 234710 (April 20, 1995) ................................................................ 13

*Brown & Williamson Tobacco v. Fed. Trade Comm'n*,
    710 F.2d 1165 (6th Cir. 1983) .................................................................. 4

*Hartford Courant Co. v. Pellegrino*,
    380 F.3d 83 (2d Cir. 2004) ...................................................................... 12

*In re "Agent Orange" Product Liability Litigation*,
    821 F.2d 139 (2d Cir. 1987) .................................................................... 11

*In re Parmalat Sec. Litig.*,
    258 F.R.D. 236 (S.D.N.Y. 2009) ............................................................. 11

*Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*,
    734 F.Supp. 1071 (S.D.N.Y. 1990) ........................................................ 10

*Lugosch v. Pyramid Company of Onondaga*,
    435 F.3d 110 (2d Cir. 2006) ........................................................... passim

*Orwasher v. A. Orwasher, Inc.*,
    2010 WL 2017254 (S.D.N.Y. May 20, 2010) ........................................ 10

*S.E.C. v. Thrasher*,
    1995 U.S. Dist. LEXIS 10775 (S.D.N.Y. July 31, 1995) ........................ 10

*Salomon Smith Barney, Inc. v. HBO & Co.*,
    2001 WL 225040 (S.D.N.Y. Mar. 7, 2001) ............................................ 11

*Schiller v. City of New York*,
    2007 WL 136149 (S.D.N.Y. 2007) ......................................................... 14

*Securities Exchange Commission v. TheStreet.com*,
    273 F.3d 222 (2d Cir. 2001) .................................................................... 14

*The Diversified Group v. Daugerdas*,
    217 F.R.D. 152 (S.D.N.Y. 2003) ............................................................ 13

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*,
    900 F.2d 522 (2d Cir. 1990) .................................................................... 10

*U2 Home Entertainment, Inc. v. KyLin TV, Inc.*,
    2008 WL 1771913 (E.D.N.Y. Apr. 15, 2008) ........................................ 10

TABLE OF AUTHORITIES

Page(s)

*Unico American Corporation v. Crusader Captive Services LLC*,
    2006 WL 2355524 (N.D. Ill. 2006) ............................................................................ 8

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995) ............................................................................... 12, 15

**Statutes and Regulations**

28 U.S.C. § 636 (b)(1)(A)......................................................................................... 9

**Rules**

Fed. R. Civ. P. 26(c) ................................................................................... 3, 5, 10

Fed. R. Civ. P. 72.......................................................................................... 2, 10

Pursuant to Federal Rule of Civil Procedure ("FRCP") 72, plaintiff William I. Koch ("Plaintiff" or "Koch") objects to the May 24, 2011 Order of Magistrate Judge Debra Freeman which denied Koch's Motion for Elimination of the Protective Order in its entirety. Declaration of Bruce Wessel ("Wessel Decl."), Exh. A.  Because of applicable deadlines under the rules, these objections are being filed now.  Koch respectfully requests that this Court modify or set aside the Order as authorized by FRCP 72(a).  As a review of Judge Freeman's two-page order demonstrates, in another section of the Order further briefing was requested.  Such further briefing has been filed by Koch.  Wessel Decl., Exh. B.[1]

## PRELIMINARY STATEMENT

Early in these proceedings, the Court entered a Confidentiality and Protective Order (the "Protective Order").  Declaration of Bruce Wessel ("Wessel Decl."), Exh. C.  Discovery proceeded under the Protective Order, with defendant Eric Greenberg ("Greenberg") liberally designating information as confidential.  Discovery is now closed and thus the complete scope of testimonial and document discovery is now known by all counsel.  None of the information in this case, particularly the information about how Greenberg trafficked in counterfeit wine, is confidential and none of it should be treated as such.  Accordingly, Plaintiff moved to vacate the Protective Order as to the parties only, with Greenberg the only party who is currently using the Protective Order to shield information from public view.  (Koch did not ask that the Protective Order be voided as to designations by non-parties who may have relied on the order in producing documents.)  Koch's request that the Protective Order be vacated for the parties was denied on May 24, 2011, by the Honorable

---

[1] Given the volume of exhibits Koch filed in connection with his briefing before Magistrate Judge Freeman, and the fact that such exhibits must necessarily be filed under seal, Koch will lodge before this Court a courtesy copy of those exhibits without attaching them hereto.

