# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

—————————————————————

WILLIAM I. KOCH, an individual,

                Plaintiff,

     v.

ERIC GREENBERG, an individual, ZACHYS
WINE & LIQUOR STORE, INC. a New York
corporation, and ZACHYS WINE AUCTIONS,
INC., a New York corporation,

                Defendants.

—————————————————————

**Case No. 07 CIV 9600 (BSJ) (DCF)**
**ECF Case**

## DEFENDANT ERIC GREENBERG'S RESPONSE TO PLAINTIFF WILLIAM I. KOCH'S OBJECTIONS TO ORDER OF MAGISTRATE JUDGE DENYING MOTION FOR ELIMINATION OF PROTECTIVE ORDER IN ITS ENTIRETY

ANTHONY P. COLES
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY  10020
anthony.coles@dlapiper.com
(212) 335-4500

ARTHUR J. SHARTSIS
SHARTSIS FRIESE LLP
One Maritime Plaza, 18th Floor
San Francisco, CA  94111
ashartsis@sflaw.com
(415) 421-6500
       (*Admitted pro hac vice*)

Attorneys for Defendant
ERIC GREENBERG

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 1

I.    FACTUAL AND PROCEDURAL BACKGROUND......................................................... 3

    A.    Koch Stipulated To A Protective Order, And To All Of The Provisions He Now Challenges. ................................................................................................ 3

    B.    Koch Moved To Eliminate The Protective Order Fourteen Months After He Stipulated To It................................................................................................ 5

    C.    Koch's Motion Was Prejudicial To Third Parties, As Well As To Greenberg............................................................................................................ 7

    D.    Greenberg Did Not Violate the Protective Order ................................................. 8

    E.    Koch's Description of "Other Confidentiality Issues" is Misleading and Irrelevant........................................................................................................... 10

    F.    Koch's Complaints About Greenberg's Designations Are Before Judge Freeman............................................................................................................. 11

II.   ARGUMENT.............................................................................................................. 11

    A.    Standard of Review........................................................................................... 11

    B.    Koch Has Not Demonstrated That the Protective Order Should be Vacated ...... 12

    C.    The Protective Order Conforms To The Law .................................................... 14

        1.    The Protective Order and Judge Freeman's May 24 Order properly allocate the burden on proof ................................................................... 14

        2.    Documents exchanged in discovery are not "judicial documents."......... 16

        3.    Two-Tiered Protective Orders Are Commonplace and Appropriate....... 17

    D.    Eliminating the Protective Order Would Prejudice Non-Parties ......................... 18

    E.    Greenberg's Designations are Not Before This Court, and are Proper................ 20

    F.    Greenberg is Concerned With Koch's Actions, Not The Press's ........................ 22

CONCLUSION.............................................................................................................. 22

## TABLE OF AUTHORITIES

### CASES

Page

*Alvarado v. City of New York*, 2009 WL 510813 (E.D.N.Y. Feb. 27. 2009) ...............................11

*Arista Records LLC v. Lime Group LLC*, 2010 U.S. Dist. LEXIS 123603 (S.D.N.Y. Nov. 18, 2010) ......................................................................................................................12

*Boss Mfg. Co. v. Hugo Boss AG* , 1999 WL 33431 (S.D.N.Y. Jan. 26, 1999) ..............................17

*Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152 (S.D.N.Y. 2003) .....................................17

*Grand River Enters. Six Nations, Ltd. v. King*, 2008 U.S. Dist. LEXIS 81603 (S.D.N.Y. Oct. 15, 2008) ................................................................................................................12

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)...........................................17

*Martindell v. International Tel. & Tel. Co.*, 594 F.2d 291 (2d Cir. 1979)...............................12, 13

*Schiller v. City of New York*, 2007 WL 136149 (S.D.N.Y. 2007) ..................................................19

*Securities and Exchange Commission v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001) ...............19

*In re September 11 Litigation*, 262 F.R.D. 274 (S.D.N.Y. 2009)...................................................12

*Tailored Lighting, Inc. v. Osram Sylvania Products, Inc.*, 236 F.R.D. 146 (W.D.N.Y. 2006) ...........................................................................................................................17

*Unico American Corp. v. Crusader Captive Services, LLC*, 2006 WL 2355524 (N.D. Ill. 2006) ...........................................................................................................................18

*United States v. Graham*, 257 F.3d 143 (2d Cir. 2001) ................................................................17

*U.S. v. Amodeo (Amodeo II)*, 71 F.3d 1044 (2d Cir. 1995) .....................................................16, 17

Defendant Eric Greenberg ("Greenberg") hereby submits this Response to Plaintiff William I. Koch's ("Koch's") Objections to Order of Magistrate Judge Denying Motion for Elimination of the Protective Order in its Entirety ("Objections" or "Obj.").

## PRELIMINARY STATEMENT

The Court should overrule Koch's Objections in their entirety. As Magistrate Judge Freeman properly found, it is not appropriate to vacate the Protective Order, which the parties agreed to almost two years ago and which parties and non-parties alike have relied on during the intense discovery practice in the interim. The only issue before this Court is whether Judge Freeman's decision not to eliminate the Protective Order was clearly erroneous or contrary to law, and Koch has failed to demonstrate that it was. Koch's application regarding Greenberg's specific confidentiality designations remains pending before Judge Freeman, and none of Koch's complaints about specific documents discussed in his Objections are properly before this Court.

