```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
WILLIAM I. KOCH, an individual,           :
                                          :
                    Plaintiff,            :
                                          :   07 Cv. 9600
          v.                              :   (BSJ)(DF)
                                          :
                                          :   Memorandum and Order
ERIC GREENBERG, an individual, et al.     :
                                          :
                    Defendants.           :
------------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff William I. Koch's ("Koch") objections to Magistrate Judge Debra Freeman's Report and Recommendation ("R&R"), which contains recommendations for the Court's disposition of two separate sanctions motions (Dkts. 98 and 149) filed by Defendant Eric Greenberg ("Greenberg"). The R&R recommends that the Court grant Greenberg's first sanctions motion (Dkt. 98) but deny the second sanctions motion (Dkt. 149). In conjunction with its recommendation that the Court grant Greenberg's first sanctions motion, the R&R also recommends that the Court: (1) preclude Koch from introducing the evidence in question on any substantive motion in this case or at trial; and (2) award Greenberg the reasonable attorneys' fees and costs incurred as a result of Koch's violation of the

1

Court's Protective Order entered by this Court on August 7, 2009 ("Protective Order"). For the reasons provided below, the Court adopts the R&R in full, overrules Koch's objections, GRANTS Greenberg's first motion for sanctions (Dkt. 98) and DENIES Greenberg's second motion for sanctions (Dkt. 149).

I.  **Standard of Review**

"A district court evaluating a magistrate judge's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions...are not clearly erroneous or contrary to law." Adams v. N.Y. State Educ. Dept., 705 F. Supp. 2d 298, 301 (S.D.N.Y. 2010) (citations omitted). "Where a party makes a specific written objection after being served with a copy of the magistrate judge's recommended disposition, however, the district court is required to make a de novo determination regarding those parts of the report." Id. (internal quotations and citations omitted).

II. **Recommendations without Objection**

Neither party has objected to Magistrate Judge Freeman's recommendation that the Court deny Greenberg's second motion for sanctions (Dkt. 149). Since the Court finds that the R&R is not clearly erroneous or contrary to law, the Court adopts the R&R

2

and denies Greenberg's Motion for Sanctions for Spoliation of Evidence (Dkt. 149).

### III. Koch's Objections

Koch raises objections to the R&R's recommendations regarding the Motion for Sanctions pursuant to FRCP 37(b) (Dkt. 98), as well as, to what he argues are erroneous factual findings contained in the R&R's analysis of the motion for Sanctions for Spoliation of Evidence (Dkt. 149).

#### 1. Objections to Recommendation to Preclude Evidence and Award Attorney's Fees

The R&R discusses the background of the case in detail, and the Court assumes familiarity with the facts described therein. The principal event giving rise to the first sanctions motion was Plaintiff's counsel's disclosure to an individual not entitled to receive non-party documents during the initial 20-day period in which the Protective Order provided that such documents should be considered "Attorney's Eyes Only." This individual, whose receipt of the documents was itself a violation of the Protective Order, immediately disclosed the document to a member of the press. Both of these improper disclosures occurred prior to Plaintiff ever sharing the documents with Defendant.

Koch objects to the R&R's recommendations that the Court: (1) preclude Koch from introducing documents produced on April 26, 2010 by Fireman's Fund Insurance Company ("Fireman's Fund Documents"); and (2) award Greenberg reasonable fees and costs incurred in connection with violations of the Protective Order.

Rule 37 provides for a range of permissible sanctions, one of which is the preclusive sanction Greenberg seeks here. See Fed. R. Civ. P. 37(b)(2)(A)(ii), (vii). The Court's discretion in selecting appropriate sanctions is to be guided by a number of factors, including: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citations omitted). In his objections, Koch argues that none of these factors weigh in favor of imposing the recommended sanctions against him.

