UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
WILLIAM I. KOCH, an individual,          :
                                         :
    Plaintiff,                          :
                                         :
        vs.                          :   07 Civ. 9600 (JPO)
                                         :
ERIC GREENBERG, an individual; ZACHYS    :
WINE & LIQUOR STORE, INC., a New York    :   Hon. J. Paul Oetken
corporation; and ZACHYS WINE AUCTIONS,   :
INC., a New York corporation,            :
                                         :
    Defendants.                         :
                                         :
---------------------------------- X

# PLAINTIFF WILLIAM I. KOCH'S MOTION IN LIMINE NO. 4 OF 10 TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING KOCH'S OTHER LAWSUITS

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
(310) 277-1010

-and-

MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Plaintiff*
*WILLIAM I. KOCH*

Plaintiff William I. Koch ("Koch") moves *in limine* to exclude evidence and argument relating to other lawsuits filed by Koch including lawsuits filed against Charlotte Moss and Charlotte Moss Design LLC ("Charlotte Moss"), Christie's International PLC ("Christie's"), Hardy Rodenstock ("Rodenstock"), Rock Island Auction Company ("Rock Island"), and Royal Wine Merchants ("Royal") (collectively, the "Koch Lawsuits"). *See* Joint Exhibit List, Nos. 1027, 1049, 1050, 1051, 1055, 1061, 1062, 1063, 1064, 1065 (Exhibits 1-10, attached hereto). This evidence is inadmissible under Federal Rules of Evidence 402, 403, and 404.

## I.     BACKGROUND

Defendant Eric Greenberg ("Greenberg") seeks to admit evidence of the Koch Lawsuits so that Greenberg can argue that Koch is litigious and this lawsuit against Greenberg lacks merit. These other lawsuits, of course, involve different facts and circumstances than Koch's suit against Greenberg, and they are irrelevant to this case. Moreover, their introduction into this case would consume an undue amount of time and potentially unfairly prejudice Koch. The Second Circuit has addressed the issue of the misuse of prior litigation and recognized the importance of restrictions. *See Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) (reversing judgment for defendants in light of trial court's erroneous decision to admit evidence of plaintiff's prior litigation history); *Raysor v. Port Auth.*, 768 F.2d 34, 40 (2d Cir. 1985) (holding a plaintiff's litigation history, even if probative, is "outweighed by the substantial danger of jury bias"). In order to prevent this trial from turning into a "multi-ringed sideshow of mini-trials on collateral issues," Koch respectfully requests that this Court bar any reference to the Koch Lawsuits. *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009).

- 2 -

**II.     ARGUMENT**

Evidence of the Koch Lawsuits is inadmissible for three reasons: *First*, the suits lack relevance to this case and are therefore inadmissible under Federal Rule of Evidence ("Rule") 402. *Second*, whatever probative value Greenberg contends the suits may have is outweighed by the likelihood of prejudice, warranting exclusion under Rule 403. And *third*, any such evidence of Koch's perceived litigiousness is impermissible character evidence under Rule 404(b).

**A.     Koch's Other Lawsuits Are Irrelevant and Therefore Inadmissible Under Rule 402**

**1.     Suits Unrelated To Wine Have No Relevance To This Case**

Koch's suits against Charlotte Moss and Rock Island are unrelated to counterfeit wine and thus irrelevant. Fed. R. Evid. 401, 402. Koch's complaints against Charlotte Moss and Rock Island—both filed in 2010 in Florida state court—relate, respectively, to a contract to design the interior of Koch's Colorado ranch, and the solicitation of Koch's business in connection with the auction of rare and collectible firearms. *See* Joint Exhibit List, Nos. 1050, 1051 (Exhibits 3 and 4, attached hereto). Even a cursory glance at the complaints reflects their obvious irrelevance. *Id.*

**2.     Koch's Wine-Related Suits Are Likewise Irrelevant**

Koch's lawsuits against Rodenstock and Christie's arose from a unique set of circumstances: Christie's failure—in the 1980s—to adequately disclose crucial information about now-discredited wines purportedly linked to Thomas Jefferson and allegedly discovered by Rodenstock in a Paris wine cellar. *See* Joint Exhibit List, Nos. 1027, 1049, 1055, 1062, 1063, 1064, 1065 (Exhibits 1, 2, 5, 7, 8, 9, 10 attached hereto). These suits have no bearing on Koch's case against Greenberg.

