UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
WILLIAM I. KOCH, an individual,               :
                                              :
               Plaintiff,                     :
                                              :
        vs.                                   :   07 Civ.  9600 (JPO)
                                              :
ERIC GREENBERG, an individual; ZACHYS         :
WINE & LIQUOR STORE, INC., a New York         :   Hon. J. Paul Oetken
corporation; and ZACHYS WINE                  :
AUCTIONS, INC., a New York corporation,       :
                                              :
               Defendants.                    :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
```

**PLAINTIFF WILLIAM I. KOCH'S MOTION IN LIMINE NO. 8 OF 10
TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING ALLEGED
FABRICATION OR SPOLIATION OF EVIDENCE AND TO EXCLUDE TESTIMONY
OF R. JAMES ELROY**

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067
(310) 277-1010

-and-

MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Plaintiff*
*WILLIAM I. KOCH*

Plaintiff William I. Koch ("Koch") moves *in limine* to exclude argument or evidence regarding allegations that Koch or Koch's investigator R. James Elroy ("Elroy") fabricated or spoliated evidence. Joint Exhibit List Nos., 1025, 1026 (Exhibits 1 and 2, attached hereto). Such allegations are an irrelevant sideshow that will waste time, confuse the issues, and unfairly prejudice Koch, and are thus subject to exclusion under Fed. R. Evid. 402 and 403. For the same reasons, Koch also moves *in limine* to exclude Elroy's testimony.

## I.        INTRODUCTION

Defendant Eric Greenberg ("Greenberg") seeks to distract the jury from the claims against him by impugning the integrity of Koch's efforts to uncover Greenberg's fraud. Greenberg alleges that Elroy fabricated an inadmissible memorandum (the "Elroy Memorandum"). *See* Joint Exhibit List, Nos. 1025, 1026. The Elroy Memorandum constitutes inadmissible double hearsay and Koch will not introduce or rely on it at trial. Nor are there any legitimate non-hearsay uses of the memorandum. There is no basis to impeach Elroy, as Elroy is not a percipient witness to any material fact or event in this case (other than a July 2006 telephone call between Koch and Greenberg). Koch does not intend to call Elroy to testify in this matter. Likewise, impugning the accuracy of Koch's after-the-fact investigation serves no relevant purpose. This case concerns Greenberg's 2004 and 2005 fraud. Koch's 2006 and later investigation of that fraud does not tend to prove or disprove either of the genuine issues for the jury to decide: whether Greenberg committed fraud or violated New York's General Business Law.

Furthermore, even if the allegations of fabrication had some *de minimis* probative value, such value is far outweighed by the significant danger of confusing the issues, wasting time, and unfairly prejudicing Koch. Greenberg's unsubstantiated allegations of fabrication threaten to turn this short two-week trial into a "multi-ringed sideshow" with

testimony from witnesses with little or no personal knowledge of any relevant fact, and to inflame the jury against Koch.  *Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009).  The allegations should be excluded.  Greenberg also designated Elroy's deposition testimony, which should be excluded too.

## II.     BACKGROUND

Elroy is a retired FBI agent who works as an investigator for Koch.  Dep. Tr. of Elroy, 6:15-7:11; 10:7-8 (Exhibit 3, attached hereto).  Elroy has no percipient knowledge of the 2004 and 2005 Zachys auctions at which Greenberg sold Koch counterfeit wines.  Instead, Elroy's relevant knowledge (to the extent he has any) is based on an after-the-fact investigation he conducted for Koch.  As part of this investigation, Elroy and Koch had a telephone conversation with Greenberg in July 2006.  Greenberg told Elroy and Koch that the counterfeit 1921 Chateau Petrus he sold Koch came from Royal Wine Merchants.  *See* Joint Exhibit List, No. 474 (Exhibit 4, attached hereto).

In 2006, Elroy also visited with Jean-Claude Berrouet, manager of Chateau Petrus, to discuss this same magnum (1500 ml bottle) of 1921 Petrus.  Report & Recommendation, Dkt. #208, *filed* Aug. 16, 2011 ("R & R"), at 24.  Berrouet concluded the magnum is counterfeit.  After the visit, Elroy sent an email to Berrouet summarizing six reasons Berrouet had cited in support of his conclusion.  *Id.*  Berrouet responded by email, in French, confirming Elroy's summary.  *Id.*  Elroy no longer has the original emails, nor his handwritten notes of his meeting with Berrouet (because Elroy was trained, as an FBI agent, to reduce his notes to a typed memorandum).  R & R, Dkt. #208, at 26, 28, 33.

The alleged fabrication stems from the Elroy Memorandum, an investigative memorandum which sets forth Elroy's and Berrouet's original correspondence, an English translation of Berrouet's response, contact information for Chateau Petrus, Berrouet's home

address, and contact information for the attorney for Chateau Petrus.  During discovery in this case, two slightly different versions of the Elroy Memorandum were produced.  *See* Joint Exhibit List, Nos. 1025, 1026.  One has additional language the other does not, but as Judge Freeman recognized, the two versions of the Elroy Memorandum are "nearly identical."  R & R, Dkt. #208, at 25.

