UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILLIAM I. KOCH, an individual, | ) |
| Plaintiff, | ) Case No. 07 CIV 9600 (JPO) |
|  | ) ECF Case |
| v. | ) |
| ERIC GREENBERG, an individual, ZACHYS WINE & LIQUOR STORE, INC. a New York corporation, and ZACHYS WINE AUCTIONS, INC., a New York corporation, | ) |
| Defendants. | ) |

**DEFENDANT ERIC GREENBERG'S OPPOSITION TO
PLAINTIFF WILLIAM KOCH'S MOTION *IN LIMINE* NO. 3**

**MOTION TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING
DEFENDANT ERIC GREENBERG'S SETTLEMENT OFFERS**

ANTHONY P. COLES
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY  10020
anthony.coles@dlapiper.com
(212) 335-4500

ARTHUR J. SHARTSIS
TRACY L. SALISBURY
FRANK A. CIALONE
SHARTSIS FRIESE LLP
One Maritime Plaza, 18th Floor
San Francisco, CA  94111
ashartsis@sflaw.com
tsalisbury@sflaw.com
fcialone@sflaw.com
(415) 421-6500
    (*Admitted pro hac vice*)

Attorneys for Defendant
ERIC GREENBERG

I.    **PRELIMINARY STATEMENT**

Defendant Eric Greenberg ("Greenberg") opposes Plaintiff William Koch's ("Koch") Motion *In Limine* Number 3, to exclude what Koch's Motion describes as Greenberg's "offers to settle this action, including his offers to reimburse Koch for bottles in exchange for Koch's dismissal of the lawsuit." Dkt No. 361. Koch's description of Trial Exhibits 1036 and 1052, two letters sent by Greenberg offering full *refunds* to Koch, is a blatant misrepresentation of the contents of those letters and the context in which they were sent. ***Neither letter is an offer of settlement, and neither letter proposes payment "in exchange for Koch's dismissal of the lawsuit."*** To the contrary, Trial Exhibits 1036 and 1052 (the "Refund Letters") offer **unconditional refunds**, which Greenberg made because it was his contractual obligation in this commercial transaction to do so. The second letter unequivocally confirms the purpose and commercial context of the Refund Letters:

> Mr. Greenberg has twice previously offered - **in accordance with the terms of the auction catalog** - to reimburse Mr. Koch for all of the disputed wine that he purchased from Mr. Greenberg.

Dkt No. 361.2 [Trial Ex. 1052] (emphasis added).

The Refund Letters are not settlement offers. Rule 408(a) therefore does not prohibit their admission. Even if the Court finds that the Refund Letters are offers of settlement, they are admissible under the "another purpose" exception of Rule 408(b) and it would unfairly prejudice Greenberg if he were not allowed to present evidence that he complied with his contractual obligations and that his actions were commercially reasonable.[1]

II.    **BACKGROUND FACTS**

The first time Greenberg learned that Koch believed 11 bottles of wine he purchased in the December 2004 and October 2005 auctions were counterfeit was when he was served with a

---

[1] All references and citations herein to Rules are to the Federal Rules of Evidence.

copy of the Complaint in this case. Within a month of being served, on November 27, 2007, Greenberg sent the letter designated as Trial Exhibit 1036. Enclosed with that letter was a check in the amount of $272,555.72, for the "amount you [Koch] paid for the eleven bottles and appropriate interest and costs." Dkt. No. 361.3, Ex. 1 [Trial Ex. 1036]. Greenberg offered Koch a ***full, unconditional refund*** in compliance with his obligations under the auction contract, which provides:

> The Buyer's sole and exclusive remedy against Zachys Wine Auctions and the Consignor under this provision shall be the rescission of the sale and the refund of the original purchase price paid for the lot.

*See* Declaration of Felicia A. Draper in Support of Defendant's Oppositions to Plaintiff's Motions in Limine Nos. 1-10 ("Draper Decl."), Ex. D [Trial Exhibit 92 at 193] and *Id.*, Ex. E [Trial Exhibit 101 at ZACHYS000241]. Greenberg's ***offer was unconditional***. Nowhere in his letter to Koch does Greenberg request that Koch dismiss the lawsuit in exchange for depositing the enclosed check. The refund letter simply asks for the bottles of wine to be returned, consistent with a refund for purchased goods, so that he can donate them for use in a proposed "charity wine tasting." Dkt. No. 361, Ex. 1 [Trial Ex. 1036].

Three years later, on November 10, 2010, Koch amended his Complaint to add an additional 25 bottles of wine to the 11 he originally complained about. Within a few weeks, Greenberg again made Koch an offer of full refund, as the terms of the auction contracts required him to do. On November 29, 2010, Greenberg's counsel sent a letter to Koch's counsel enclosing a check for $688,238.47. Dkt. No. 361, Ex. 2 That letter begins:

> Mr. Greenberg has twice previously offered - ***in accordance with the terms of the auction catalog*** - to reimburse Mr. Koch for all of the disputed wine that he purchased from Mr. Greenberg.