Debra Freeman.  These objections set out Koch's disagreement with that ruling and explain why the Protective Order should be vacated.  The Protective Order empowers defendant Greenberg to designate whatever he chooses as confidential and it then puts the burden on Koch to challenge the designations.  As a matter of law and fairness, the burden should be squarely on Greenberg to demonstrate to this Court that confidentiality is both necessary <u>and</u> permitted under applicable law.  Greenberg cannot make that showing for any of the information that he has designated under the Protective Order.  For example, Greenberg's lists of counterfeit wine, and his communications with third parties about his counterfeit wine should not be concealed from public view by a Court order.  Indeed, given that Greenberg failed to disclose that he was selling counterfeit wine, Greenberg's position that his lists of counterfeit wines should be kept from public view by the Court is, in effect, a request that the Court assist him in his unlawful sales efforts.

While Magistrate Judge Freeman did permit a further submission by Koch of a "representative sample of the particular documents" that Greenberg improperly designated, and while Koch has made a filing consistent with Judge Freeman's order, Koch does not believe the burden should be on him to challenge every improper designation by Greenberg.

With fact discovery now completed (subject to any efforts to reopen), it is clear that there is no party-related evidence in this case deserving of a federal court order barring public disclosure of information.  This case is about counterfeit wine and public auctions.  This case does not involve trade secrets or comparable information deserving of protection under Federal Rule of Civil Procedure 26(c)(1)(G), which permits a court, <u>only where "good cause" is shown</u>, to keep confidential "trade secret or other confidential research, development, or commercial information."

While litigants like Greenberg may wish to litigate in federal court under a cloak of secrecy, our system of justice does not permit that.  "[T]he natural desire of parties to shield prejudicial information contained in judicial records from . . . the public . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system.  Indeed common sense tells us that the greater the motivation a [party] has to shield its operations, the greater the public's need to know."  *Brown & Williamson Tobacco v. Fed. Trade Comm'n*, 710 F.2d 1165, 1180 (6th Cir. 1983).

Notably during the course of this proceeding, defendant Eric Greenberg has flaunted any notion that testimony should be confidential.  He sits in on most depositions and recently emailed third parties about witness testimony in real time.  When Brad Goldstein testified recently about conversations with Frank Komorowski, Greenberg sent Komorowski the following message <u>during the deposition</u>:

> Frank:  I am in a deposition with Brad Goldstein.  He attributes to you statements that Sotheby's rejected 1/3 of my cellar directly to you.  This is not true and evidence in this case is on record supporting it.  I cannot imagine someone of your impeccable reputation making those statements.  Did you tell this to Mr. Goldstein?  Many thanks, Eric.

Wessel Decl., Exh. B (Greenberg email dated 11/09/2010).  Greenberg was apparently sending many messages to third parties during the Goldstein deposition, reporting on Goldstein's testimony on topics – including testimony about the number of bottles of counterfeit wine in Greenberg's cellar.  Komorowski, himself a victim of those selling counterfeit wine, came forward to tell Koch what Greenberg was doing.

Greenberg has also provided summaries of depositions to the press.  Greenberg uses discovery as a sword in an attempt to defend his reputation, and at the same time uses the Protective Order as a shield, seeking to keep information that sheds light on the dark side of his business practices under the cloak of secrecy.

The existing Protective Order is no longer warranted under the "good cause" requirement of Federal Rule of Civil Procedure 26(c).  Additionally, the concomitant requirement that parties file "judicial documents" under seal is inconsistent with the presumptions under common law and the First Amendment that courts must be open to the public, with rare and narrow exceptions.  *See, e.g., Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) (criticizing district court for sealing the record on pending motions).  Judicial documents that are currently under seal must be made public.  At an absolute minimum, every publicly filed document should be unsealed unless there are specific finding that this should not be the case.  Koch is confident that no court would make a finding that anything filed under seal in this case should be kept under seal.  But Greenberg has effectively usurped the Court's role, unilaterally designating the evidence he does not like as confidential under the Protective Order.  That is not proper under the law that governs the federal courts.