Koch's Objections to the Protective Order are meritless as a matter of law. Koch objects to certain provisions of the Protective Order, but Koch *stipulated* to all of those same provisions more than a year before he filed the underlying motion. Koch proposes a procedure under which a party would have to file a motion concerning each and every discovery document the party wished to designate confidential, but no case that Koch cites or that Greenberg can find has ever required such a procedure, contrary to Koch's assertions to this Court. Koch asserts that every document produced in this case should be a matter of public record, but the Second Circuit has held that such an approach is "unthinkable," and that documents exchanged in discovery "lie entirely beyond the … reach" of the presumption of public access.

The Protective Order at issue here is in accord with well-established case law regarding documents produced in discovery and motions related to discovery issues, and was properly upheld by Judge Freeman. Moreover, neither that order nor any designation Greenberg has made

under it -- which designations, as noted above, are currently before Judge Freeman for review -- have prevented Koch from filing or opposing any motion or interfered with preparing this case for trial. As Judge Freeman certainly knew when she ruled on Koch's motion, Koch never once challenged Greenberg's designations using the mechanisms provided in the Protective Order itself. Instead, Koch moved to "eliminate" the Protective Order in its entirety, fourteen months after it was entered. In doing so, Koch failed entirely to meet his heavy burden of showing that the Protective Order was improvidently granted, or that some extraordinary circumstance or compelling need required that it be vacated. Koch's motion was procedurally improper, legally and factually unsound, and would have unfairly prejudiced the parties and non-parties who relied on the Protective Order in producing documents and giving testimony.

Koch's motion below, like his Objections here, was not motivated by any error in the Protective Order, nor by any genuine or meritorious concern with Greenberg's confidentiality designations. Rather, Koch sought to retroactively immunize his own agents' flagrant and unapologetic violations of the Protective Order,[1] and to continue his longstanding practice of publicly circulating and mischaracterizing confidential information obtained through this litigation in order to attack Greenberg in the press and in other extra-judicial communications. Judge Freeman was well within the standards of judicial discretion when she properly denied Koch's motion to eliminate the Protective Order, and her May 24 Order should be affirmed.

---

[1]    Greenberg's Motion to Enforce the Protective Order and for Sanctions [Doc. No. 98] is currently pending before Judge Freeman.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

A.      **Koch Stipulated To A Protective Order, And To All Of The Provisions He Now Challenges.**

On or about August 7, 2009, Koch, Greenberg, and Zachys (then a defendant to this action) voluntarily agreed to most of the provisions reflected in the Protective Order, including the provision requiring the parties to meet and confer regarding disputed designations and the provision setting forth the procedure for challenging designations if those meet and confer efforts fail:

> Should any counsel for a party object to the designation of any information as Confidential Information or Confidential – Attorneys' Eyes Only Information, such counsel shall notify all other counsel of the objection. If notice of such an objection is received at any time, ***counsel for the parties shall promptly confer in an attempt to resolve the matter . . . .*** If the matter remains unresolved, ***objecting counsel may then apply to the Court for a determination of whether the designation should be removed***. If no such application is made, the material shall remain as designated. Any information which has been produced and designated as Confidential Information or Confidential – Attorneys' Eyes Only Information, but which is subject to a dispute as to its proper designation, shall be treated as so designated pending resolution of the dispute.

Wessel Decl. Exh. C (emphasis added).

The only provision in the Protective Order on which the parties could not agree was the clause defining "Confidential Information" and "Confidential – Attorneys' Eyes Only Information." Koch and Greenberg each submitted proposed definitions to the Court. *Id.* at 1-2. The Court inserted its own definition for "Confidential Information":

> [T]rade secrets; proprietary, non-public and competitively sensitive information, such as customer lists and contracts; non-public financial information (whether personal or corporate); and personal identifying information.

*Id.* ¶ 2. The Court also adopted Greenberg's proposed definition for "Confidential - Attorneys' Eyes Only Information": "[H]ighly sensitive 'Confidential Information,' that is reasonably

likely to interfere with a person's business or personal affairs if seen by persons other than attorneys." *Id.*

The parties' stipulation demonstrates that they (along with Zachys, which is no longer a party) recognized from the outset that a Protective Order is appropriate in this case. Greenberg is in the business of buying and selling wine, especially fine and rare wine. He owns a private company, Innovation Wines LLC, through which he transacts this business. Declaration of Frank A. Cialone ("Cialone Decl.") Exh. A (Greenberg Decl.) at ¶ 2 and Exh. A thereto.[2] Accordingly, which wines Greenberg owns, how much he paid for them, where he purchased them, to whom he sold them, prices of sale, and his marketing and negotiating strategies are all non-public and competitively sensitive information with value to Greenberg's – or his competitors' – wine business. *Id.*

Incredibly, Koch argues that Judge Freeman erred in not vacating the Protective Order because "it is now clear that all this case is about is the buying and selling of wine." Obj. at 15. What else could this case have possibly been about, when Koch's entire lawsuit was about him buying, and Greenberg selling, bottles of wine? This case has *always* been entirely about the buying and selling of wine, and Koch, Greenberg, the Court, and everyone else knew that when the case was filed, when the parties stipulated to the Protective Order, when Judge Freeman signed the Protective Order, and when parties and non-parties alike produced confidential information in reliance on the Protective Order. Koch cannot seriously contend that he only recently realized that this lawsuit was about wine, or that his supposed realization *required* Judge Freeman to vacate the Protective Order.

Koch also claims that Greenberg has "overused" and "abused" the Protective Order based

---

[2]      Greenberg attaches his declaration from his Opposition to the underlying motion because he refers to it frequently. The entire record of Greenberg's Opposition is being delivered to the Court.

on the fact that Greenberg has designated as Confidential a large number of the documents he has produced in this litigation. Koch's unproven accusations, however, did not compel Judge Freeman to vacate the Protective Order as a matter of law, and this Court must therefore affirm her decision not to do so. The number of designations, moreover, is simply a function of the subject matter of this case: The case is about Greenberg's wine business, so most of the documents are related to Greenberg's (privately-owned) wine business, and the non-public financial information of that business. (The number of designations is also a function of the extensive breadth of Koch's discovery efforts, which have included three sets of document demands to Greenberg, containing 63 separate demands, as well as document subpoenas to numerous third parties -- all to conduct discovery about 36 bottles that Koch bought at two Zachys auctions.)