### a. Willfulness in Violating the Protective Order

As an initial matter, Koch argues that Magistrate Judge Freeman erred in finding that his violation of the Protective Order was willful. Koch bases his argument on the grounds that: (1) Brad Goldstein ("Goldstein") is properly considered as

4

Koch's employee; (2) Goldstein is "necessary" to litigation; and (3) Counsel did not willfully disregard the protective order.

With respect to the first question of whether Goldstein should be considered an employee of Koch's for purposes of the protective order, although the Court agrees with the Magistrate Judge that Goldstein's official status as an employee of Koch's company seems to weigh against a finding that he is Koch's personal employee, this issue is immaterial to the Court's decision to adopt the R&R's recommended sanctions. The Court instead gives more significance to the fact that, as noted by Magistrate Judge Freeman, "[e]ven if counsel wrongly believed that Goldstein was entitled to view confidential documents, counsel knew of Goldstein's role as Koch's press liaison, and thus should have exercised particular care to ensure that Goldstein understood the terms of the Protective Order." Report and Recommendation, Koch v. Greenberg, et al., No. 07 Civ. 9600 (BSJ)(DF) (S.D.N.Y. August 16, 2011) at p. 19. Indeed, even if the Court were to consider Goldstein Koch's employee, this would not change the Court's view of the first ten of the eleven enumerated facts listed in the R&R as informing Magistrate Judge Freeman's recommendation. See Id. at p. 18-19.

The significance of Goldstein's status as Koch's employee is further diminished by the Court's difficulty in comprehending how an individual whose principal responsibilities relate to

press communications can be considered someone to whom it is "necessary that the material be shown for the purposes of prosecuting or defending this lawsuit". Protective Order at ¶ 4(a). Although Koch has elaborated numerous reasons for why Goldstein is integral to the lawsuit, ranging from his helpfulness in obtaining documents to Koch's declaration that Goldstein was charged to "handle it [the litigation...on a day-to-day basis", the Court fails to see how these responsibilities made it "necessary that the material be shown" to Goldstein. Particularly in light of the sensitivity surrounding Goldstein's role as Koch's public spokesperson, it appears to the Court that Goldstein's various administrative and coordinating responsibilities in the litigation could have easily been achieved without disclosing to him the confidential documents themselves.

 The Court finds Koch's final arguments regarding his willfulness in violating the Protective Order unpersuasive. Although Koch's counsel's actions following the violation involving the Fireman's Fund Documents were consistent with the requirements of the Protective Order, these actions do nothing to explain the nature of that disclosure itself.  Like Magistrate Judge Freeman, this Court is "alarm[ed] by the alacrity with which Koch's counsel disclosed the Fireman's Fund Documents to Goldstein, and the even greater alacrity with which

Goldstein then disclosed them to the press." Report and Recommendation, Koch v. Greenberg, et al., No. 07 Civ. 9600 (BSJ)(DF) (S.D.N.Y. August 16, 2011) at p. 20. Furthermore, with respect to the Fireman's Fund Documents, there are no circumstances under which counsel could have reasonably believed that Goldstein was entitled to view these documents during the initial 20-day period in which the Protective Order required such documents to be considered "Attorney's Eyes Only." With respect to the earlier disclosure of confidential documents to Goldstein, although Koch argues vigorously that these disclosures should be considered appropriate, the Court notes that there has been no factual evidence submitted to support a claim that the earlier disclosures were in fact driven by the reasoning now argued by counsel. While counsel has submitted a declaration attesting to Goldstein's role in the litigation, no counsel has submitted a declaration stating that he/she: (1) believed Goldstein, as Koch's employee, was entitled to receipt of confidential documents; <u>and</u> (2) sent themselves or instructed others to send such documents to Goldstein on this basis.

### b. Sufficiency of Lesser Sanctions

Koch's next objection to the imposition of a preclusion sanction and attorney's fees rests on his argument that lesser sanctions, namely Magistrate Judge Freeman's existing verbal order which excludes Goldstein from receipt of confidential

documents, would be a sufficient deterrent under Rule 37. Koch presents three arguments in support of his sufficiency claims: (1) the incident was isolated and promptly addressed; (2) the Fireman's Fund Documents are not confidential; (3) Greenberg has not been harmed by the isolated disclosure and the documents are probative; and (4) Koch should not be punished with preclusion for the acts of his agents.