So too with Koch's complaint against Royal, arising out of Royal's sale of counterfeit wine to Koch. "Courts generally exclude evidence of other related lawsuits." *Bd. of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) (Scheindlin, J.) (citations omitted). The Royal suit, filed in 2011, is currently pending in the Southern District of Florida, and is in its earliest stages. *See* Joint Exhibit List, No. 1061 (Exhibit 6, attached hereto).

### B. Evidence of and Argument about Koch's Other Suits Should Be Excluded Under Rule 403

Whatever *de minimis* probative value the other lawsuits might have, evidence and argument about them at trial would be prejudicial, confusing, and a waste of time. *See* Fed. R. Evid. 403. Koch would be called upon to explain the merits and outcomes of the other lawsuits, a true sideshow to this proceeding. Greenberg's sole or primary purpose is to use the other lawsuits to show that Koch is litigious. *See, e.g.,* Def.'s Mem. of Law ISO Mot. for Sanctions, Dkt. #150, at 2 ("Koch is an experienced litigant, who spent decades litigating against his brothers and who has filed wine lawsuits around the nation."). That should not be permitted. "It is well-settled in this Circuit that [while] 'evidence of a plaintiff's litigiousness may have some slight probative value, [] that value is outweighed by the substantial danger of jury bias . . . .'" *Young v. Calhoun*, 85 Civ. 7584 (SWK), 1995 WL 169020, at *6 (S.D.N.Y. Apr. 10, 1995) (quoting *Outley*, 837 F.2d at 592); *Raysor*, 768 F.2d at 40 (remanding case and instructing the trial court to exclude testimony about plaintiff's "extensive" litigation history); *see also Hodges v. Keane,* 886 F. Supp. 352, 357 n.4 (S.D.N.Y. 1995) (Sotomayor, J.) ("[T]he Second Circuit has made clear that a plaintiff's litigiousness is not relevant to his credibility and would be prejudicial.") (citation omitted).

Trial courts have a "duty to prevent exploitation of this prejudice." *Outley*, 837 F.2d at 592-93.

### C. Evidence of Koch's Other Suits Is Also Impermissible Character Evidence Under Rule 404(b)

Rule 404(b) bars character evidence. Fed. R. Evid. 404(b). "Litigiousness is the sort of character trait with which Rule 404(b) is concerned." *Outley*, 837 F.2d at 592. Greenberg's evidence and argument that Koch is litigious should be excluded from this trial. *See, e.g.*, *Greenfield v. City of New York*, 99 CIV 2230 (AJP), 2000 WL 124992, at *12 (S.D.N.Y. Feb. 3, 2000) (the "Second Circuit is clear that under Rule 404(b) . . . evidence of prior litigation cannot be admitted solely for the purpose of proving that a plaintiff has a character trait for litigiousness . . . .").


Dated: Los Angeles, California
       February 25, 2013

                By:  /s/ Bruce Wessel
                    John C. Hueston (admitted *pro hac vice*)
                    Bruce A. Wessel (admitted *pro hac vice*)
                    Marshall Camp (S.D.N.Y. admission pending)
                    Moez M. Kaba (S.D.N.Y. admission pending)
                    IRELL & MANELLA LLP
                    1800 Avenue of the Stars, Suite 900
                    Los Angeles, California  90067
                    (310) 277-1010

                    -and-

                    Edward M. Spiro
                    Adam L. Pollock
                    MORVILLO ABRAMOWITZ GRAND
                    IASON & ANELLO P.C.
                    565 Fifth Avenue
                    New York, New York 10017
                    (212) 856-9600

                    *Attorneys for Plaintiff*
                    WILLIAM I. KOCH