During discovery, Greenberg seized on the production of two versions of the same memorandum and conducted extensive discovery on this collateral issue of Elroy's supposed fabrication.  He deposed Elroy, questioning him at length about the minute distinctions between the two versions of the memorandum.  Dep. Tr. of Elroy at, e.g., 39-102 and 148-65.  Greenberg then alleged spoliation and brought a motion for terminating sanctions against Koch in 2009.  Dkt #150.  Greenberg now claims in his Pre-Trial Memorandum that Judge Freeman and Judge Jones found Elroy "likely to have fabricated evidence," Greenberg's PML, Dkt. #353, at 4, but this alleged finding is nowhere in the court orders.  *See* R & R, Dkt. #208, Memorandum & Order, Dkt. #224, *filed* Sep. 28, 2011 ("Op.").  Actually, Judge Freeman found that, although Greenberg enjoyed the "opportunity to explore, in full, the discrepancy between the two versions [of the Elroy Memorandum]," Greenberg discovered no evidence contradicting either version of the memorandum.  R & R, Dkt. #208, at 35-36.  Moreover, Greenberg's theory that either version of the Elroy Memorandum might be inconsistent with notes of the meeting was "mere speculation."  *Id.* at 36.  Indeed, Judge Freeman noted that Greenberg could have taken steps if he "wished to discover the truth of what Berrouet actually said or believed."  *Id.* at 36.  (It seems likely that Greenberg did not take such steps because the actual truth of the supposed "fabrication" had

- 3 -

already been well confirmed.[1])  The Court rejected Greenberg's allegations of spoliation and fabrication, and Greenberg's motion for terminating sanctions was denied in full.  *Id.* at 37.

Koch's testifying expert, Michael Egan, never saw either version of the Elroy memorandum, Dep. Tr. of Egan at 268:6-269:5 (Exhibit 5, attached hereto), and did not base his opinion on it.  Nevertheless, Greenberg continues to raise the issue of an alleged fabrication in a hearsay memorandum that Egan did not see, that will not be evidence at trial, and, as Judge Freeman found, contains content that "is not dispositive of any issue in this case."  R & R, Dkt. #208, at 35.  Greenberg even claims that "the existence or nonexistence of magnums (1,500 [ml] bottles) of 1921 Chateau Petrus [is] a key issue in this case."  Greenberg's PML, Dkt. #353, at 4.  It is not.  Regardless of whether Petrus ever made magnums of its 1921 vintage, Egan was able to determine that the magnum at issue in this litigation is inauthentic.

Nevertheless, Greenberg has included both versions of the memorandum on his Trial Exhibit List, Joint Exhibit List, Nos. 1025, 1026, and Greenberg has designated 21 passages from Elroy's deposition transcript that concern the Elroy Memorandum and related issues.  Proposed Joint Pre-Trial Order, Ex. B at 3-5.  Koch anticipates that Greenberg will seek to introduce irrelevant and prejudicial evidence of Elroy's alleged fabrication or spoliation, or other irrelevant Elroy testimony.  The Court should preclude Greenberg from doing so.

---

[1] After drafting the memorandum, Elroy called Berrouet, Elroy Dep. at 73, and Elroy updated the list of reasons Berrouet had cited in support of his conclusion, adding that Berrouet had "never observed a 1921 Petrus magnum and never heard of such a bottle."  *See* Joint Exhibit List No. 1025.  A year later, Koch's counsel visited Chateau Petrus.  Her written memorandum of the visit, also produced in discovery, confirms Elroy's addition from his telephone call with Berrouet:  "The cellar-master . . . and Berrouet both said that . . . they had never heard of a 1921 Petrus magnum and do not believe Petrus bottled any magnums of 1921."  *See* KOCHGZ004299 (Exhibit 6, attached hereto).

Koch does not intend to call Elroy as a witness or to rely in any way on the Elroy Memorandum.

## III. ARGUMENT

### A. Elroy's Alleged Fabrication And Spoliation Is Irrelevant.

Evidence is relevant and admissible only if "it has any tendency to make . . . more or less probable" a "fact . . . of consequence in determining the action." Fed. R. Evid. 401. This action concerns Greenberg's sale of counterfeit wine, and his false, misleading public statements regarding that wine. The Elroy Memorandum sheds no light on either of Koch's claims and is not relevant.

Although Berrouet's opinion regarding the magnum of purported 1921 Chateau Petrus tends to prove that the magnum is counterfeit, a material fact,[2] the Elroy memorandum could not be admitted to establish Berrouet's opinion, as it reflects multiple levels of hearsay. *See* R & R, Dkt. #208, at 35; Fed. R. Evid. 801, 802, 805; *Rodriguez v. Modern Handling Equip., Inc.*, 604 F. Supp. 2d 612, 622 (S.D.N.Y. 2009) ("Double hearsay is not admissible unless each level of hearsay is covered by an exception to the hearsay rule.").