*Id*. Again, Greenberg made the 2010 refund offer in compliance with his obligations under the auction contracts, and again ***his offer was not conditioned on Koch dismissing his lawsuit***.

Greenberg again asked only that the bottles of wine be returned. No dismissal, release, or any other term for Koch was requested in connection with the unequivocal refund offer.

## III. ARGUMENT

### A. The Refund Letters Are Not Offers Of Compromise, And Therefore Not Precluded By Rule 408(a).

Under Rule 408(a),

> [e]vidence of the following is not admissible -- on behalf of any party -- either to prove or disprove the validity or amount of a disputed claim…(1) *furnishing, promising, or offering … a valuable consideration in compromising or attempting to compromise the claim*.

(Emphasis added). An offer "to compromise the claim" must necessarily be an offer where one party makes an offer to the other, conditioned on the other party's agreement to end the litigation. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2d Cir. 1997) (offer not made to compromise the claim put offer outside the scope of Rule 408); *Thomas v. Resort Health Related Facility*, 539 F. Supp. 630, 637 (E.D.N.Y. 1982) (offer to reinstate dismissed employee without prejudice to employee's claim was not made to compromise the claim, putting such evidence outside the scope of Rule 408); and *Mullins v. U.S. Bank, N.A.*, 2007 U.S. Dist. LEXIS 51654, at **25-26 (S.D. Ohio 2007) ("offer … in no way suggested that it was subject to Plaintiff abandoning her legal claims. Thus, the offer cannot be considered an offer of settlement or compromise.").

Despite Koch's characterization of the Refund Letters as "settlement offers" that "explicitly offered money in exchange for Koch's dismissal of his lawsuit," they are no such "explicit" offers. *See* Dkt. No. 361 at 2-3. **Nowhere in the letters does Greenberg or his counsel offer the full refunds to Koch on the condition that Koch dismiss his claims.** To the contrary, the Refund Letters are simply offers to Koch to fully refund the purchase price of the bottles of wine he alleged were counterfeit, with a request that Koch return the wines.

- 3 -

Greenberg offered these unconditional refunds because it was his contractual obligation in this commercial transaction to do so.  The bottles of wine were sold by Zachys "AS-IS," with Koch having a right to refund under certain circumstances.  *See* Draper Decl., Ex. D [Trial Ex. 92 at 192-193] and *id.,* Ex. E [Trial Exhibit 101 at ZACHYS000240-41] ("The Buyer's sole and exclusive remedy … shall be the rescission of the sale and the refund of the … purchase price…").  Accordingly, and as the first sentence of the November 29, 2010 letter confirms, those refunds were offered "in accordance with the terms of the auction catalog."  Dkt. No. 361, Ex. 2 [Trial Ex. 1052].  Greenberg did not request a release, a dismissal of Koch's claims, or any other condition in exchange for cashing the enclosed checks.

In fact, even if Koch had accepted Greenberg's refund, he could have, as Koch himself argues, continued to pursue "the damages and remedies … beyond the amount tendered."  *See* Dkt. No. 361.3. Nothing in the Refund Letters conditioned Koch's acceptance of the refund on his abandonment of those claims.  The record shows numerous examples of claims that Koch could have continued to pursue, even if he had accepted the refund offers.  For example, the damages that Koch seeks in this case include the money he alleges he paid to Brian Orcutt, his auction representative, to purchase the wines.  Greenberg did not offer to pay that money to Koch, and did not ask or require that Koch dismiss his claim for that money from the case.  Similarly, Koch claims that he is entitled to recover his costs in determining that the wines were counterfeit, including costs that he incurred before he filed his Complaint and before Greenberg offered to refund the purchase price of the wines.  Again, Greenberg's offers did not require Koch to abandon that claim as a condition of accepting the offers (though Greenberg contends these "damages" are unrecoverable as a matter of law).  Koch also seeks other forms of relief,

including injunctive relief, that Greenberg did not require him to abandon as a condition of accepting the refund offers.

That the offers made in the Refund Letters were made after this litigation commenced is not evidence that they were settlement offers.[2]  Greenberg did not learn that Koch believed 11 of the bottles to be counterfeit until he was served with the Complaint in this litigation.  He did not learn of the additional 25 bottles Koch believed to be counterfeit until Koch sought to amend his complaint three years later.  Under these circumstances, Greenberg's only opportunity for offering a refund to Koch, as the auction contract required him to do, was during the litigation.

The offers of refund were not conditioned on dismissal of Koch's claims, were made in the context of the commercial transaction in which the parties had engaged, and were made pursuant to Greenberg's obligations under the auction contracts.  They are not the sort of compromise offers contemplated by Rule 408(a) and are therefore not made inadmissible by that Rule.