After the close of discovery, Greenberg produced 17,000 additional pages of documents, using the Attorney's Eyes Only designation on routine correspondence and the Confidential designation on certain widely distributed mass email.  This is additional confirmation that Greenberg is abusing the Protective Order.

## I.   **BACKGROUND**

### A.   **The Protective Order**

The Protective Order contains two levels of confidential information:  "Confidential" and "Confidential-Attorneys Eyes Only" ("AEO")  *Id.* ¶¶ 4(a)-(b).  Confidential Information was defined by this Court and limited to:

> trade secrets; proprietary, non-public, and competitively sensitive business
> information, such as customer lists and contracts; non-public financial
> information (whether personal or corporate); and personal identifying
> information.

*Id*. ¶ 2.  AEO was defined as "highly sensitive 'Confidential Information,' that is reasonably likely to interfere with a person's business or personal affairs if seen by persons other than attorneys."  *Id*.

      **B.**      **Designations in This Case**

On a number of occasions, for tactical reasons, Greenberg has designated documents or testimony as "confidential" or AEO.  For example, on November 2, 2010 Greenberg's counsel Anthony Coles produced 252 pages of non-privileged documents from his files and Greenberg designated all 252 pages as "confidential" or AEO.  Wessel Decl., Exh. C (Hespenheide Letter dated November 2, 2010:  "The documents have been Bates-numbered C 0001 through C 0252 and have been designated 'CONFIDENTIAL' or 'CONFIDENTIAL – ATTORNEY'S EYES ONLY'.")   The 19 pages of AEO documents out of the 252 produced consist of lists of wine created in 2002 and 2003.  None of the 252 pages are deserving of any protection under the Protective Order and all are relevant to these proceedings.  Greenberg is simply trying to make prosecution of the case difficult for Koch and to limit public disclosure in court filings of evidence that supports Koch's claims against Greenberg.  On their face, the so-called AEO wine lists do not contain anything that is the least bit confidential.  How could the wine lists that are relevant to this case from 2002 and 2003 be properly designated AEO when Greenberg is basking in press coverage and publicity about the sales of wine from his cellar today?  Greenberg is likely the largest seller of wine in the world today and has sold tens of millions of dollars of wine over the last five years.  Wessel Decl., Exh. D.  What wine he bought a long time ago, and its questionable authenticity, is hardly confidential.  Examples of the contents of specific documents that Greenberg has designated as "Confidential" under the Protective Order are set out in

paragraph 2 of the Wessel Declaration, this paragraph necessarily filed under seal because of Greenberg's improper designations.

**C.**     **The AEO Designations By Greenberg Are Improper and Unfair To Koch**

The Attorneys Eyes Only/AEO designation, because it limits disclosure to attorneys only, limits Koch's ability to evaluate effectively his litigation strategy options, as a client is entitled and required to do under the Professional Rules.  Greenberg has used the AEO designation in this proceeding to deny Koch access to evidence that Greenberg and third parties have produced.  Given the nature of this case and the evidence, and given the fact that Koch and Greenberg do not compete, Greenberg's AEO designations are improper and part of a strategic decision on Greenberg's part to keep information from Koch.

Under the Protective Order to be labeled AEO, information must meet the "Confidential" definition – *e.g.* trade secrets, competitively sensitive business information – and, in addition, be the type of information "reasonably likely to interfere with a person's business or personal affairs if seen by persons other than attorneys."  Wessel Decl., Exh. C at 2.  Greenberg cannot credibly argue that permitting Koch to see Greenberg's list of counterfeit wines will interfere with Greenberg's "business or personal affairs."  Indeed, Greenberg cannot credibly argue that public disclosure of the information will interfere with his business or personal affairs either.  Notably he already shared these very lists with third parties who are in an adversarial position to him – opposing counsel in a dispute and two insurance companies considering a claim of loss.