**B.**     **Koch Moved To Eliminate The Protective Order Fourteen Months After He Stipulated To It.**

Despite stipulating to the Protective Order, Koch sought to "eliminate" it by the underlying motion -- fourteen months after the Protective Order was entered. Koch brought his motion in November 2010, after the parties had spent many months conducting intensive discovery, during which the parties, ***including Koch***, and non-parties alike relied on the Protective Order by producing and designating documents in accordance with it. *See* Doc. No. 125 (Greenberg's underlying Opposition) at 6. By his motion, Koch expressly sought to eliminate the Protective Order, to modify it, or in the alternative, to remove ***all*** of Greenberg's confidentiality designations. [Doc. No. 119]. ***At that point, Koch had never made a single application to Judge Freeman to remove any of Greenberg's confidentiality designations.*** Koch simply ignored the terms of the Protective Order to which he had agreed.

The timing of Koch's motion was not coincidental. In September 2010, Greenberg filed

his still-pending Motion to Enforce the Protective Order and for Sanctions [Doc. No. 98], based on Koch's repeated, willful, and unapologetic violations of the Protective Order.  In that motion, which Koch fails to mention, and in papers supplementing that motion, Greenberg demonstrated that Koch and his agent, Brad Goldstein, who runs this litigation for Koch, intentionally violated the Protective Order by circulating Confidential *and Attorneys' Eyes Only* documents to the press and to the Federal Bureau of Investigation.  Cialone Decl. Exh. B (Goldstein Depo.) at 7:4-22 and 10:11-11:8.  (Goldstein is not an attorney, and the fact that he received these documents was evidence of yet another violation of the Protective Order, by Koch's counsel.  *See* Doc. No. 108.)  Worse yet, Goldstein testified that Koch's company has an ongoing policy of sending documents to law enforcement agencies, regardless of whether those documents -- like the documents here -- are subject to protection by a Court order.  *Id.* Exh. B at 7:4-22 and 10:11-11:8.[3]  In fact, Goldstein refused to admit that his transmittal of Attorneys' Eyes Only documents to the FBI was a violation of the Protective Order.  Goldstein also sent the FBI an email discussing the Attorneys' Eyes Only documents -- and making false and defamatory statements about Greenberg -- conduct that constituted a further violation of the Protective Order, and conduct that Koch and Goldstein failed to disclose despite being ordered by Judge Freeman to identify all disclosures by Goldstein of confidential documents or their contents.  *Id.* Exh. B at 24:21-26:17.  Koch sought to "eliminate" the Protective Order only after Greenberg sought to hold Koch responsible for violating it.

---

[3]      In the past, Koch has criticized Greenberg for citing Goldstein's testimony without noting Koch's contrary testimony. Greenberg is happy to comply with Koch's demand: At deposition, when Koch was confronted with the fact that Goldstein testified to the company policy referenced above, Koch stated that there was "absolutely no policy of that nature." Cialone Decl., Exh. C at 283:19-285:5.  Greenberg believes that Goldstein told the truth in this instance. Goldstein's conduct supports that belief, and Goldstein had no reason to invent such a company policy -- while Koch had every reason to deny it.  It is noteworthy, however, that Koch himself accuses a long-time employee, whom he has trusted to run his wine-related lawsuits and investigation for six years, of testifying falsely about company policy.

C.      **Koch's Motion Was Prejudicial To Third Parties, As Well As To Greenberg.**

Koch expressly styled his motion as one to "eliminate" the Protective Order, a remedy that would obviously affect both parties and non-parties.   Koch claimed, however, that non-parties would be adequately protected -- an assertion that he did not explain, and an assertion that he contradicted with the further argument that non-parties did not need to be protected.   Motion at 13-14.

In his Opposition to Koch's Motion, Greenberg pointed out, *inter alia*, that third parties had relied on the Protective Order in producing documents.   Doc. No. 125 at 6.   Koch then suggested, in his Reply [Doc. No. 129] at 2, that the Court could somehow grant his motion, while allowing non-party confidentiality designations to stand (though without explaining what would happen where both Greenberg and a non-party designated the same document Confidential, and without explaining how confidentiality designations by Zachys -- which was a party when Koch filed his motion but has since been dismissed -- would be treated).   Koch did not cite any precedent for this notion of eliminating an order only as to parties (or one party), or for precluding only Greenberg from relying on the Protective Order.

Koch now appears to have reversed course again, and once again seeks, as the title of his Objections shows, "elimination of the Protective Order in its entirety."  Obj. at 1; *see also* Obj. at 15 (arguing that "there is no need for a Protective Order.")[4]  Koch asserts that third parties "may

_____

[4]      Despite the title of his motion and of his Objections, and his argument that "there is no need for a Protective Order" in this case at all, Koch also claims that he "did not ask that the Protective Order be voided as to designations by non-parties."  Obj. at 2.  Koch has yet to explain how the Protective Order could be "eliminated in its entirety" while still remaining in effect as to non-parties.  Nor has Koch ever explained how he proposes to treat designations by Zachys, which designated thousands of documents Confidential when it was a party to this case, but which has since settled with Koch and been dismissed.