Addressing Koch's first argument, that the incident was isolated and promptly addressed, the Court finds these arguments unpersuasive. Particularly given the circumstances surrounding the disclosure itself, Koch's counsel's actions after the fact do not convince the Court that excluding Goldstein from confidential documents is sufficient to deter the Plaintiff from violating the Protective Order in the future.

The Court finds Koch's second and third arguments similarly unavailing. With respect to Koch's claim that the Fireman's Fund Documents are probative and not confidential, the Court agrees with the R&R that "[t]he more Koch's counsel believed that the documents were potentially damaging to Greeberg and his reputation, the more careful they should have been about disclosing the documents to Goldstein" and the appropriateness of the documents' confidentiality designation "is beside the point". Report and Recommendation, Koch v. Greenberg, et al., No. 07 Civ. 9600 (BSJ)(DF) (S.D.N.Y. August 16, 2011) at pp. 21-

8

22. On the issue of whether Greenberg has suffered any harm as a result of Koch's disclosure, the Court finds Koch's arguments disingenuous. Koch's violation of the protective order resulted in a nationally published article which both: (1) states that the contested document "appears to support" the Complaint; and (2) significantly discloses the content of the document.

Lastly, the Court agrees with the R&R that "to the extent Koch suggests that he should not be sanctioned because he was not personally involved in any of the violations of the Court's Protective Order, Koch misapprehends the law." Id. at p. 22. See also Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *25 (S.D.N.Y. Aug 27, 2004) (citations omitted).

### c. Duration of the Violation

Koch's third argument for why the R&R's recommendation for sanctions should not be adopted relies on a claim that the R&R erroneously characterizes the duration of non-compliance with the Protective Order as spanning several months. As an initial matter, for reasons discussed earlier in the opinion, the Court finds insufficient evidence to support Koch's claim that the prior disclosures to Goldstein were made following a consideration of the Protective Order. Regardless, even assuming Koch's claim that the earlier disclosures to Goldstein

9

were compliant, the Court finds that the egregious nature of Koch's disclosure of the Fireman's Fund Documents weighs in favor of imposing the sanctions recommended by the R&R.

### d. Koch Did Not Receive a Warning

Koch's final objection to the R&R is that the sanctions are unwarranted given that Koch was never warned that evidence that corroborates and confirms his claims might be precluded due to his agent's erroneous disclosure. Declining to give weight to this objection, the Court instead recognizes that "Koch engaged experienced counsel to represent him in this action, and counsel would have been aware that violations of an Order could result in severe sanctions." Report and Recommendation, Koch v. Greenberg, et al., No. 07 Civ. 9600 (BSJ)(DF) (S.D.N.Y. August 16, 2011) at p. 21.

### 2. Specific Objections to Factual Findings in the R&R

In addition to objecting to the R&R's imposition of preclusive sanctions and attorney's fees, although Koch "agrees with" the R&R's recommendation to deny Greenberg's second sanctions motion, Koch "specifically objects to erroneous factual findings contained in the R&R." The Court agrees with the Magistrate Judge's findings.

10

## IV. Conclusion

The Court ADOPTS the R&R. The Court GRANTS Defendant Greenberg's first motion for sanctions (Dkt. 98), and orders that: (1) Plaintiff Koch be precluded from introducing the Fireman's Fund Documents on any substantive motion in this case or at trial; and (2) Defendant Greenberg be awarded reasonable attorneys' fees and costs incurred as a result of Koch's violation of the Court's Protective Order. The Court DENIES Greenberg's second motion for sanctions (Dkt. 149).

The Clerk of the Court is directed to termination motions #98 and #149 on the ECF docket.

**SO ORDERED:**

BARBARA S. JONES
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         September 28, 2011

11