In her Report and Recommendation, Magistrate Judge Freeman suggested that, "[d]epending on how trial proceeds," the Elroy memorandum may be admissible to impeach Elroy or to impugn the reliability of Koch's investigation. R & R, Dkt. #208 at 36; *see* Op., Dkt. #224 (adopting the Report and Recommendation without addressing this language).

---

[2] However, as with each of the counterfeit wines at issue in this action, the inauthenticity of the magnum of purported 1921 Chateau Petrus is not seriously in dispute. Greenberg's own expert concedes that the magnum is not saleable. Dep. Tr. of Lempert-Schwarz, at 335:5-9 (Exhibit 7, attached hereto) ("This is not a bottle that you could readily put in the market without any further explanation.").

- 5 -

Neither of Magistrate Judge Freeman's conditional and hypothetical bases for admissibility applies. First, Greenberg has no cause to impeach Elroy's credibility. Elroy is not a percipient witness to any material fact in this case (other than the July 2006 phone conversation), and Koch will not call Elroy, rely on him, or present any of his testimony. Second, Greenberg has no cause to impugn the reliability of Koch's investigation, which is not at issue. At best, the Elroy Memorandum goes to whether the specific magnum of purported 1921 Chateau Petrus is counterfeit. But Koch will prove its inauthenticity through other means.

### B. Elroy's Designated Testimony Is Irrelevant.

For the same reasons, Elroy's designated deposition testimony should be excluded. Elroy has no personal knowledge of, and is therefore incompetent to testify as to, any consequential fact.[3] Each of the 21 passages of Elroy's deposition transcript designated by Greenberg concerns the Elroy Memorandum and surrounding or foundational circumstances. This designated testimony is irrelevant and should be excluded.

### C. Elroy's Alleged Fabrication And Spoliation Is Confusing, Wasteful, And Unfairly Prejudicial.

Evidence of the alleged fabrication should further be excluded on the basis that it is confusing, unfairly prejudicial, and a waste of time. Under Federal Rule of Evidence 403, evidence is inadmissible if the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

---

[3] There is one exception: Elroy has personal knowledge of Greenberg's admissions during the 2006 telephone call, which admissions tend to prove Greenberg's scienter and to disprove Greenberg's implausible defense that he cannot trace his wines. But Koch will not introduce Elroy's testimony, and Greenberg has not designated testimony regarding the 2006 telephone call.

undue delay, [or] waste of time." *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002); Fed. R. Evid. 403.

Elroy's credibility and the details of his after-the-fact 2006 investigation are in no way probative of Greenberg's 2004 and 2005 conduct. Meanwhile, the danger of confusion and waste of time are significant and substantial. In this two-week trial, delving into the minute distinctions between the "nearly identical" Elroy memoranda would prompt extended testimony from witnesses with no percipient knowledge of material facts or events, thus "pos[ing] the risk of turning the trial into a multi-ringed sideshow of mini-trials on collateral issues." *Park West Radiology*, 675 F. Supp. 2d at 325 (internal quotation marks and citation omitted). For example, Greenberg will introduce the Elroy Memorandum, requiring Koch to argue it is not relevant, explain that Elroy is a man of integrity, and defend his various efforts to investigate and uncover Greenberg's fraud. Berrouet himself has never been deposed, and the jury will wonder whether his views are consistent with those in the Elroy Memorandum. All for a document that has no bearing on any fact at issue. This sideshow would further require confusing instructions that ask the jury to ignore the Elroy Memorandum's hearsay content. Greenberg's own counsel has argued, in light of this trial's two week time limit, against litigating "extraneous matters" that require "ancillary testimony and other proofs." 11/14/2012 Telephonic Tr. at 5:10-21. The Court should exclude this confusing and wasteful distraction. *See United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006) (although witness's illegal behavior suggested incentive to lie, "mini-trial" on legality of witness's conduct "would have been a confusing distraction").

Introducing evidence of the alleged fabrication or spoliation would also cause Koch substantial unfair prejudice insofar as Greenberg intends to use the Elroy Memorandum to distract from his own wrongdoing and suggest Koch somehow engaged in misconduct. *See*

- 7 -

Case 1:07-cv-09600-JPO-DCF   Document 366   Filed 02/25/13   Page 9 of 9

*United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (evidence of alleged victim's criminal conviction was unfairly prejudicial under Fed. R. Evid. 403, where "[t]he conviction may . . . serve to distract the jury from the crime charged against [the defendant] and instead focus on whether [the victim] 'deserved' to be [victimized].").

Dated: Los Angeles, California
February 25, 2013

By: /s/ Bruce Wessel
John C. Hueston (admitted *pro hac vice*)
Bruce A. Wessel (admitted *pro hac vice*)
Marshall Camp (S.D.N.Y. admission pending)
Moez M. Kaba (S.D.N.Y. admission pending)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
(310) 277-1010

-and-

Edward M. Spiro
Adam L. Pollock
MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
(212) 856-9600

*Attorneys for Plaintiff*
WILLIAM I. KOCH

2777590   - 8 -   Plaintiff's Motion *in Limine* No. 8 of 10