### B. The Refund Letters Are Admissible To Prove Koch's Failure To Mitigate Damages.

Because they are not offers of settlement, the Refund Letters are admissible to prove Koch's failure to mitigate damages.  The Second Circuit in *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820 (2d Cir. 1992) only prohibits the use of **settlement offers** for the purpose of showing a failure to mitigate damages.  "Evidence that demonstrates a failure to mitigate damages goes to the 'amount' of the claim and thus, ***if the offer was made in the course of compromise negotiations***, it is barred under the plain language of Rule 408." *Id*. at 826-27 (emphasis added).

---

[2] The Refund Letters are actually evidence of Greenberg's second and third offers of refund to Koch.  Greenberg made his first refund offer, which is mentioned in both of the Refund Letters, shortly after Koch complained to Zachys that he believed one of the bottles he purchased, a 1928 Chateau Latour, was counterfeit.  This first refund offer was made before the litigation commenced.

Since they are not subject to exclusion as settlement offers under Rule 408(a), *Pierce* does not preclude the use of the Refund Letters to argue Koch's failure to mitigate.

### C. The Refund Letters Are Admissible Pursuant To Rule 408(b).

Even if the Court finds that the Refund Letters were offers of settlement, they are admissible "for another purpose" under Rule 408(b). The Refund Letters are necessary in order for Greenberg to establish the facts of his course of conduct after Koch complained about certain wines he purchased in the auctions. Specifically, Greenberg must prove that he complied with his obligations under the auction contracts by which Koch was bound; in other words, that Greenberg did not engage in a deceptive practice in violation of New York General Business Law sections 349 and 350 and that his conduct was commercially reasonable.

According to the terms of the auction contracts, Greenberg was required to offer to refund to Koch the purchase price paid on any bottles Koch purchased and then complained about. Thus, in order to prove he complied with those terms, and thus that his conduct was commercially reasonable, Greenberg must prove he offered Koch such a refund.[3] Had Greenberg *not* made an offer of refund, Koch certainly would use that evidence against Greenberg to show that his conduct was *not* commercially reasonable. To preclude Greenberg from being able to show affirmatively his compliance with this requirement or offer evidence that his conduct was commercially reasonable, would unfairly prejudice Greenberg.

Regardless of his contractual obligations, Greenberg's prompt offers of refunds are relevant to his practices with consumers. Greenberg will be unfairly prejudiced if he is not able to present to the jury the entire consumer transaction, which includes the offers of refund on

---

[3] Even if the Court precludes Greenberg from offering the Refund Letters into evidence, Greenberg should be entitled to testify that he offered a full refund to Koch that did not require Koch to dismiss any of his claims, and that Koch declined to accept that refund. Greenberg should also be allowed to question Koch about the refund offers, and to use the Refund Letters to impeach Koch if Koch claims that the offers required him to dismiss his claims.

disputed goods. Here, with an AS-IS contract and a right for the consumer to inspect the goods before purchase, Greenberg still offered a full refund.

### D. Exclusion Of The Refund Letters Is Premature At This Time.

Although Greenberg describes *supra* in Section III.C. how he, at this time, anticipates using the Refund Letters, his needs may change during trial depending on how the evidence and testimony develops. It is therefore premature to determine whether there may be "another purpose" under Rule 408(b) for which this evidence would be admissible. *See Zimmcor (1993) v. Permasteelisa N. Am. Corp.*, 2012 U.S. Dist. LEXIS 58553, at *13 (N.D.N.Y. Apr. 26, 2012) (denying motion *in limine* to exclude offer to compromise under Rule 408 as "premature" because evidence might be used for "another purpose"). Thus, if the Court determines that the Refund Letters are offers of settlement inadmissible for the purposes described in 408(a), Greenberg respectfully requests that the Court refrain from ruling now that the Refund Letters are inadmissible under any circumstances, and instead address this issue as it may arise during trial.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Koch's Motion *In Limine* to exclude Trial Exhibits 1036 and 1052.

| | |
|---|---|
| Dated: San Francisco, CA<br>March 4, 2013 | Respectfully submitted,<br><br>By:<u>*/s/ Frank A. Cialone*</u><br>ARTHUR J. SHARTSIS<br>TRACY SALISBURY<br>FRANK A. CIALONE<br>SHARTSIS FRIESE LLP<br>One Maritime Plaza, 18th Floor<br>San Francisco, CA  94111<br>ashartsis@sflaw.com<br>tsalisbury@sflaw.com<br>fcialone@sflaw.com<br>(415) 421-6500<br><br>ANTHONY P. COLES<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, NY  10020-1104<br>anthony.coles@dlapiper.com<br>(212) 335-4500 |

1880749.3

- 8 -