The thrust of these objections is to set aside Magistrate Judge Freeman's May 24, 2011 Order and eliminate the Protective Order altogether as to party produced documents. The documents and testimony Greenberg has designated Confidential – AEO are the starkest proof that the Protective Order is unworkable.  AEO documents make litigation a lawyers-

only process making the client/party second-class citizens who are not permitted to know what is going on in their own cases.  The misuse of the designation here is particularly egregious as Greenberg is given full access to Koch's information when Koch is not given full access to Greenberg's information.  This gives Greenberg an unfair tactical advantage in the litigation and denies Koch the right and the ability to assist his lawyers fully in the prosecution of this action and interferes with his ability to instruct his counsel on the direction of the litigation.  It also interferes with his ability to inspect his own wine for counterfeit or questionable bottles.

In *Unico American Corporation v. Crusader Captive Services LLC*, 06-CV-231, 2006 WL 2355524, at *2 (N.D. Ill. 2006) the court rejected a two-tier protective order with a "Highly Confidential" AEO provision explaining: "It has been this Court's experience that two-tiered protective orders can be confusing and frequently invite nonproductive satellite litigation . . . the Court is not convinced that the information is so sensitive that defense counsel should be prohibited from sharing it with their clients."  That is the case in this litigation as well.

Where third parties have applied an AEO designation to documents that neither Koch nor Greenberg has ever seen, they stand in a different position as addressed below.  Koch himself has not designated any documents AEO.  William Edgerton, an expert who has done work for both Greenberg and Koch, did designate one document he considers to contain a trade secret as AEO.

### D.   Other Confidentiality Issues

Part of Greenberg's justification for designating information as confidential is that Greenberg frequently contends that persons knowledgeable about his wine cellar are bound by confidentiality agreements.  The most extreme example of this is Greenberg's contention

that William Edgerton, who inspected both Greenberg's cellar and Koch's to look for counterfeit wine, violated a duty that Edgerton owed Greenberg when Edgerton told Koch that wine in Koch's cellar came from Greenberg's cellar.  Greenberg sued Edgerton, claiming breach of contract, breach of confidential relationship, misappropriation of confidential information, and breach of fiduciary duty, and then withdrew the suit.  Wessel Decl., Exh. F (Greenberg's September 9, 2010 lawsuit against Edgerton).  Greenberg seeks to scare and silence those who have evidence of what happened here by his aggressive threats of violations of confidentiality obligations, sometimes using evidence he has gathered in this case.

### E.   Documents Filed Under Seal or Redacted

Many documents have been filed under seal, including Plaintiff's Amended Complaint and the motion to amend and "Plaintiff's Opposition to Defendant Greenberg's Motion to Enforce the Protective Order and for Sanctions" and associated declarations and evidence.  As these proceedings continue, there will be further need to file documents under seal, which is inconsistent with the law addressed below.  All filings under seal in this case, or redacted documents, should be made public.

## II.   ARGUMENT

### A.   Legal Standard

Under 72 (a), when objections are made to an order of a magistrate judge on a matter that is nondispositive, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  FRCP 72 (a); *see also* 28 U.S.C. § 636 (b)(1)(A) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law.").  Discovery rulings such as the one challenged here are

generally considered nondispositive.  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is clearly erroneous where the reviewing court has a "definite and firm conviction that a mistake has been committed."  *S.E.C. v. Thrasher*, No. 92 Civ. 6987, 1995 U.S. Dist. LEXIS 10775, at *36 (S.D.N.Y. July 31, 1995) (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F.Supp. 1071, 1080 (S.D.N.Y. 1990)).  An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Id.*