Koch is apparently trying to have it both ways.  He asked Judge Freeman to eliminate the Protective Order.  Greenberg pointed out the obvious prejudice this would cause non-parties, and Koch tried to dodge that argument by mischaracterizing his own motion.  These tactics, and the lack of clarity as to the relief Koch actually seeks,

have" relied on the Protective Order in "rare instances." Obj. at 13. That assertion is false. As Koch certainly knows, Sotheby's designated hundreds of documents Confidential, including documents identical to those that Greenberg designated Confidential. *See* Doc. No. 125 at 6 & Cialone Decl. Exh. D (Supplemental brief to Judge Freeman) at 6-9. Zachys, which was a party but has since been dismissed, designated thousands of documents Confidential, including documents that Zachys produced while it was a party and documents it produced after being dismissed. Royal Wines and other third parties have also designated documents confidential. Prior to filing his motion to eliminate the Protective Order, *Koch never challenged any of these designations before Judge Freeman*, just as he never challenged any of Greenberg's designations.

D.     <u>Greenberg Did Not Violate the Protective Order.</u>

Koch initially argued that the Protective Order should be eliminated because Greenberg supposedly violated it, by sending a single email to Frank Komorowski, a third party:

> Frank: I am in a deposition with Brad Goldstein. He attributes to you statements that Sotheby's rejected 1/3 of my cellar directly to you. This is not true and evidence in this case is on record supporting it. I cannot imagine someone of your impeccable reputation making those statements. Do you tell this to Mr. Goldstein? Many thanks, Eric.

Obj. at 3-4. (Koch also states that Komorowski was a victim of counterfeit wine, but cites no evidence -- and there is none -- that Komorowski ever bought any supposedly counterfeit wine from Greenberg.) By his email, Greenberg was simply confirming whether Komorowski made the statement attributed to him by Goldstein -- hardly a disclosure of confidential information. Greenberg had no way to determine whether Komorowski made the statement other than asking him.

---

provided sufficient grounds for Judge Freeman properly to deny Koch's motion.

Greenberg's email to Komorowski was not a violation of the Protective Order. Komorowski was already aware of the contents of Goldstein's testimony (if Goldstein in fact testified truthfully about Komorowski's statements.)   The Protective Order in this case specifically provides that disclosure of information to the "author" of the information is **not** prohibited by, and thus is not a violation of, the Protective Order:

> (f)   Exceptions.   The limitations on disclosure contained in this Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were authors or addressees of those documents, or who actually received copies prior to the commencement of this lawsuit.

Wessel Decl., Exh. C ¶ 4(f).   Although the Protective Order speaks in terms of "documents," it must, logically speaking, apply to deposition testimony about an alleged statement by a third party, as well.   If, for example, Goldstein had testified at his deposition that a document allegedly containing a statement about Greenberg was authored by Komorowski, Greenberg would unquestionably be entitled to show the document to Komorowski and ask him whether he in fact authored it.   The same reasoning and rationale must necessarily apply to an oral statement; if not, Greenberg could never turn to the alleged author of the oral statement to ask if the statement had ever been made.

Although Koch claims that Greenberg repeatedly violated the Protective Order, he identifies only the single communication with Komorowski, which is not a violation at all.   Koch also notes that Greenberg has attended depositions -- something Greenberg is entitled to do (and which Koch has done himself) and to which neither Koch nor anyone else has ever objected -- but provides no evidence that Greenberg violated the Protective Order or communicated confidential information to any third party in any such deposition.   Koch also notes that Greenberg himself has spoken to the press about this case.   Greenberg is obviously entitled to talk to the press, and has done so here in order to respond to Koch's defamatory media

campaign, but Koch cites no evidence that Greenberg disclosed any confidential information to the press. Nor does Koch cite any authority for his novel proposition that a party to litigation who discloses non-confidential information somehow waives or loses the right to designate other information as confidential under a stipulated Protective Order.

**E.     Koch's Description of "Other Confidentiality Issues" is Misleading and Irrelevant.**

Koch accuses Greenberg of trying to "scare and silence" witnesses. This is a dramatic but starkly unsubstantiated charge. Greenberg sued William Edgerton (Greenberg's prior litigation consultant and Koch's prior expert witness *in this case*) because Edgerton violated his fiduciary obligations when he, among other things, disclosed hundreds of pages of Greenberg's attorney work product to Koch.[5] Greenberg filed that lawsuit several months after Edgerton's deposition. Greenberg later withdrew the lawsuit, when it became apparent that Koch was using it as a pretext to de-designate Edgerton as a testifying expert after Edgerton's testimony at deposition badly damaged Koch's case. Greenberg was entitled to assert his rights against a litigation consultant who disclosed work product, but his assertion of those rights in no way affected discovery in this case and is irrelevant to Koch's effort to eliminate the Protective Order. Furthermore, while Greenberg has asserted his contractual rights in connection with the unauthorized disclosure of his confidential information by former agents and business associates, he has never used those contractual rights to interfere with discovery in this case.[6]

In contrast, Koch has played games with the Protective Order. Specifically, Koch

---

[5]     Greenberg hired Edgerton as a litigation consultant to advise him in Greenberg's dispute with Royal, so communications with Edgerton were attorney-client privileged and work product, which Edgerton has known at all times. Edgerton knowingly provided confidential information and privileged communications to Koch in breach of his obligations to Greenberg. However, Greenberg has determined that being able to present to the jury in this case Edgerton's testimony — which is directly related to the validity of Koch's claims — outweighs the harm to Greenberg from Edgerton's wrongful conduct.