**B.  Information Obtained From Discovery and Court Filings Are Not Confidential, Absent a Judicial Act**

In the absence of an affirmative act by a court, information learned in discovery is not confidential and documents filed in Court are public.  Under Federal Rule of Civil Procedure 26 (c)(1)(G), a court may, but only "for good cause," enter a protective order to limit, among other things, the disclosure of "a trade secret or other confidential research, development, or commercial information."  While umbrella protective orders are sometimes used "to facilitate discovery in complex cases" such orders do not change the burden imposed on the party asserting confidentiality to justify why a court should limit disclosure because "[t]o reverse the burden in this situation would be to impose a significant and perhaps overpowering impairment on the public right of access."  *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).  In other words, even if there is an umbrella protective order, Rule 26 requires that the party seeking to impose limits on use of evidence has the burden of explaining why such limitations are appropriate.  *Cf. Orwasher v. A. Orwasher, Inc.*, 09 Civ. 1081 (VM)(JCF), 2010 WL 2017254, at *3 (S.D.N.Y. May 20, 2010) (burden properly placed on designating party to show there is good cause for documents to be marked confidential or highly confidential); *U2 Home*

*Entertainment, Inc. v. KyLin TV, Inc.*, 06-CV-2770 (DLI), 2008 WL 1771913, at *2 (E.D.N.Y. Apr. 15, 2008) (same).

"[T]he fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Salomon Smith Barney, Inc. v. HBO & Co.*, 98 Civ. 8721 (LAK), 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001) ("Implicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public.").  "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.*

The Second Circuit addressed the issue of the public's right of access to discovery in *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139 (2d Cir. 1987), reviewing and affirming a decision of then Magistrate Judge Scheindlin that applicable rules "require that discovery is presumptively open to public scrutiny unless a valid protective order directs otherwise." *Id.* at 145 (quoting *In re "Agent Orange" Product Liability Litigation*, 104 F.R.D. 559, 568 (E.D.N.Y. 1985)).  The Second Circuit held "the district court was well within its discretion to lift the protective orders at issue, subject to a showing, on an individualized basis, of good cause for continued protection."  821 F.2d at 148.  Judge Scheindlin's approach is appropriate to apply in this proceeding.  The default rule should be that matters are public, unless a party seeking confidentiality can show "good cause."

Here Judge Freeman put the burden on Koch, requiring that he give "a document-by-document explanation as to the basis for Koch's position that [Greenberg's] documents do

not warrant confidential treatment."  Wessel Decl., Exh. A at 1-2.  While it is possible that Judge Freeman will ultimately shift the burden to Greenberg, the order on its face puts the burden, improperly, on Koch.

        **C.**      <u>**Judicial Documents and Proceedings Are Presumptively Public and The Record Cannot Be Sealed Without "Specific On-The-Record Findings"**</u>

There is a common law presumption that the public and the press have a right of access to judicial proceedings.  "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice."  *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).  The public and the press also have a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents."  *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

In *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit ruled that a district court erred when it delayed ruling on a motion by media defendants to have access to a pending summary judgment motion in a business dispute holding that both "the common law presumption of access" and the "qualified First Amendment right of access" applied to the documents.  *Id.* at 124.  The Court explained: "Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."  *Id.* at 121.  The *Lugosch* court disagreed with how the district court had handled the request for unsealing the record stating "the district court erred not only in failing to make the specific, on-the-record findings required in order to justify its denial [of the request to unseal the record] but also in failing to act expeditiously."  *Id.* at 126.  The district court was directed to

unseal the record completely unless the "presumption of access [was] overcome by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing."  *Id.*

The rules established in *Lugosch* apply in all cases, even where the press does not incur the expense of intervening and filing motions to unseal the record.  *Lugosch* governs what must happen here.  Documents filed in this Court should not be filed under seal or redacted unless there is a specific court finding that this is required.  *See also Akron Beach Journal v. Metropolitan Life Insurance Co.*, 94 Civ. 1402 (CSH), 1995 WL 234710, at *12 (S.D.N.Y. April 20, 1995) ("the good cause requirement [of Rule 26] acts as a guardian of the public's right of access to discovery documents by requiring parties to make a threshold showing before documents will be withheld from public view").  Defendant Greenberg's aggressive and improper designations of documents under the Protective Order such that even the complaint must be filed under seal is a paradigmatic example of what the Second Circuit was concerned about in *Lugosch*.