[6]     In his Opposition to Koch's Motion [Doc. No. 125, at 18-19], Greenberg explained other instances in which he has protected his rights, which Koch did not raise in his Objections but may improperly raise in his Reply.

asserted that the confidentiality provision in his settlement agreement with Zachys allowed him to refuse to disclose that document in full *even to Greenberg and even to Greenberg's attorneys.* (In other words, Koch claimed the unilateral right, not to produce a document and designate it "Confidential" or "Attorneys Eyes Only," *but to refuse to produce it at all* because it was supposedly confidential.)   When Zachys later produced the entire Settlement Agreement, but designated it Confidential, Koch's ruse became apparent:   he wanted to keep the Agreement from becoming public, but could not designate the document Confidential himself without jeopardizing his position on the instant Objection.   *See* Cialone Decl. Exh. E (March 21, 2011 Letter from Frank A. Cialone to the Hon. Debra Freeman).

**F.     Koch's Complaints About Greenberg's Designations Are Before Judge Freeman.**

In the May 24 Order, Judge Freeman ordered the parties to submit supplemental briefing regarding a "representative sample" of Greenberg's purportedly improper designations.   That briefing is now complete and, like Koch, Greenberg submits herewith a copy of his supplemental brief.   Cialone Decl. Exh. D.[7]   If Koch's complaints have any merit, Judge Freeman is well-situated to provide the parties appropriate guidance and to order de-designations where appropriate, as contemplated by the stipulated terms of the Protective Order.

## II.     ARGUMENT

**A.     Standard of Review**

Koch brings his Objections under Rule 72(a), which provides that "The district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous* or is *contrary to law*."   Fed. R. Civ. Proc. 72(a) (emphasis added).   *See also Alvarado v. City of New York*, 2009 WL 510813, at *1 (E.D.N.Y. Feb. 27. 2009) ("discovery

---

[7]     Greenberg will separately submit the Declaration and voluminous exhibits thereto in support of that supplemental brief.

matters, including issuance and application of protective orders, are non-dispositive decisions governed by Federal Rule of Civil Procedure 72(a) . . . the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently") (internal quotations and citations omitted). Discovery disputes such as the instant matter are "entrusted to the sound discretion" of the Magistrate Judge. *E.g.*, *Arista Records LLC v. Lime Group LLC,* 2010 U.S. Dist. LEXIS 123603, at *7-8 (S.D.N.Y. Nov. 18, 2010) ("Courts in this Circuit have held that a magistrate's ruling on a discovery dispute should only be overturned for an abuse of discretion") (citations omitted). Deference to the Magistrate's discovery rulings is particularly appropriate where, as here, the Magistrate has presided over the case for an extended period of time and addressed numerous non-dispositive matters. *See Grand River Enters. Six Nations, Ltd. v. King*, 2008 U.S. Dist. LEXIS 81603, at *5 (S.D.N.Y. Oct. 4, 2008) ("Magistrate judges receive substantial deference, particularly where they have been deeply involved in discovery matters in the case for years.") (internal citation omitted).

**B.     Koch Has Not Demonstrated That the Protective Order Should be Vacated.**

Koch fails entirely to meet his burden of showing that Judge Freeman's May 24 Order was clearly erroneous or contrary to law. Indeed, Judge Freeman could properly have denied the motion on procedural grounds alone, under Local Rule 37.2. Doc. No. 125 at 8. But Judge Freeman had ample substantive grounds on which to deny Koch's motion as well.

A party seeking to vacate (or, as here, "eliminate") a protective order bears an extremely heavy burden, one that Koch failed to meet below. The party must make "a showing of improvidence in the grant of [the order] or some extraordinary circumstance or compelling need." *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979). *See also In re September 11 Litig.*, 262 F.R.D. 274 (S.D.N.Y. 2009) (same). In *Martindell*, the appellate court upheld the district court's denial of a motion by the government (who was not party to the

- 12 -

case) to vacate a previously-entered protective order so that it could use discovery from the civil case as part of a pending criminal investigation. The court reasoned that in the absence of the showing set forth above, an individual who produces documents or gives testimony believing they will be protected by a protective order in place at the time should be entitled to rely on the its continued enforceability. The court explained:

> [T]he vital function of a protective order issued under Rule 26(c) . . . is to 'secure the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice. Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences.

*Id.* at 295 (internal citations omitted).

The holding in *Martindell* conclusively refutes Koch's claim that "at the end of a case . . . the decision to have a Protective Order should be revisited." Obj. at 15.[8] Indeed, Koch's claim turns the law on its head: Rather than knowing that protective orders are "fully and fairly enforceable" and being able to rely upon the court's order, witnesses would know that every protective order was subject to being "revisited." Koch's argument would undermine the procedural system to which *Martindell* refers, and Koch's argument is contrary to controlling law. And practically, Koch's argument makes no sense: routinely vacating protective orders after parties and non-parties relied on them for years would be incredibly disruptive to the discovery process. Now that the parties and third parties have relied on the Protective Order, and designated thousands of documents under its terms that *they would not have produced absent the Protective Order*, it would be deeply unfair -- and contrary to law -- to eliminate the order.

---

[8]       As noted above, Koch's further argument, that such "revisiting" is warranted here because Koch only now realizes that his lawsuit is about the buying and selling of wine, is absurd. *Supra*, at 4.

Judge Freeman correctly found that Koch did not meet his heavy burden, and Koch fails to show that decision was clearly erroneous. Koch -- a person who has initiated and been involved in numerous lawsuits and has been represented by three prominent law firms in this matter -- stipulated to entry of the Protective Order in 2009, including all of the provisions to which he now objects, and Koch therefore cannot possibly show that there was "improvidence in the grant" of that order. Similarly, Koch fails to show that Judge Freeman was clearly erroneous in not finding any "extraordinary circumstance" or "compelling need" for overturning the Protective Order. The Protective Order should remain in place, and the Court should allow Judge Freeman to evaluate Greenberg's confidentiality designations in accordance with the procedure set forth in her May 24 Order.[9]

## C.   The Protective Order Conforms To The Law.

Koch argues that the Protective Order, and Judge Freeman's May 24 Order, wrongly allocate the burden of proof, shield "judicial documents" from public view, and unworkably impose two tiers of confidentiality designations. None of these arguments is persuasive, and the Protective Order -- and the May 24 Order upholding it -- are proper under controlling case law. Koch has not shown that the May 24 Order is contrary to law.