###### D.     <u>The Rights of Non-Parties Are Protected</u>

Non-parties have produced documents in this case.  In rare instances, non-parties may have relied on the existing Protective Order.  By these objections, Koch does not ask for a change to the designation by non-parties, although there is authority for a court to change Protective Order designations even if made by a non-party, where, as here, the Protective Order provides that it is "entirely without prejudice to the right of anyone to apply to the Court…to apply for an order modifying or limiting any designation pursuant to this Protective Order in any respect."  Wessel Decl., Exh. C at ¶ 12.  The non-parties understood a change in designations was possible.  *See, e.g., The Diversified Group v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) (protective order specifically provided for procedure to remove confidentiality designation).  Moreover, the Protective Order allows for unilateral

designation of material as confidential and does not require a showing of good cause before a document is deemed confidential.  "Reliance upon the protection of such an order when producing discovery materials or witnesses for deposition is unreasonable."  *Schiller v. City of New York*, 04 Civ. 7922 (KMK)(JCF), 2007 WL 136149, at \*5 (S.D.N.Y. 2007).  "[W]here a litigant or deponent could not reasonably have relied on the continuation of a protective order a court may properly permit modification of the order."  *Securities Exchange Commission v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001).  "In such a case, whether to lift or modify a protective order is a decision committed to the sound discretion of the trial court."  *Id*. (citations and internal quotations omitted).

Of course, where a party and a non-party have the same document, the non-party's rights are not interfered with if the Court determines the party's copy of the document should be non-confidential.

   **E.**  **How The Press May Cover This Proceeding Is Irrelevant**

Greenberg, as one of the world's largest sellers of wine, frets about press coverage of this proceeding.  A free press is central to the proper functioning of our country and our courts.  Greenberg has a different view.  He thinks that by relentlessly attacking Koch in this proceeding as seeking press attention, he can bias this Court against Koch and convince this Court to support Greenberg's efforts to keep central parts of this litigation under seal.  As a matter of law, press interest in this proceeding is irrelevant to the decisions this Court must make as to whether information should be kept confidential.

The Second Circuit in *Lugosch* rejected an argument similar to Greenberg's that press interest justified sealing the record.  The *Lugosch* court wrote: "what the Newspapers seek to do with the documents has no effect on our consideration."  *Lugosch*, 435 F.3d 110, 123 (2006).  That has always been the law: "It is true that journalists may seek access to

judicial documents for reasons unrelated to monitoring of Article III functions. Nevertheless, assessing the motives of journalists risks self-serving judicial decisions tipping in favor of secrecy.  Where access is for the purpose of news, moreover, those interested in monitoring the court may well learn of, and use, the information whatever the motivation of the reporting journalist."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

<u>**CONCLUSION**</u>

At the outset of a case, before it is clear as to what discovery will take place, umbrella protective orders may be appropriate.  But at the end of a case, when the nature and scope of discovery is known, the decision to have a Protective Order should be revisited. In this case, it is now clear that all this case is about is the buying and selling of wine.  Such matters do not involve trade secrets or valuable non-public information and there is no need for a Protective Order.  The issues in this case, and the discovery taken, do not fit within any of the categories that the law recognizes as deserving protection and secrecy.  As motion practice continues, the law does not permit parties to unilaterally seal the records as to judicial documents.  Rather, a court must make specific findings and none are appropriate here.  Greenberg is incapable of defending any of the designations he has placed on documents and testimony, all of which should be removed.  Therefore, this Court should set aside or modify Magistrate Judge Freeman's May 24, 2011 Order and eliminate the Protective Order.

Dated: New York, New York

      June 7, 2011

IRELL & MANELLA LLP

By: _____

    Bruce A. Wessel (*pro hac vice*)
    840 Newport Center Drive, Suite 400
    Newport Beach, California 92660-6324
    (949) 760-0991
    bwessel@irell.com

    -and-

    Edward M. Spiro
    Morvillo, Abramowitz, Grand, Iason,
    Anello & Bohrer, P.C.
    565 Fifth Avenue
    New York, New York 10017
    espiro@maglaw.com

    *Attorneys for Plaintiff*
    *WILLIAM I. KOCH*