### 1.   The Protective Order and Judge Freeman's May 24 Order properly allocate the burden on proof.

Koch argues that the Protective Order is contrary to law, because he claims that the procedure for challenging designations -- a procedure to which he stipulated -- improperly

---

[9]      As discussed below, the May 24 Order correctly leaves with Greenberg the burden of proving that confidentiality designations are appropriate. Koch's objection to that portion of the May 24 Order, moreover, is not properly before this Court. The briefing called for by Judge Freeman is now complete, but Judge Freeman has not made any ruling. If Koch objects to being ordered to identify specific designations he claims were improper and explain his claims, that objection is moot because he has already submitted his supplemental briefing. If Koch objects to what he (incorrectly) believes to be a misallocation of the burden of proof, that objection must await a decision by Judge Freeman as to the actual designations at issue.

- 14 -

allocates the burden of challenging designations to the non-designating party.  But the cases Koch cites speak only to the burden of **persuasion**, not the burden of initiating a challenge.  The Protective Order leaves the burden of persuasion exactly where those cases say it should be: On the party or third party who designates a document as Confidential.  The Protective Order merely requires that the party who challenges confidentiality initiate the meet and confer process and, eventually, file the opening and reply memoranda.  That procedure does not change the burden of persuasion; if anything, it gives the party challenging a designation the advantage of having two chances to brief the issue.

Similarly, Judge Freeman's May 24 Order requiring supplemental briefing does not invert the burden of proof: Greenberg still had the obligation to justify each of his designations.  Koch merely had the burden to identify supposedly improper designations, and once again he received the benefit of two rounds of briefing.  Greenberg has never argued that Koch has the burden of proof to show that a confidentiality designation is improper, and Judge Freeman has never imposed that burden on Koch.

Koch also misrepresents the cases he relies upon by asserting that they require the party claiming confidentiality to file a motion and make an affirmative showing before making a designation.  That is not the law, and Judge Freeman's refusal to require that process was correct.  In this case, as in many cases where confidentiality orders are issued, the core issues as to which most discovery relates concern the sensitive business and personal information that the parties want and are entitled to keep confidential.  This case is about the fine wine business.  Greenberg is in that business.  Cialone Decl. Exh. A (Greenberg Decl.) at ¶ 2 and Exh. A thereto.  Accordingly, he has thousands of documents containing non-public commercial information that have been produced or may be produced in this litigation.  *Id.*  Under Koch's proposed scheme,

Greenberg would have to bring a motion, and the Court would have to adjudicate that motion, with respect to every such document produced. This would be entirely unworkable, as Judge Freeman recognized. Had Koch proposed that cumbersome procedure back in 2009, when the parties were negotiating the terms of their Stipulation to the Protective Order, Greenberg would not have agreed to it, and it is extremely unlikely that the Court would have imposed it.

### 2.      Documents exchanged in discovery are not "judicial documents."

The provisions of the Protective Order that allow for unilateral confidentiality designations and the filing under seal of discovery-related motions -- provisions to which, once again, Koch stipulated -- are not contrary to law. In fact, the very authority on which Koch purports to rely rejects his proposed system of requiring briefing and motion practice every time a party or non-party is asked to produce a confidential document, and undermines the basis of his demand to make every detail of this litigation public. Koch cites *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048-49 (2d Cir. 1995) in support of his request to make all documents produced in discovery publicly available, but the *Amodeo* court -- Koch's central authority -- expressly rejected such a scheme, using language that applies exactly to what Koch is trying to do in this case:

> ***Unlimited access to every item turned up in the course of litigation would be unthinkable. Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information. . . .***
>
> . . . Moreover, a court can strike a pleading as scurrilous under Federal Rule of Civil Procedure 12(f) whereas it is powerless to discredit every statement or document turned up in the course of litigation.
>
> \*       \*       \*
>
> Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [in favor of public access] is low and amounts to little more than a prediction of public access absent a countervailing reason. ***Documents that play no role in the performance***

> *of Article III functions, such as those passed between the parties in discovery,*
> *lie entirely beyond the presumption's reach,* and stand on a different footing than
> . . . a motion filed by a party seeking action by the court . . . .

*Id.* at 1048-50 (internal citations omitted) (emphasis added).  *Amodeo II* states only the well-established principle (which Greenberg does not dispute) that a party seeking to file "judicial documents" under seal bears the burden of establishing that the documents are confidential; indeed, the *Amodeo II* court expressly limited the presumption of public access to documents filed with the court in support of a request for court action.  *Id.*  And Koch cites *Lugosch*, which expressly limited its holding to motions for summary judgment -- *i.e.*, determinations on the merits which adjudicate the parties' substantive rights -- which neither party in this case has filed.  *See Lugosch v. Pyramid Co.,* 435 F.3d 110, 126 (2d Cir. 2006) ("We hold that documents submitted to a court *in support of or in opposition to a motion for summary judgment* are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.") (emphasis added).

The other cases that Koch cites fail to support his position for the same reasons.  *See, e.g.,* *Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152, 159 (S.D.N.Y. 2003) (quoting *United States v. Graham*, 257 F.3d 143, 151 &163 (2d Cir. 2001)) ("'Conversely, the presumption of access to documents that do not serve as the basis for a substantive determination-such as documents submitted on a motion for summary judgment which is denied, thus leaving a decision on the merits for another day-is appreciably weaker.'").  Koch has failed to show that Judge Freeman's Order refusing to vacate the Protective Order was clearly erroneous or contrary to law.

### 3.    Two-Tiered Protective Orders Are Commonplace and Appropriate.

A two-tiered Protective Order is not contrary to the law.  Rather, the decision to issue such an order is entirely within the Magistrate's discretion.  Koch cannot show that Judge

Freeman abused that discretion in instituting a two-tiered order (which the parties, of course, requested). Koch cites *Unico American Corp. v. Crusader Captive Services, LLC*, 2006 WL 2355524, at *2 (N.D. Ill. 2006), for the proposition that two-tier protective orders that allow for AEO designations are improper. *Unico*, of course, had already been decided when Koch stipulated to the current two-tier protective order. Moreover, *Unico* was decided on its unique facts and the particular experience of that District Judge, and does not broadly condemn two-tier protective orders. Such orders are routinely entered by courts. *See, e.g.*, *Tailored Lighting, Inc. v. Osram Sylvania Prods., Inc.*, 236 F.R.D. 146 (W.D.N.Y. 2006) (entering two-tiered order); *Boss Mfg. Co. v. Hugo Boss AG*, 1999 WL 33431 (S.D.N.Y. Jan. 26, 1999) (evaluating two-tiered protective order). The instant case is distinguishable from *Unico*, moreover, in that there was no evidence in *Unico* that the parties would intentionally send confidential documents to the press and the FBI in violation of the protective order if disclosure were not limited to counsel. Here, Koch and Goldstein have demonstrated the need for an AEO tier in the Protective Order.

Koch argues that the AEO tier prejudices him because it prevents him from assisting his counsel. First, Greenberg's AEO designations have never stopped Koch's attorneys from making any argument to this Court or to Judge Freeman. Nor has it stopped them from using those documents to prepare Koch's case. Greenberg's few AEO designations do not prejudice Koch, moreover, because by his own admission Koch leaves litigation decisions to his counsel. *See* Cialone Decl. Exh. C (Koch Depo.) at 297:3-5 ("My lawyers, as you know, like to run lawsuits. They don't like the clients to run them."). And as Koch's agents have proven, an AEO tier is necessary in this case.

**D.     Eliminating the Protective Order Would Prejudice Non-Parties**

The relief Koch sought in his Motion, or the different relief he sought in his Reply, would prejudice third parties. Koch variously asked Judge Freeman to "eliminate" the Protective Order

entirely, and modify it so it applies to everyone except for Greenberg; it is entirely unclear which relief he is asking the Court for here. *See supra* at 7 and n.4. But either variation would prejudice the non-parties who have produced confidential documents.

Non-parties have, in fact, produced thousands of pages of Confidential documents in this case. Those non-parties did not have notice of Koch's Motion or of these Objections, and their interests are not represented here. Should the Court vacate, or "eliminate," the Protective Order, then those non-parties will be prejudiced, without ever having been heard. Moreover, even if the Order is modified so that it applies to everyone but Greenberg, non-parties will be prejudiced. In many instances, Greenberg and third parties have produced and designated as Confidential the very same documents. (Some of these instances are detailed in Greenberg's accompanying supplemental brief.) Modifying the Protective Order to deny only Greenberg its protections would result in all such documents becoming public, despite third parties' confidentiality designations, merely because Greenberg had produced the same documents. Such a result is unprecedented, and unfair.

Koch cites a string of cases to argue that these third parties' reliance was somehow unreasonable or unwarranted, but the cases do not support his conclusion. The temporary protective order in place in *Schiller v. City of New York*, unlike the carefully crafted Order at issue here, did ***not*** "delineate the kinds of documents[] contemplated for protection"; rather, it allowed any party to designate any document. 2007 WL 136149, at *5 (S.D.N.Y. 2007) (internal quotation omitted). Similarly, the protective order discussed in *SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001), applied only to pre-trial proceedings, while the Protective Order in this case expressly applies to the end of this litigation ***and beyond***. Wessel Decl. Exh. C at 10 (parties must return confidential documents at conclusion of litigation), 12 (obligations of

Protective Order "survive the termination of this action" and "this Court shall retain jurisdiction" to enforce the Protective Order).  And in all of Koch's cited cases, parties or third parties could apply for de-designation of certain documents, ***but the producing party would have notice and a chance to be heard***.  Here, in contrast, third parties are not parties to the instant Objection (nor were they parties to the underlying motion) and they have not had neither notice nor an opportunity to be heard.

E.     **Greenberg's Designations are Not Before This Court, and are Proper.**

        Koch's discussion of designations he deems improper does not in any way support his Objection.  The issue of whether any of Greenberg's designations were improper is before Judge Freeman, and those designations are discussed in detail in the June 17 supplemental briefing.  While Koch may argue that certain designations are improper, Koch cannot show that Judge Freeman's decision not to vacate the entire Protective Order on the basis of those arguments was clearly erroneous or contrary to law.  Koch does not cite any case that holds that a party's allegedly improper designations of some documents under a protective order require a court to vacate, or "eliminate," that order.

        That said, the designations Koch complains about are proper.  Pursuant to the provisions of the Protective Order, Greenberg has designated many of the documents he has produced in this action as Confidential, because they contain non-public information that is valuable to his wine business – including vendor information, customer information, inventory information, pricing information and information about negotiating strategies, marketing strategies and auction strategies – as well as other commercially and competitively sensitive information.  Greenberg has also designated as Confidential documents containing information about his companies' finances, his personal finances or other personal information.  Cialone Decl. Exh. A (Greenberg Decl.) at ¶¶ 2-5.  Koch's lawyers, of course, have had full access to this information.

Greenberg provides a detailed defense of his confidentiality designations in his attached Supplemental Brief to Judge Freeman. *See* Cialone Decl. Exh. D.[10]

Koch principally objects to Greenberg's designations of documents relating to his dispute and settlement with Royal Wine Merchants ("Royal"), including documents submitted to Fireman's Fund Insurance Company as part of a confidential insurance claim by Greenberg regarding the bottles of wine at issue in the Royal dispute ("Fireman's Fund documents"). *See* Cialone Decl. Exh. A (Greenberg Decl.) at ¶ 7. In addition to containing lists of Greenberg's wine, the prices he paid for them and other very personal information (such as the value of Greenberg's home), the Fireman's Fund documents, and all other documents relating to the Royal dispute, are also confidential under the express terms of Greenberg's settlement agreement with Royal, which requires the parties to keep such information confidential. *Id.* Jeff Sokolin (Royal's owner) testified at deposition that he expected Greenberg to keep confidential the entire dispute. Cialone Decl., Exh. F (Sokolin Depo.) at 177:21-180:22. Of course, Koch's lawyers have seen this information. Greenberg's designations are therefore also consistent with his contractual obligation.

Koch argues that Greenberg waived his right to designate these documents by submitting them to third parties. However, Greenberg submitted these documents to his insurance companies to obtain coverage, in their capacity as Greenberg's fiduciaries (not, as Koch puts it, "adverse parties.)" A disclosure in that kind of a confidential relationship does not waive the confidentiality of the underlying documents. Greenberg also communicated with Royal, an

---

[10]   Koch argues that some of Greenberg's documents are from several years ago, and therefore not properly Confidential. Koch does not cite any authority for the notion that non-public financial information, which is expressly protected by the Protective Order, cannot be deemed confidential after it reaches a certain age. Indeed, both Sotheby's and Zachys designated many similarly old documents (including, in many instances, many of the same documents) confidential, a fact indicating that people engaged in the business of buying and selling fine and rare wine consider such information confidential, even if a few years have passed.

adverse party, but those communications were part of confidential settlement discussions, were subject to the confidentiality provision of Greenberg's eventual settlement with Royal, and in any event only gave Royal information that it already had: The specific wines Greenberg had purchased from Royal, and the amounts he had paid for them. Greenberg did not waive confidentiality by sharing information with fiduciaries, with people who were obligated to keep that information confidential, or with people who already had that information.

F.      **Greenberg is Concerned With Koch's Actions, Not The Press's**

Greenberg shares Koch's respect for the role of the press in our society. But the courts have consistently held that the press has little, if any, legitimate interest in documents exchanged in discovery. *See supra* at 14-16. Cases should be tried in court, not in the press. Moreover, Koch cites no authority for his sweeping assertion that Greenberg's contact with the press, about matters related and unrelated to this lawsuit, somehow waives Greenberg's rights under the Confidentiality order. Once again, Koch's arguments fail to establish that the May 24 Order below was incorrect in any way, and fail to support his Objections.

## CONCLUSION

The only issue before this Court is whether the facts or law compel elimination of the Protective Order. They do not. Judge Freeman rightly rejected the "unthinkable" consequences of such a ruling. And contrary to Koch's unsupported assertions, the Protective Order remains as important now as it was on the day it was issued -- it protects Greenberg's and third parties' confidential and sensitive business and financial information from unwarranted, unnecessary, and harmful disclosure. Koch's own misconduct demonstrates why this protection is needed, and Koch cannot demonstrate that Judge Freeman's Order was clearly erroneous or contrary to law. For the foregoing reasons, Koch's Objection should be overruled in its entirety, and Judge Freeman's May 24 Order should be affirmed.

Dated: San Francisco, CA                    By:
       July 1, 2011

                                */s/ Frank A. Cialone*
                                FRANK A. CIALONE
                                SHARTSIS FRIESE LLP
                                One Maritime Plaza, 18th Floor
                                San Francisco, CA  94111
                                fcialone@sflaw.com
                                (415) 421-6500
                                          *(Admitted pro hac vice)*

                                ANTHONY P. COLES
                                DLA PIPER LLP (US)
                                1251 Avenue of the Americas
                                New York, NY  10020-1104
                                anthony.coles@dlapiper.com
                                (212) 335-4500

6006\032\1727997.4

## CERTIFICATE OF SERVICE

MELINDA H. WATERHOUSE, hereby affirms, under penalty of perjury, that I am an attorney admitted to practice in the courts of the State of New York and that on this 1st day of July, 2011, I served a copy of the foregoing Defendant Eric Greenberg's Response to Plaintiff William I. Koch's Objections to Order of Magistrate Judge Denying Motion for Elimination of Protective Order in its Entirety and the Declaration of Frank A. Cialone in Support of Defendant Eric Greenberg's Response to Plaintiff William I. Koch's Objections to Order of Magistrate Judge Denying Motion for Elimination of Protective Order in its Entirety, including all exhibits (A to F), by Electronic Mail on counsel of record, at the following addresses, the addresses designated by them for that purpose:

Edward M. Spiro Esq.
Morvillo Abramowitz Grand Iason, Anello & Bohrer, P.C.
565 Fifth Avenue
New York, NY 10017
ESpiro@maglaw.com

*Counsel for Plaintiff, William I. Koch*

Bruce A. Wessel, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
BWessel@irell.com

*Counsel for Plaintiff, William I. Koch*

By: _____
Melinda H. Waterhouse
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500